1  Thomas F. West and
2  Diana M. West
   5620 Scenic Pointe Avenue
3  Las Vegas, NV 89130
   Telephone (702)656-3081
4  Facsimile (702)
   Plaintiffs in Proper Person

5

6

7                     UNITED STATES DISTRICT COURT
8                          District of Nevada

9  THOMAS F. WEST and                    )
10 DIANA M. WEST                         )   Case No.: 2:10-cv-01966-JCM-PAL
                                         )
11          Plaintiffs                   )        AMENDED COMPLAINT
                                         )   Pursuant to Fed R. Civ P. 15(a) 1(b)
12          vs.                          )
                                         )   1.  DECLARATORY RELIEF;
13 BANK OF AMERICA HOME LOANS  and       )   2.  QUIET TITLE;
                                         )   3.  MONEY DAMAGES FOR
14 BANK OF AMERICA N.A. and              )       FRAUDULENT ATTEMPT
                                         )       TO COLLECT
15 BAC HOME LOANS SERVICING, LP and      )
                                         )   DEMAND FOR JURY TRIAL PURSUANT
16 MERS (Mortgage Electronic Registration)   TO RULE 38, FED.R.CIV.PRO. AS TO ALL
                                         )   ISSUES SO TRIABLE
17 Systems)                              )
                                         )
18          Defendants                   )
                                         )
19                                       )
                                         )
20 _____

21      PLAINTIFFS, Thomas F. West and Diana M. West, In Proper Person, hereby file this

22 Amended Complaint pursuant to Fed. R. Civ. P. 15(a) 1(b) against Bank of America Home

23 Loans, Bank of America N.A., BAC Home Loans Servicing, LP, and MERS (Mortgage

24 Electronic Registration Systems) Defendants, regarding Account Number 23406067-1 on Real

25 Property located at 5620 Scenic Pointe Avenue, Las Vegas, Nevada 89130.

26      Plaintiffs allege as follows:

27                            THIS ACTION

28      The Plaintiffs bringing this action seek to prevent the collection of an improper debt

                                     1

by false pretenses. Initially, a bank loaned money to the family to buy the family home, but later was paid in full when it sold the loan involved to others. This bank is now owed nothing because they have been paid in full, yet nonetheless, the bank claims that it is still owed money and is using this false claim to attempt to force the family to continue paying on the debt which the bank has sold to others and thus has no right to collect. The family is thus forced to bring this action in order to 1) prevent double paying this bank on the debt and/or 2) pay the wrong party, and/or 3) prevent the possible wrongful taking of the family home by a bank no longer having a right to foreclose on it.

PARTIES, JURISDICTION, AND VENUE

1.      Plaintiffs Thomas F. West and Diana M. West are citizens of the State of Nevada, residing in Las Vegas, within this District.

2.      Defendant Bank of America Home Loans is wholly-owned by Bank of America, N.A. Bank of America's principal office is in North Carolina for purposes of diversity.

3.      Defendant BAC Home Loans Servicing, LP is a Texas limited partnership wholly-owned by Bank of America, N.A.  Bank of America's principal office is in North Carolina for purposes of diversity jurisdiction.

4.      Defendant Bank of America, N.A. incorporated under the laws of the state of Delaware and has its principle place of business in North Carolina.

5.      Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC (hereafter "MERS") is a Delaware corporation with its principle place of business in Virginia.

5.      The amount in controversy exceeds $75,000.00 exclusive of interest and costs and this action seeks declaratory relief. Accordingly this Court has jurisdiction over this action

pursuant to 28 USC §1332(a)(2), diversity of citizenship, and pursuant to 28 USC §2201, conferring jurisdiction to grant declaratory relief).

6.     Venue is proper within this District pursuant to 28 U.S.C. §1391 because the real property that is the subject of this action is situated in this district.

## FACTS

There exists a certain investment entity registered as a Mortgage Backed Security Debt Pool, which is hereinafter referred to as the "Debt Pool." This Debt Pool accepts large investments of cash which cash investments are to be used by the operator of the Debt Pool to look for and purchase debts, or, alternatively, are advanced to lenders, usually banks, for the purpose of making loans that are then transferred to the Debt Pool in the manner described herein. The debts involved were secured at origination, and this security took the form of a Deed of Trust which allowed the owner of the debt to take over and sell the property securing the debt if the borrower did not pay the owner of the debt as agreed. The debts purchased by this Debt Pool are installment debts, that is, debts which are to be repaid, with interest, over a term of years by installment payments, usually paid monthly. Under the tax laws, such installment debt purchased by these Debt Pools enjoys a tax advantage, namely, the installment payments made by the debtor on that debt to the Debt Pool after it is purchased by the Debt Pool are not taxed. To qualify for this tax exemption, however, the Debt Pool must purchase the debt outright and the prior owner of the debt, who sold it to the Debt Pool, must relinquish all right and title to the debt, and all interest it had in it. The overwhelming majority of the debt purchased by this Debt Pool is the debt owned by the debtors on their homes or other real property belonging to them, which debts are secured by a Mortgage/Deed of Trust on that home or property.

Once the installment debt referred to above is owned by the Debt Pool, it issues

3

certificates or bonds, called "Mortgage Backed Securities" or "MBS's" to the investors who invested the money used to make these installment debt purchases. These MBS's entitle the owners to receive dividends from the Debt Pool which are paid by the Debt Pool to the investors from the installment payments made to the Debt Pool on the installment debt it has purchased. These MBS's also entitle the owners of them to enforce the security agreements (Mortgages/Deeds of Trust) securing the indebtedness owned by the Debt Pool as those security agreements, by operation of law, follow the debt they secure into the Debt Pool and are then owned by the MBS owners because they are the beneficial owners of all the assets in the Debt Pool.

The Debt Pool also insures its assets, the installment debts, against the risk that the installments will not be paid. When such non-payment occurs, the Debt Pool operator, or someone acting on its behalf, declares the debt involved in default, and obtains reimbursement for the defaulted debt from the insurance carrier which issued the insurance against that default. When insurance payments are made, the carrier has rights in the debt involved by subrogation.

### The Debt Involved in this Case

Plaintiffs are the owners of real property located at 5620 Scenic Pointe Avenue, Las Vegas, Nevada within this district (hereinafter "the Property"). The Plaintiff lives in the Property which they make as the home for their family.

On or about April 4, 2003, unknown persons, who are investors in the Debt Pool described above, advanced money from that Debt Pool to original lender, which in turn lent that money, approximately $123,900.00, to the Plaintiffs, who, in exchange, executed a Promissory Note in the amount of $123,900.00 (hereinafter the "Note"), in favor of original lender, Quicken Loans Inc.. Plaintiff also executed a Deed of Trust to secure repayment of the debt covered by

4

the Note (hereinafter the "Subject Deed of Trust."), and made MERS the beneficiary under this "Subject Deed of Trust."

Said Trust Deed names as beneficiary thereof defendant MERS acting solely as nominee for Lender and Lender's successors and assigns, and the successors and assigns of MERS.

MERS is a private corporation that administers the MERS system, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS system, MERS purports to become the mortgagee of record for participating members through assignment of the members interests to MERS.  MERS is listed as the grantee in the official records maintained at county recorders offices.  The lenders initially retain the promissory notes as well as the servicing rights to the mortgages.   The lenders can then sell these interests to investors.

The first position Trust Deed recites that the Beneficiary of this security instrument is defendant MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS and

**"Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of these interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, releasing and canceling this Deed of Trust."**

Bank of America Home Loans, now claims to own the Note, the indebtedness created thereby, and the rights as beneficiary under the Subject Deed of Trust

Upon information and belief, either Quicken Loans, Inc. or Bank of America Home Loans, as its successor, sold or assigned the debt referred to above into the Debt Pool referred

to above and was, as of the date of that sale, fully paid all amounts owed to it under the Note evidencing that debt. The Subject Deed of Trust followed the debt into the Debt Pool by operation of law. The debt and the Subject Deed of Trust securing it were pooled with other such debts collectively and form the basis of the MBS's issued by the Debt Pool in the manner described above. Consequently, current lender no longer owns the debt nor retains any interest in the Subject Deed of Trust nor any of the rights under either.

These MSB's were issued to person or persons unknown who now own all right and title to, and interest in the Plaintiff's indebtedness and the Subject Deed of Trust.

As a result of the transfer of the debt to the Debt Pool and the subsequent issuance of the MBS's in the manner described above, neither Quicken Loans, Inc., nor Bank of America Home Loans, as its successor, are the present owners of the Plaintiffs debt evidenced by the Note and have no right to be paid on said Note. They have already been paid in full, because either Quicken Loans, Inc., or Bank of America Home Loans after it became the successor in interest, sold the debt in full.

Because they are not the owners of the debt and have no interest in it, they are not the holders of the Note under Nevada law and, if they or either of them possess the Note, they are a mere custodian of it with no right to enforce it or the Subject Deed of Trust. Plaintiffs, do not know the present owners of the debt evidenced by the Note, or the obligees thereon, which unknown party or parties is or are also the owners of the Secured Deed of Trust.

Indeed, there is a substantial possibility that the owner of the debt and thus the obligee will be fully repaid on this Note if it is deemed to be in default, and may well be paid by the default insurance referred to above. Such payment would operate to divest the owner or obligee of any right to the indebtedness and the Secured Deed of Trust and transfer all such

rights by subrogation to the insurance company paying on the default.

Whoever does now have the rights involved, Bank of America Home Loans, as its successor, have any right to the debt involved nor any right to enforce the Subject Deed of Trust. They previously sold all those rights, know they have done so, and thus know that they have no further rights on the indebtedness and the Subject Deed of Trust. Despite this, they are at present attempting to collect on an alledged debt on the Property using the Note and the Subject Deed of Trust they previously sold as their purported basis for doing so.

Through the conduct described above, Bank of America Home Loans attempted to collect on a debt it no longer owns.

Neither the investors in the mortgage backed securities nor any other entity or person who may now have a right to payment from the Plaintiffs or who is a lawful beneficiary under the Subject Deed of Trust ever declared a default of the Note, no true beneficiary with a beneficial interest under the Subject Deed of Trust has ever declared a default under the Note and Subject Deed of Trust, and no proper beneficiary under the Subject Deed of Trust ever directed a sale of the property owned by Plaintiffs.

The Plaintiffs, knowing that their debt and the Secured deed of Trust have been sold, have requested from defendant Bank of America Home Loans that it disclose the identity of the person or persons now owning the right to the LOUDER indebtedness and the Secured Deed of Trust, but the defendant Bank of America Home Loans has not answered this request.

## The Evidence

On or about July 2, 2010, July 12, 2010, and July 15, 2010, Defendants Bank of America Home Loans and BAC Home Loan Servicing LP received from Plaintiffs an "acceptance of offer/claim upon presentment of original note" tendering full settlement in legal tender funds held in escrow for Account # 23406067-1 (the "Loan") in the amount of

$111,278.23 (with fees and costs), including notice of their appointment as fiduciaries (being holders in due course) for the settlement of the Loan. Defendants Bank of America Home Loans and BAC Home Loan Servicing LP were given instructions to pick up funds held by the escrow agent in exchange for the original, unaltered, (wet ink signature) note. The Defendants were given notice and opportunity to settle the account, and then remained silent, declined to withdraw and thereby agreed to be bound by the terms of the Contract. Under U.C.C. 3-603 refusal of tender of payment is full settlement.

On August 6, 2010, Plaintiffs executed and served upon Defendants Bank of America and BAC Home Loans Servicing via Certified Mail #7010-0780-0002-2809-7450, and #7010-0780-0002-2809-7467 an Affidavit – Commercial Oath and Verification. In addition, a Notice of Right to Cancel-TILA - Final Notice of Default was served upon Defendants Bank of America and MERS via Certified Mail # 7010-0780-0002-2809-7511 and #7010-0780-0002-2809-7504 regarding the Loan, thereby rescinding said purported mortgage for good cause, including failure of consideration; refusal of settlement, failure to provide full disclosure; failure to provide an opportunity to cancel as required by TILA, and due to the fact that *ab initio* no contract was ever formed (fraud in the inducement). Under the terms of the Plaintiffs' Contract, Defendants had a duty to properly respond within 20 days. The Defendants' default, failure and non-compliance to perform under the Contract constituted the Notice of Right to Cancel as valid and fully agreed/accepted pursuant to the terms and conditions set forth therein and throughout. Therefore, Defendants waived their rights after the 20 days they were given to respond under the terms of the rescission and self-executing agreement and are fully bound by the terms of the aforesaid Rescission: *U.S. v. Tweel, 550 F. 2d.297.* "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading."

The aforesaid Loan is a Counterfeit Security in that the Defendants deceived and defrauded the Plaintiffs, and thereafter admitted to said fraud by virtue of the fact that on three separate occasions, they had notice and opportunity to settle the account (in exchange for the original wet-ink signature note) provided by Plaintiffs, but refused to do so. The Defendants had a duty, as appointed fiduciaries, to acknowledge receipt of payment and to settle the Loan,

instead remained silent, and refused settlement, thereby admitting that Defendants do not possess the original note, and are not "holders in due course" of the note and the deed of trust. Furthermore, as no explicit denial was received, Defendants admit that the original promissory note was illegally converted (from a note to a draft and security) and sold by them to raise the funds to conduct their business with Plaintiffs, and subsequently sold to other buyers of notes an undisclosed number of times, at a discount.   There is no evidence to disprove Plaintiffs' signature on the note, has generated several times the original face amount of the note, and none of these funds have been credited to Plaintiffs or the alleged Loan account, which was never disclosed to Plaintiffs and is fraud in the inducement.

### First Cause of Action:  Declaratory Judgment

An actual controversy exists between Plaintiffs and Defendants regarding whether B Bank of America Home Loans has any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.   The Defendants claim to have ownership of the debt and/or the right to enforce the Secured Deed of Trust and has given Plaintiffs notice of their intent to do so. Conversely, for the reasons described above, Plaintiffs contend that defendants Bank of America Home Loans and BAC Home Loans Servicing LP has no further right whatever in the indebtedness and no right to enforce the Secured Deed of Trust because it has been paid in full and those rights have therefore all passed to some other party unknown to Plaintiffs and undisclosed by Bank of America Home Loans.

This Court should, pursuant to 28 USC §2201, by a declaratory judgment, declare the rights of the parties to this controversy. The Court should appropriately advance this matter on the calendar as provided by Rule 57, Fed. R. Civ. Pro.

In the circumstances stated in this Complaint this Court should declare that Defendants Bank of America Home Loans and BAC Home Loans Servicing, LP has no interest in the Plaintiffs indebtedness nor any rights under the Subject Deed of Trust and has no lawful authority to collect on the alledged debt on the Property, and more specifically, that Bank of

America Home Loans and BAC Home Loans Servicing, LP:

        a.    lacks authority to declare a default or otherwise pursue collection of the debt evidenced by the Note;

        b.    lacks authority to sell the property specified in the Subject Deed of Trust;

        c.    could not, if any trustee sale were allowed in these circumstances, give trustee's deed which would be free and clear of the debts evidenced by the Note; and

        d.    could not give an enforceable release of the Subject Deed of Trust.

<strong>Second Cause of Action: Quiet Title</strong>

The sale by Bank of America Home Loans of the debt extinguished any right and title it had to the Property and any interest it had in the Subject Deed of Trust. Yet Bank of America Home Loans still claims to have rights under said Subject Deed of Trust which are a cloud on the title to the Property, unfairly and unlawfully restraining the alienability of the Property by Plaintiffs in a way which has damaged and continues to damage them.

This Court should enter its Order herein forthwith quieting title to the subject property in Plaintiffs and against Bank of America Home Loans freeing title to the Property of the lien and encumbrance created and maintained improperly by Bank of America Home Loans and its false assertion to post sale rights in the Property and in the Subject Deed of Trust.

**Third Cause Of Action: Accounting**

Plaintiffs seek a full accounting for the transfers of their promissory note and the securitization of their promissory note.

### Fourth Cause Of Action: Refund, Fees And Costs

The Trust Deed has been unenforceable by defendants from the first transfer of the debt as set out hereinabove.

Defendant Bank's pretense of authority to foreclose, or attempt to foreclose, under the Trust Deed would be fraudulent.

Defendant Bank's assertions to the Court herein that they hold and are entitled to enforce the debt would constitute a fraud upon the Court, subjecting defendants to sanctions and imposition of fees and costs under Rule 11, F.R.C.P.

The Court should enter its Order herein forthwith to defendants, jointly and severally, to pay to Plaintiffs its fees and costs, together with reasonable attorney's fees, to be shown by affidavit, and to reimburse to Plaintiffs its fees, charges, principal and interest paid fraudulently under the debt and Trust Deed.

**WHEREFORE**, Plaintiffs pray that the Court enter its Order herein:

1.      Enjoining further dispositions of the subject realty pending resolution hereof.

2.      Declaring that Defendants lack any interest in the subject property which might permit them to foreclose, or attempt to foreclose, the Trust Deed and/or to sell the subject property;

3.      Terminating all present collection activities upon any security in the subject property and enjoining any further such collection actions not originated by the owners of the debt.

4.      Declaring that the Trust Deed is not a lien against the subject property, ordering the immediate release of the Trust Deed of record, and quieting title to the subject property in Plaintiffs and against Defendants and all claiming by, through, or under them;

5.      Refunding Plaintiffs from Defendants, jointly and severally, all fees and charges, principal and interest paid under the Trust Deed, and awarding Plaintiffs its cost of the action, including reasonable attorney's fees; and

6.      For such other and further relief as the Court deems just in the premises.

Dated this _22_ day of November, 2010.

Thomas F. West
Plaintiff
In Proper Person

Diana M. West
Plaintiff
In Proper Person