ARIEL E. STERN
Nevada Bar No. 8276
CHRISTINE M. PARVAN
Nevada Bar No. 10711
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
Telephone:     (702) 634-5000
Facsimile:     (702) 380-8572

*Attorneys for Defendants*
*BAC Home Loans Servicing, LP,*
*Bank of America, N.A., and MERS*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS F. WEST and DIANA M. WEST,<br><br>     Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA HOME LOANS, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP and MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS),<br><br>     Defendant. | Case No.: 2:10-cv-01966-JCM-PAL<br><br>**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

   Defendants BAC Home Loans Servicing, LP (also improperly sued as "Bank of America Home Loans") ("BAC"), Bank of America, N.A. ("BOA N.A."), ReconTrust Company, N.A. ("ReconTrust") (collectively "BOA Defendants"), and Mortgage Electronic Registration Systems ("MERS") (collectively "Defendants"), hereby oppose the Motion for Summary Judgment filed by Plaintiffs Thomas and Diana West ("Plaintiffs"). This opposition is based on the papers and pleadings on file herein, the accompanying memorandum of points and authorities, and any argument that the court may entertain at the hearing of Plaintiffs' motion.

/ / /

/ / /

/ / /

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff borrowers defaulted on their loan, yet seek through litigation to avoid their payment obligations.  Plaintiffs breached their promise to repay the money they borrowed.  Plaintiffs allege that Defendants were "paid in full when [they] sold the loan involved to others…[and are] owed nothing because they have been paid in full…"  *See* Amended Complaint at 1:28-2:2.     Despite Plaintiffs' allegations that Defendants were "paid in full when [they] sold the loan…," they also curiously allege that Defendants failed to accept their "tender" of payment in full for the loan, and that this failure to accept constituted Defendants' agreement to Plaintiffs' purported cancellation of the loan.  *See* Amend. Compl. at 7:27-8:7.  Plaintiffs contend that they tendered payment for a residential mortgage loan in full through a written "Notice of Fault" and related documents allegedly delivered to Defendants.  This contention is false.  Plaintiffs have not delivered an original, valid payment instrument to Defendants.  The Notice of Fault and related documents at issue in this case are fraudulent documents without any legal validity.

### II.

### BACKGROUND FACTS

On April 4, 2003, Quicken Loans Inc. ("Quicken") loaned Plaintiffs $123,900.00 ("the loan") to purchase the property located at 5620 Scenic Pointe Avenue, Las Vegas, Nevada 89130, Parcel #125-25-414-006 ("the property").  On April 10, 2003, the loan was secured by a deed of trust on the property recorded in the Clark County Recorder's Office.  Mortgage Electronic Registration Systems, Inc. ("MERS") acted as nominee for Quicken and was the nominal beneficiary under the deed of trust.  Orange Coast Title Company was the trustee.[1]  BAC services the loan (Account Number 23406067-1).  Plaintiffs do not allege that they are current on their loan payments.  Despite Plaintiffs' default, BAC has not yet begun foreclosure proceedings.  Plaintiffs allege they paid off the loan in full by tendering copies of documents, without any actual payment, to Defendants.

---

[1]  It appears that Plaintiffs subsequently entered into at least two (2) additional loan agreements, secured by additional deeds of trust, which are not at issue.

1   Amend. Compl. at 7:27-8:7.  The series of documents at issue in this case are fraudulent documents

2   without any legal validity.   Plaintiffs' alleged "tender" of payment is not merely insufficient, but

3   nonexistent.

4         Plaintiffs' motion for summary judgment should be denied because Plaintiffs have failed to

5   include any relevant facts or supporting evidence, and only rely on conclusory allegations

6   regurgitated from their previously-filed pleadings.

7   **III.**

8   **LEGAL ARGUMENT**

9   **A.**    <u>**Applicable Standard**</u>

10         Summary judgment is appropriate only when "the pleadings, depositions, answers to

11   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

12   genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

13   of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together

14   with all inferences that can reasonably be drawn there from, must be read in the light most favorable

15   to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

16   587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).  The

17   moving party bears the burden of demonstrating the absence of a genuine issue of material fact and

18   the material lodged by the moving party must be viewed in the light most favorable to the

19   nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "'[A] material issue of

20   fact is one that affects the outcome of the litigation and requires a trial to resolve the differing

21   versions of the truth.'" *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1483 (9th Cir. 1986)

22   (*quoting Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1306 (9th Cir. 1982)).  On those

23   issues for which it bears the burden of proof, the moving party must make a showing that is

24   "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving

25   party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v.*

26   *Dreamworks, Inc.*, 162 F. Supp. 3d 1129, 1141 (C.D. Cal. 2001).  "A mere scintilla of evidence will

27   not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably

28

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

susceptible; it may not resort to speculation." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978); see also *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) ("[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free... to grant summary judgment."). The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**B.    Plaintiffs Fail to Establish Any Facts in Support of Summary Judgment**

Plaintiffs' Motion is merely a recitation of conclusory allegations and citations to irrelevant and disimilar cases contained in their previous filings (*see e.g.* Amended Complaint and Plaintiffs' Opposition to Defendants' Motion to Dismiss). Plaintiffs have failed to include a single fact in support of their Motion for Summary Judgment, thereby precluding entry of same in their favor. Summary judgment is appropriate only when the facts are developed and not in dispute. Merely alleging vague conclusions, i.e. that "[d]efendants cannot show ownership of the alleged Mortgage Loan" (Motion, 1:20-22) without absolutely any factual or other evidence in support of this claim, does not meet the standard required to grant a Motion for Summary Judgment. Plaintiffs have not included any facts and evidence to show that they are entitled to judgment as a matter of law; in fact, they have not included any facts or evidence <u>at all</u>.

Further, even if this Court were to take all of Plaintiffs' allegations as true, the Complaint still fails as a matter of law for the reasons stated in Defendants' pending Motion to Dismiss, which are briefly summarized below.

**C.    Plaintiffs' Securitization Argument is Meritless**

Plaintiffs claim that Defendants "are not the owners and holders in due course of the Mortgage in question …[t]hrough securitization of this loan which is an illegal action by the bank to alter accounting as well as deriving income from numerous sales..." Motion at 1:23-25. Plaintiffs' claims have been consistently rejected by courts. Securitization of a loan does not diminish the

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

underlying power of sale that can be exercised upon the trustor's breach. *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D.Cal. 2009) (argument that power of sale is lost upon sale to a loan pool is "unsupported and incorrect"); *Benham v. Aurora Loan Services LLC*, No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D.Cal. Sept. 1, 2009) (same); *see also Ritter v. Countrywide Home Loans, Inc.*, No. 2:10-cv-624, 2010 WL 2342535, at *1-2 (D.Nev. June 4, 2010) (argument that plaintiffs did not know owner of loan due to securitization did not entitle plaintiffs to a temporary restraining order).

Plaintiffs' theory that securitization of his loan provides a basis for a claim invalidating the loan or Defendants' rights to service the loan remains meritless and should be rejected.

**D.    Plaintiffs Have Failed to Establish Any Fraud by Defendants**

Plaintiffs claim that "[d]efendant Bank's pretense of authority to continue collection of the mortgage payments, to foreclose, or attempt to foreclose, under the Trust Deed would be fraudulent." Motion at 2:27-28. Plaintiffs fail to cite any facts or evidence in support of their claim that Defendants' actions constitute fraud. As discussed in Defendants' Motion to Dismiss, Plaintiffs' claim appears to be partially based on the contention that Defendants wrongfully induced them to enter into an agreement for the loan(s). Amend. Compl. at 8:13-14. However, Plaintiffs do not allege any facts stating that any individual Defendant owed them a duty to make disclosures to them about their loan and the risks of the lending transaction their entered. Nor could they. Defendants were not involved in the origination of the loan.[2]

In addition, Plaintiffs cannot prevail on a fraud theory because they ratified the loan contracts by their conduct. "Generally, contract ratification is the adoption of a previously formed contract, notwithstanding a quality that rendered it relatively void and by the very act of ratification the party affirming becomes bound by it and entitled to all proper benefits from it." *Merill v. Demott*, 113

---

[2] As discussed in Defendants' Motion to Dismiss, even if any defendant was the originating lender, which they are clearly not, it is settled law in Nevada (and elsewhere) that a lender owes no fiduciary duty to advise the borrower about the propriety of the loan. *See, e.g., Reed v. Countrywide Bank, FSB*, Case No. 2:09-cv-00319, slip op. at 5-6 (D. Nev. Mar. 23, 2009) (mortgage lender owes no fiduciary duty to borrower, and no "exceptional circumstances" exist in such a situation to give rise to a "special relationship"); *Hoskins v. Countrywide Home Loans*, Case No. 2:09-cv-00166, slip op. at 2 (D. Nev. Mar. 18, 2009); *Yerrington Ford, Inc., v. GMAC*, 359 F. Supp. 2d 1075, 1089 (D. Nev. 2004), *overruled on other grounds by Giles v. GMAC*, 494 F.3d 865 (9th Cir. 2007). Defendants did not have any relationship with Plaintiffs before the loan closed.

1   Nev. 1390, 1396, 951 P.2d 1040 (1997) (quoting *Shagun v. Scott Mfg. Co.*, 162 F. 209, 219 (8th Cir.

2   1908)).

3        Plaintiffs have failed to establish any facts or evidence in order to meet the burden required

4   to grant their Motion for Summary Judgment.   Simply alleging generic "fraud," without any

5   evidence in support of same, falls far short of the standard requiring that they establish that no

6   genuine issue of material facts exists.

7   **E.**   **Moving Defendants' Need Not Produce the Original Note**

8        **1.**   ***Plaintiffs' "Securitization" Argument is Meritless***

9        As discussed above, Plaintiffs' claim that Defendants have been paid in full for the note

10  because the note was "sold" has been consistently rejected.   Securitization of a loan does not

11  diminish the underlying power of sale that can be exercised upon the trustor's breach.   *See Hafiz*

12  (N.D.Cal. 2009).   Plaintiffs' claim should be rejected.

13       **2.**   ***Moving Defendants Have No Duty To Produce The Original Note***

14  Plaintiffs assert that Defendants have no claim to the payments due on the loan because they failed

15  to produce the original note.   *See* Amend. Compl. at 8:3-5.   As "support" Plaintiffs assert that "many

16  cases before Supreme Courts [sic] of the United States...have stated that failure to provide the

17  original Deed of Trust Mortgage, Note and other related original documents is cause for relief with

18  prejudice in favor of the Plaintiffs…"   Motion at 2:1-3.   It is unclear which Supreme Court cases

19  Plaintiffs reference, but the U.S. District Court case Plaintiffs cite stems from a *bankruptcy* decision

20  holding MERS lacked standing to initiate a motion for relief from the automatic stay. (Motion, 2:6-

21  11, citing *Mortgage Electronic Registration Systems v. Lisa Marie Chong, Lenard E. Schwartzer,*

22  *Bankruptcy Trustee, et al.*, Case No. 2:09-CV-0661-KJD-LRL (2009)).   This case is inapposite

23  because Plaintiffs' lawsuit does not challenge actions taken in bankruptcy court (where Rule 17 real-

24  party-in-interest principles apply), and because Plaintiffs have not alleged that MERS sought to

25  initiate the foreclosure.

26       Defendants have no duty to produce the original note, and such production is not necessary to

27  establish their right to enforce the terms of the loan. *See Dinsmore-Thomas* at 4 (C.D.Cal. 2009)

28

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

("the Court cannot see how Defendant is required to return the original note to Plaintiff in lieu of a copy of the note"). This Court has passed on this theory many times – and repeatedly rejected it. Plaintiffs' theory that Defendants waive all their rights or somehow finalize "the Lender's claim as satisfied in full" because they did not produce "the original wet ink contract" is meritless, and insufficient to support summary judgment in Plaintiffs' favor.

**IV.**

**CONCLUSION**

Plaintiffs have failed to meet the stringent burden required to grant summary judgment in their favor.  They have failed to present any facts or evidence in support of any of their claims.  Even if this Court takes all of the allegations contained in Plaintiffs Complaint and Motion as true, all of Plaintiff's claims still fail as a matter of law, as established in Defendants' Motion to Dismiss.

For these reasons, Defendants respectfully request that the court deny Plaintiffs' Motion for Summary Judgment in its entirety.

DATED this 13th day of January, 2011.

AKERMAN SENTERFITT LLP


 /s/ Ariel E. Stern
ARIEL E. STERN
Nevada Bar No. 8276
CHRISTINE M. PARVAN
Nevada Bar No. 10711
400 South Fourth Street, Suite 450
Las Vegas, Nevada  89101

*Attorneys for Defendants*
*BAC Home Loans Servicing, LP,*
*Bank of America, N.A., ReconTrust*
*Company, N.A., and MERS*

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{LV018154;1}

7

1

### CERTIFICATE OF SERVICE

2      HEREBY CERTIFY that, on the 13th day of January, 2011 and pursuant to Fed. R. Civ. P.

3  5(b), I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of

4  the foregoing **OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**  postage prepaid (if

5  necessary) to all parties listed on the U.S. District Court's CM/ECF system.

6

7  THOMAS F. WEST
   DIANA M. WEST

8  5620 Scenic Pointe Avenue
   Las Vegas, Nevada  89130

9
   *Pro Se Plaintiffs*

10
                                          /s/ Stacy Warner
11                                        An employee of AKERMAN SENTERFITT LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{LV018154;1}                              8

**AKERMAN SENTERFITT LLP**
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572