

1  Thomas F. West and Diana M. West
   5620 Scenic Pointe Ave.
2  Las Vegas, Nevada 89130
   Telephone (702 ) 656-3081
3  Plaintiffs in Proper Person

2011 JAN 25   A 9: 27

4

5

6

7                    UNITED STATES DISTRICT COURT
                           District of Nevada

8  THOMAS F. WEST and DIANA M. WEST    )
                                        )
9            PLAINTIFFS                  )   Case No.: 2:10-cv-01966-JCM-GWF
                                        )
10   vs.                                 )
                                        )
11  BANK OF AMERICA, N.A. and            )   REPLY TO DEFENDANTS OPPOSITION
                                        )   TO MOTION FOR SUMMARY JUDGMENT
12  BANK OF AMERICA HOME LOANS and       )
                                        )
13  BAC HOME LOANS SERVICING LP and      )
                                        )
14  MERS - Mortgage Electronic Registration )
                                        )
15  Services                            )
                                        )
16           DEFENDANTS                  )

17  _____

18

19       Thomas F. West and Diana M. West, Plaintiffs, in proper person, submit their Reply to

20  Defendants Opposition to Motion for Summary Judgment.

21       Plaintiffs ask this Honorable Court to take judicial notice of the fact that we appear

22  without counsel,  are not schooled in the law and legal procedures, and are not licensed to

23  practice law. Therefore our pleadings must be read and construed liberally. Further Plaintiffs

24  believe that this Court has a responsibility and legal duty to protect any and all of the Plaintiffs'

25  Constitutional and statutory rights; specifically by the due process clause of the Fifth and

26  Fourteenth Amendment thereto, which invokes the due process clauses of the Seventh, Fifth and

27  Fourteenth Amendments to said Constitution upon the States and guarantees to all private

28  citizens the freedom of private property and the separate and, distinct common law jurisdiction

of this Court, in accord with the rules of common law related to fiduciary duties.

i

Plaintiffs believe that the principle of equitable tolling does apply to all claims in this action, given Defendants violations of Constitutional law and federal and state statues and codes, at all times relevant hereto, as detailed below, Plaintiffs could not have reasonably discovered the concealed facts of violations in-depth and explicitly, until we were faced with Defendants attempt to enforce an illegal attempt to collect and possible sale and dispossession of the Property. In this event we researched all matters concerning the legality of the collection and possible foreclosure, as well as the media coverage of government entities, and homeowners accusations of fraud in the enforcement of millions of foreclosures, leading us to study all of the documents and events relating to the purchase of the property.

The equitable tolling principles are to be read into every federal statute of limitations, unless Congress expressly provides to the contrary in clear and ambiguous language, (See Rotella v. Wood, 528 US.549,560-61,120 S. Ct. 1075,145L. Ed 2d 1047 (2000). Since the Federal statutes and codes Plaintiffs accuse Defendants of violating in the Amended Complaint do not evidence contrary Congressional intents, all statute of limitations must be read to be subject to equitable tolling, particularly since the act is to be construed liberally in favor of consumers.

The issue of "Standing" is a basic issue of Constitutional Law either at the Federal level or at the state district court level. That is to say, if you are not the person directly injured or directly benefiting from a specific law or circumstance, you cannot go to court and try to enforce any rights that do not belong to you.

The United States Supreme Court in several cases has stated that federal courts must satisfy for themselves that "Standing" exists and that "the Plaintiffs have alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction. "Warth V. Seldin, 422 U.S. 490,498-99 (1975). Thus, if there is no direct injury or direct harm to the party that wishes to pursue a claim in court, then no right to "Standing" or right to be in court, exists in the first place.

/

/

MEMORANDUM OF POINTS AND AUTHORITIES FACTS

## INTRODUCTION

Plaintiffs were not in default on the loan until such time as determined by audit and legal attempt to satisfy the loan with a pay-off determined that Defendants have no evidence of ownership of the mortgage loan in question.  Yet Defendants continue to make statements and allegations that the Plaintiffs are seeking through litigation to avoid their payment obligations. The Amended Complaint at page 1, line 28:6-10 clearly states the reasons for the action taken against Defendants  "this action seeks to prevent the collection of an improper debt" and "to prevent double paying this bank on the debt and/or pay the wrong party and/or prevent the possible wrongful taking of the family home by a bank no longer having a right to foreclose or collect on it."  Through Defendants pleadings filed with the Court it is evident that the Defendants cannot show ownership of the alleged Mortgage which is the paramount fundamental issue in this case.  Instead they refer to the Evidence listed in the Amended Complaint beginning on page 7 line 25 and argue the validity of these documents.  This Evidence is what supports the opening statements made in the Amended Complaint.  Further through statements made in all of their pleadings, it should be evident that Defendants through their legal counsel are confused about which Plaintiffs and mortgage loan they are defending against.  In fact, in their Opposition to the Motion for Summary Judgment on  page 1 line 20 they refer to ReconTrust Company N.A. as a defendant who is not named in this lawsuit.  Based on these facts, their Opposition is not valid and should be denied.

Defendants have chosen not to defend the paramount fundamental issue in this case. Their pleadings thus far supports our contention that there exits an undisputed fact that Bank of America and its subsidiary companies do not own the mortgage loan in question.   They have produced no evidence as to their claim to have any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.  Defendants are unable to prove their claims of ownership of the mortgage in question as they have failed to hold and possess the original Deed of Trust Mortgage, original note, and

other pertinent documents.   Again, the paramount fundamental issue in this case is Defendants

lack of standing - holder in due course.

## BACKGROUND FACTS

Plaintiffs never denied that they entered into a mortgage loan with Quicken Loans, Inc.

on April 4, 2003 in the amount of $123,900.00 ("the loan") which was secured by the property

located at 5620 Scenic Pointe Avenue, Las Vegas, NV 89130. The loan was immediately sold to

Countrywide who was then acquired by Bank of America. Bank of America Home Loans

notified Plaintiffs of this acquisition. The account number established by Countrywide remained

the same and payments by Plaintiffs were made to BAC on or before their due dates (see Exhibit

A). As previously stated, Plaintiffs stopped making payments when it was determined by audit

and legal attempt to satisfy the loan with a pay-off determined that Defendants have no evidence

of ownership of the mortgage loan in question.   This is the paramount fundamental issue of this

lawsuit.

## THE EVIDENCE

The audit referred to was attempted through a formal Qualified Written Request in

compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section

2605(e).  Defendants failed to fully respond and were noticed of the same on or about June 4,

2010.  See attached Exhibit B.

On June 17, 2010, in response to a verbal request made by Plaintiffs for a pay-off on the

subject mortgage loan, Defendants delivered to Plaintiffs via US Mail a Payoff Demand

Statement.  See attached Exhibit C.  This statement set forth the terms, conditions and

instructions to pay-off the subject loan.  In response, Plaintiffs sent correspondence via certified

mail to Defendants Bank of America and BAC Home Loans Servicing LP conditionally

accepting Defendants payoff demand.  See attached Exhibit D.  Plaintiffs provided their terms,

conditions and instructions.  Further, the correspondence states "I will accept your offer and

tender full payment to be held in escrow by a third party Notary Public".  On or about July 7,

2010 and again on July 13, 2010, the third party sent correspondence noticing Bank of America

and BAC Home Loans Servicing LP of funds being available until July 19, 2010.  See attached

Exhibit E.  On or about July 28, 2010, an Affidavit - Commercial Oath and Verification and Final Notice of Default was sent via certified mail to Bank of America Home Loans and BAC Home Loans Servicing LP, outlining the events involving Plaintiffs response to Defendants Payoff Demand Statement.  See attached Exhibit F.

Then on or about August 4, 2010, Plaintiffs delivered via certified mail a Notice of Right to Cancel - TILA to Defendants , Quicken Loans, Inc., and other related parties - See Exhibit G.

Responses received to this series of documents were done by BAC Home Loans Servicing wherein they provided numerous unauthenticated copies of the note and Deed of Trust. Further, BAC Home Loans Servicing repeatedly stated that the loan would remain in full force and effect and that BAC would continue to be the servicer of the loan. It is important to note that none of the letters were signed and therefore inadmissable into evidence.  Bank of America and MERS remained silent and did not respond.

Defendants claim these documents were fraudulent and without any legal validity.  Yet, Defendants produced a Demand Payoff Statement to an inquiry about what is owed on the Mortgage Loan.  They outlined terms, conditions and instructions but yet deny the right of the borrower to establish their own terms and conditions in response to this Demand.  More so they alledge that our tender of payment was insufficient and nonexistent.  They did not inquire about the funds being held so how can they establish that the tender of payment was insufficient and nonexistent?  Defendants have no basis or proof of this statement yet state in their Opposition to the Motion for Summary Judgment that Plaintiffs failed to include any relevant facts or supporting evidence and only rely on conclusory allegations "regurgitated" from their previously filed pleadings.  Defendants silence to the documents sent by Plaintiffs is evidence that they are unable to prove their standing, have no evidence of ownership of the mortgage loan in question, and are not Holders in Due Course.  They are unable to produce the original documents to prove up their claims.  This is the paramount fundamental issue in this lawsuit and the basis for the Motion for Summary Judgment.

LEGAL ARGUMENT

The suit filed with this Court is because Defendants cannot show ownership of the alleged Mortgage Loan.  A Summary judgment in this case is appropriate because Defendants'

5

through all of their responses prior to the filing of the lawsuit and subsequently throughout their responses and Motions to Dismiss have not provided any evidence supporting their claim to the Mortgage Loan in question.  Defendants have not and cannot prove they are the owners and holders in due course of the Mortgage in question which is the paramount fundamental issue in this case.  Defendants are not in standing with this Court.  This material fact supports the legal argument for Plaintiffs' Motion for Summary Judgment.

Facts in Support of Summary Judgment

Plaintiffs' Amended Complaint clearly states the reasons for the action taken against Defendants  "this action seeks to prevent the collection of an improper debt" and "to prevent double paying this bank on the debt and/or pay the wrong party and/or prevent the possible wrongful taking of the family home by a bank no longer having a right to foreclose or collect on it."  The evidence contained herein in response to Defendants Opposition to Motion for Summary Judgment shows that numerous attempts were made to determine the owner and holder in due course of the Mortgage in question.  Defendants have not proven their claim and continue to ignore and remain silent on this paramount fundamental issue.  This issue is being heard in numerous cases throughout the United States and is evolving daily.  Defendants are now being sued by the States of Nevada, Arizona as well as countless suits being filed in practically every state in the nation for their lack of standing, holder in due course, fraud, mishandling of loan documents through their subsidiary companies as well as through MERS.  To this extent, the Attorney General, State of Nevada, said on ABC news that due to Bank of America's arrogance and unwillingness to cooperate that the State of Nevada had no alternative but to file suit against Bank of America for their wrong doings in handling mortgage loans in this State.  Yet Defendants continue to site case law in their Pleadings and Motions that are outdated and if appealed would be overturned in light of current day law being established.

In response to Defendants regurgitation of their pending Motion to Dismiss, Plaintiffs respond:

Securitization

In response to Defendants continued argument about securitization of the loan, Plaintiffs can prove beyond any doubt that the securitization process is one of the reasons that Defendants

cannot prove their claim, cannot prove they are Holders in Due Course, and therefore are not in standing with this Court. See Amended Complaint page 7, line 2:23.

Fraud

Although Defense claims there is no fraud because of conduct when in fact *fraud in the factum* is evident when the paramount issue of this case is Holder in Due Course.

Defendants Need Not Produce the Original Note

Very recent Supreme Court decisions from Massachusetts on January 7, 2011 and Supreme Court of Kansas has substantiated the fact that Lenders must have the original documents to show ownership of the Mortgage Loan.

To show standing with the Court Defendants must have access to the original Deed of Trust, the Mortgage Note and supporting original documents.  These Landmark cases have proven that mortgage banks must prove ownership with original documents instead of mere copies.  In the case of Mortgage Electronic Registration Systems, Inc. v. Chong, Case No. 2:09-CV-0661-KJD-LRL (2009), the United States District Court, District of Nevada stated that "MERS did not establish it was a real party in interest.  MERS was unable to prove it had possession of the note or at least provide evidence that it was a representative of the mortgage loan holder, which it failed to do."  Additionally, in a Landmark decision in the Kansas Supreme Court,  National Bank v. Kesler, 289 Kan. 528,216 P.3d 158(2009). "Kan. Stat. Ann. § 60-260(b) allows relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that could not have been timely discovered with due diligence; fraud or misrepresentation; a void judgment; a judgment that has been satisfied, released, discharged, or is no longer equitable; or any other reason justifying relief from the operation of the judgment. The relationship that the registry had to the bank was more akin to that of a straw man than to a party possessing all the rights given a buyer." Also in September of 2008, a California Judge ruling against MERS concluded, "There is no evidence before the court as to who is the present owner of the Note. The holder of the Note must join in the motion." Wells Fargo v. Reyes, 867 N.Y.S.2d 21 (2008). Case dismissed with prejudice, fraud on the Court and Sanctions because Wells Fargo never owned the Mortgage. In LaSalle Bank v. Ahearn, 875 N.Y.S. 2d 595 (2009), the case was dismissed with prejudice - lack of standing.  In another case, Novastar Mortgage,

7

Inc. v. Snyder 3:07CV480 (2008), it was ruled that "Novastar has the burden of establishing its standing. It has failed to do so."

In a current case in the Eighth Judicial Court, State of Nevada, Ostorga vs JP Morgan Chase Bank, Case No. A-10-628624-C, it is Plaintiffs contention that the Defendant in this case without the ability to show standing with the Court has chosen not to answer the Summons and loose this case by Default therefore showing that without standing the bank in these types of cases have no defense when Holder in Due Course is the paramount issue.

CONCLUSION

Defendants in this case cannot show and have not shown that they have standing and therefore have no legal right to continue in Court as a point of law. Defendants futile attempts in Opposing this suit is a waste of Defendants sustenance that we the tax payers of America have provided to Bank of America. Defendants do not have standing and therefore this case should be judged for Plaintiffs and all relief given and with these undeniable facts the Court must grant the Summary Judgment for Plaintiffs.

Dated this _23_ day of January, 2011.

Thomas F. West
Plaintiff
In Proper Person

Diana M. West
Plaintiff
In Proper Person

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**



**Bank of America**

Conventional - 6067
5620 SCENIC POINTE AVENUE

**Monthly Statement - August 31, 2010**          Print this page    **Return to Account Details**

To view any activity since your last statement please select Transaction History

**Next Payment Due**

10/01/2010            $732.92              Payment Option Details

**Home Loan Summary**

**Home Loan Overview as of 08/31/2010**          **Amount Due on 10/01/2010 as of 08/31/2010**

| | | |
|---|---|---|
| Principal Balance: | $110,045.83 | *Home Loan Payment: $732.92 |
| Escrow Balance: | $0.00 | After 10/16/2010 with Late |
| Interest paid-to-date: | 09/01/2010 | Payment: $769.57 |
| Late Charge if payment received | | |
| after 10/16/2010: | $36.65 | |

*Payments will be applied first to the interest accrued up to the date of payment and then to the principal balance.

**Home Loan Details**

**Monthly Payment Breakdown as of 08/31/2010**          **Loan Type and Term**

| | | |
|---|---|---|
| Principal and Interest Payment: | $732.92 | Loan Type  30 Yr Conventional |
| **Total Monthly Home Loan** | | Current Interest Rate  5.875% |
| **Payment:** | **$732.92** | Contractual Remaining Term  22 Years, 8 Months |

We may charge you a fee for any payment returned or rejected by your financial institution, subject to applicable law.

**Escrow Account Expenses**

| Principal | Payee | Policy No./Tax ID | Frequency | Next Due Date | Amount Due |
|---|---|---|---|---|---|
| *Homeowners Insurance | ALLSTATE INSURANCE CO | 916613067 | Annual | 12/24/2010 | $631.89 |

We are responsible for the payment of the previous escrow items with the exception of the items marked with an asterisk(*). The payment of the items marked with an asterisk (*) are the responsibility of the homeowner.

**Home Loan Activity Since Your Last Statement**

| Date | Description | Principal | Number of Days Interest Paid | Interest | Escrow | Total |
|---|---|---|---|---|---|---|
| 08/31/2010 | September payment | $193.21 | 0 | $539.71 | $0.00 | $732.92 |
| | **Ending Balance** | **$110,045.83** | | | **$0.00** | |

**Credit Reporting Notice:**

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Secure Area**

| Accounts | Bill Pay | Transfers | Investments | Customer Service | |
|---|---|---|---|---|---|
| Privacy & Security | Locations | Alerts | Mail | Help | Site Map | Sign Off |

Bank of America, N.A. Member FDIC. Bank of America, N.A. and BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A., are Equal Housing Lenders
© 2010 Bank of America Corporation. All rights reserved.



**Bank of America**

Conventional - 6067
5620 SCENIC POINTE AVENUE

## Transaction History

Print this page    **Return to Account Details**

Your transaction history includes activity that has taken place within the last 18 months. This may reflect recent activity that is not yet updated on your statement page. Select View Oldest Activity First to re-sort your transaction history.

**Transaction History 04/24/2009 to 08/31/2010**

| Date / Description | Payment Amt / Life/Disability Ins. | Principal / Balance | Interest / Buydown | Escrow / Balance | Late Charge / Balance | Partial / Balance |
|---|---|---|---|---|---|---|
| 08/31/2010 09/10 Payment | $732.92 $0.00 | $193.21 $110,045.83 | $539.71 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 07/29/2010 08/10 Payment | $732.92 $0.00 | $192.27 $110,239.04 | $540.65 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 06/30/2010 07/10 Payment | $732.92 $0.00 | $191.33 $110,431.31 | $541.59 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 05/28/2010 06/10 Payment | $732.92 $0.00 | $190.40 $110,622.64 | $542.52 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 04/30/2010 05/10 Payment | $732.92 $0.00 | $189.47 $110,813.04 | $543.45 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 03/31/2010 04/10 Payment | $732.92 $0.00 | $188.55 $111,002.51 | $544.37 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 02/26/2010 03/10 Payment | $732.92 $0.00 | $187.63 $111,191.06 | $545.29 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 01/29/2010 02/10 Payment | $732.92 $0.00 | $186.71 $111,378.69 | $546.21 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 12/30/2009 01/10 Payment | $732.92 $0.00 | $185.80 $111,565.40 | $547.12 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 11/27/2009 12/09 Payment | $732.92 $0.00 | $184.90 $111,751.20 | $548.02 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 10/29/2009 11/09 Payment | $732.92 $0.00 | $184.00 $111,936.10 | $548.92 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 09/28/2009 10/09 Payment | $732.92 $0.00 | $183.10 $112,120.10 | $549.82 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 08/28/2009 09/09 Payment | $732.92 $0.00 | $182.21 $112,303.20 | $550.71 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 07/30/2009 08/09 Payment | $732.92 $0.00 | $181.32 $112,485.41 | $551.60 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 06/26/2009 07/09 Payment | $732.92 $0.00 | $180.44 $112,666.73 | $552.48 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 06/02/2009 06/09 Payment | $732.92 $0.00 | $179.56 $112,847.17 | $553.36 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |
| 04/24/2009 05/09 Payment | $732.92 $0.00 | $178.69 $113,026.73 | $554.23 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 |

Transaction history is displayed up to the past 18 months. If you require transaction history beyond 18 months, please visit our Message Center to place your request.

**Secure Area**

Accounts   Bill Pay   Transfers   Investments   Customer Service
Privacy & Security   Locations   Alerts   Mail   Help   Site Map   Sign Off

Bank of America, N.A. Member FDIC. Bank of America, N.A. and BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A., are Equal Housing Lenders
© 2010 Bank of America Corporation. All rights reserved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

Thomas and Diana West
5620 Scenic Pointe Ave.
Las Vegas, Nevada 89130

[Bank of America]  [Barbara Desoer President ]
[PO Box 10227]
[Van Nuys, California 91410]

Certified Mail # 7001 1940 0002   Date: March 3 , 20 10
17/2 1530

## QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST

**This letter is a "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e).**

Reference: Account # [023406067] (hereinafter the subject loan and is the reference for all questions and requests described below).

Dear Sir or Madam:

I am writing to you to complain about the accounting and servicing of this mortgage and my need for understanding and clarification of various sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

To date, the documents and information I have, that you have sent me, and the conversations with your service representatives have been unproductive and have not answered my questions.

Needless to say, I am very concerned. With all the news lately regarding the stories of predatory lending, you have left me feeling that there is something you are trying to hide. I worry that potential fraudulent and deceptive practices by unscrupulous mortgage brokers; sales and transfers of mortgage servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks and practices may have also negatively affected any credit rating, mortgage account and/or the debt or payments that I am currently, or may be legally obligated to.

I hereby demand absolute 1st hand evidence from you of the original uncertificated or certificated security regarding account # [023406067]. In the event you do not supply me with the very security it will be a positive confirmation on your part that you never really created and owned one.

I also hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you say I owe. By debt I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or sub-service for.

To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information (if any) to any credit-reporting agency until you respond to each of the requests.

I also request that you conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. I would like you to validate the debt so that it is accurate to the penny!

Please do not rely on previous servicing companies or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account.

I understand that potential abuses by you or previous servicing companies could have deceptively, wrongfully, unlawfully, and/or illegally:
Increased the amounts of monthly payments;
Increased the principal balance I owe;
Increased the escrow payments;
Increased the amounts applied and attributed toward interest on this account;
Decreased the proper amounts applied and attributed toward the principal on this account; and/or
Assessed, charged and/or collected fees, expenses and miscellaneous charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.

I request you insure that I have not been the victim of such predatory servicing and lending practices.

To insure this, I have authorized a thorough review, examination, accounting and audit of mortgage account [023406067] by mortgage auditing and predatory servicing or lending experts. This exam and audit will review this mortgage account file from the date of initial contact, application and the origination of this account to the present date written above.

Again, this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 section 2605(e) of the United States Code as well as a request under the Truth In Lending Act 15 U.S.C. section 1601. RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions provided in this letter within **sixty (60) business** days of its receipt.

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed by me and others to ensure that this loan:

1-Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to Title 62 of the Revised Statutes, RESPA, TILA, Fair Debt Collection Practices Act, HOEPA and other laws;

2-That the origination and/or any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

3-That you disclose the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

4-That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, costs, terms, commissions, rebates, kickbacks, fees etc. were and still are properly disclosed to me, including but not limited to the period commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

5-That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust, including but not limited to all accounting or bookkeeping entries commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

6-That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in compliance with local, state and federal statutes, laws and regulations commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof, ;

7-That this mortgage account has been credited, debited, adjusted, amortized and charged correctly and disclosed fully commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof ;

8-That interest and principal have been properly calculated and applied to this loan;

9-That any principal balance has been properly calculated, amortized and accounted for;

10-That no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account or any other related account arising out of the subject loan transaction.

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, certified, in writing, to various servicing questions. For each

record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account or my name.

As such, please send to me, at the address above, copies of the documents requested below as soon as possible. Please also provide copies, front and back, of the following documents regarding account [023406067]:

1-Any certificated or uncertificated security used for the funding of this account;

2-Any and all "Pool Agreement(s)" or "servicing agreements" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any government sponsored entity, hereinafter GSE or other party;

3-Any and all "Deposit Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

4-Any and all "Servicing Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

5-Any and all "Custodial Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

6-Any and all "Master Purchasing Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

7-Any and all "Issuer Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

8-Any and all "Commitment to Guarantee" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

9-Any and all "Release of Document" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

10-Any and all "Master Agreement for Servicer's Principal and Interest Custodial Account" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

11-Any and all "Servicer's Escrow Custodial Account" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

12-Any and all "Release of Interest" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

13-Any Trustee agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and trustee(s) regarding this account or pool accounts with any GSE or other party;

Please also send me copies, front and back, of:

1-Any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust **and** any Note in this matter;

2-Any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust **and** any Note;

3-Any and all document(s) establishing the date of any appointment of Trustee Mortgage/Deed of Trust **and** any Note, including any and all assignments or transfers or nominees of any substitute trustees(s);

4-Any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust **and** any Note;

5-Any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust **and** any Note;

6-Any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust **and** any Note;

7-Any documentation evidencing the Mortgage/Deed of Trust is **not** a constructive trust or any other form of trust;

8-All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

9-All descriptions and legends of all Codes used in your mortgage servicing and accounting system so the examiners and auditors and experts retained to audit and review this mortgage account may properly conduct their work.

10-All assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignment on MERS.

11-All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

12-All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

13-The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

14-All escrow analyses conducted on this account from the inception of this account until the date of this letter.

15-The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statements including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

16-Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

17-All letters, statements and documents sent to me by your company.

18-All letters, statements and documents sent to me by agents, attorneys or representatives of your company.

19-All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

20-All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to the present date.

21-All electronic transfers, assignments and sales of the note/asset, mortgage, deed of trust or other security instrument.

22-All copies of property inspection reports, appraisals, BPOs and reports done on my property.

23-All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

24-All checks used to pay invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this account from the inception of this account to the present date.

25-All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

26-All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account to the present date.

27-All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the inception of this account to the present date.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, please provide me, in writing, the answers to the following questions:

In regards to Account Accounting and Servicing Systems:

1-Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that experts can decipher the data provided.

2-For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company that designed and sold the system.

3-For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

**In regards to Debits and Credits:**
1-In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account from the date such credit was posted to this account as well as the date any credit was received.

2- In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account from the date such debit was posted to this account as well as the date any debit was received.

3- For each debit and credit listed, please provide me with the definition for each corresponding transaction code you utilize.

4- For each transaction code, please provide the master transaction code list used by you or previous servicers.

In regards to Mortgage and Assignments:

1- Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the county property records in the county and state in which my property is located from the inception of this account to the present date? Yes or No?

2- If not, why?

3- Is your company the servicer of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

4- Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

5- If yes, please detail for me the names of the seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed of trust or security instrument I executed securing the obligation on this account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.


**In regards to Attorney Fees:**

For purposes of the questions below dealing with attorney fees, please consider attorney fees and legal fees to be one in the same.

1- Have attorney fees ever been assessed to this account from the inception of this account to the present date? Yes or No?

2- If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

3-Have attorney fees ever been charged to this account from the inception of this account to the present date? Yes or No?

4- If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

5-Have attorney fees ever been collected from this account from the inception of this account to the present date? Yes or No?

6-If yes, please detail each separate collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

7-Please provide me with the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date.

8-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of attorney fees.

9-Please detail and list for me in writing each separate attorney fee assessed from this account and for which each corresponding payment period or month such fee was assessed from the inception of this account to the present date.

10- Please detail and list for me in writing each separate attorney fee collected from this account and for which each corresponding payment period or month such fee was collected from the inception of this account to the present date.

11-Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reason for such adjustment.

12- Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment was made and the reason for such adjustment.

13-Has interest been charged on any attorney fees assessed or charged to this account? Yes or No?

14-Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

15-How much total in attorney fees have been assessed to this account from the inception to the present date?

16-How much total in attorney fees have been collected from this account from the inception to the present date?

17-How much total in attorney fees have been charged to this account from the inception to the present date?

18-Please send me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from this account from the inception to the present date.

**In regards to Suspense/Unapplied Accounts:**

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.

1-Has there been any suspense or unapplied account transactions on this account from the inception of this account until the present date? Yes or No?

2-If yes, please explain the reason for each and every suspense transaction that occurred on this account. If no, please skip the questions in this section dealing with suspense and unapplied accounts.

3-In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that has occurred on this account from the inception of this account to the present date.

**In regards to late fees:**

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1-Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

2-Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

3-Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

4-Are late fees considered interest? Yes or No?

5-Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

6-Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

7-If yes, please describe what expenses or damages were charged or assessed to this account.

8-Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late.

9- Please describe for me in writing what damages you or others undertook due to any payment I made, which was late.

10-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of late fees.

11-Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to the present date.

12-Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to the present date.

13-Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reason for such adjustment.

14-Has interest been charged on any late fee assessed or charged to this account? Yes or No?

15-Is interest allowed to be assessed or charged on late fees to this account? Yes or No?

16-Have any late charges been assessed to this account? Yes or No?

17-If yes, how much in total late charges have been assessed to this account from the inception of this account to the present date?

18-Please provide me with the exact months or payment dates you or other previous servicers or sub-servicers of this account claim I have been late with a payment from the inception of this account to the present date.

19-Have late charges been collected on this account from the inception of this account to the present date? Yes or No?

20-If yes, how much in total late charges have been collected on this account from the inception of this account to the present date?


**In regards to Property Inspections:**

For the purpose of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

1-Have any property inspections been conducted on my property from the inception of this account to the present date? Yes or No?

2-If your answer is no, you can skip the rest of the questions in this section concerning property inspections.

3-If yes, please tell me the date of each property inspection conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price charged for each property inspection.

5-Please tell me the date of each property inspection.

6-Please tell me the name and address of each company and person who conducted each property inspection on my property.

7-Please tell me why property inspections were conducted on my property.

8-Please tell me how property inspections are beneficial to me.

9-Please tell me how property inspections are protective of my property.

10-Please explain to me your policy on property inspections.

11-Do you consider the payment of inspection fees as a cost of collection? Yes or No?

12-If yes, why?

13-Do you use property inspections to collect debts? Yes or No?

14-Have you used any portion of the property inspection process on my property to collect a debt or inform me of a debt, payment or obligation I owe? Yes or No?

15-If yes, please answer when and why?

16-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees.

17-Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? Yes or No?

18-If yes, why?

19-Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

20-If yes, why?

21-Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to the present date.

22- Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to the present date.

23-Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment?

24- Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment?

25-Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

26-If yes, when and how much was charged?

27-Is interest allowed to be charged on inspection fees charged or assessed to this account? Yes or No?

28-How much total in inspection fees has been assessed to this account from the inception of this account to the present date?

29-How much total in inspection fees has been collected on this account from the inception of this account to the present date?

30-Please forward to me copies of all property inspections made on my property in this mortgage account file.

31-Has any fee charged or assessed for property inspections been placed into an escrow account? Yes or No?


**In regards to BPO Fees:**

1-Have any BPOs (Broker Price Opinions) been conducted on my property? Yes or No?

2- If your answer is no, you can skip the rest of the questions in this section concerning BPOs.

3-If yes, please tell me the date of each BPO conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price of each BPO.

5-Please tell me who conducted the BPO.

6-Please tell me why BPOs were conducted on my property.

7-Please tell me how BPOs are beneficial to me.

8-Please tell me how BPOs are protective of my property.

9-Please explain your policy on BPOs.

10-Have any BPO fees been assessed to this account? Yes or No?

11-If yes, how much in total BPO fees have been charged to this account?

12-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of a BPO fee from me.

13-Please send to me copies of all BPO reports that have been done on my property.

14-Has any fee charged or assessed for a BPO been placed into an escrow account? Yes or No?


**In regards to Force-Placed Insurance:**

1-Have you placed or ordered any force-placed insurance policies on my property?

2-If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed of trust or note.

3-Please tell me the price of each policy.

4-Please tell me the agent for each policy.

5-Please tell me why each policy was placed on my property.

6-Please tell me how the policies are beneficial to me.

7-Please tell me how the policies are protective of my property.

8-Please explain to me your policy on force-placed insurance.

9-Have any force-placed insurance fees been assessed to this account? Yes or No?

10-If yes, how much in total force-placed insurance fees have been assessed to this account?

11-Have any force-placed insurance fees been charged to this account? Yes or No?

12-If yes, how much in total force-placed insurance fees have been charged to this account?

13-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of force-placed insurance fees from me.

14-Do you have any relationship with the agent or agency that placed any policies on my property? If yes, please describe.

15-Do you have any relationship with the carrier that issued any policies on my property? If yes, please describe.

16-Has the agency or carrier you used to place a forced-placed insurance on my property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

17-Do you maintain a blanket insurance policy to protect your properties when customer policies have expired? Yes or No?

18-Please send to me copies of all forced-placed insurance policies that have been ordered on my property from the inception of this account to the present date.

**In regards to Servicing:**

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this account from its inception to the present date.

1-Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

2-Did the originator or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or

other financial consideration paid to the originator of this account by your company or any affiliate.

3-Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected.

4-Where is the original monetary instrument or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

5-Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

6-Since the inception of this account, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

7-Since the inception of this account, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

8- Since the inception of this account, has there been any sale or assignment of the servicing rights to this mortgage account to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments or sale.

9-Since the inception of this account, have any sub-servicers serviced any portion of this mortgage account? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced this mortgage account.

10-Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, please identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

11-Has each and every assignment of my asset/monetary instrument been recorded in the county land records where the property associated with this mortgage account is located?

12-Has there been any electronic assignment of this mortgage with MERS (Mortgage Electronic Registration System) or any other computer mortgage registry service or computer program? If yes, identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that have been assigned to mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

13-Have there been any investors (as defined by your industry) who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this account to the

present date? If yes, identify the name and address of each and every individual, entity, organization and/or trust.

14-Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

15-Please provide me with copies of all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

16-How much was paid for this individual mortgage account by you?

17-If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan?

18-If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan?

19-Who did you issue a check or payment to for this mortgage loan?

20-Please provide me with copies of the front and back of the canceled check.

21-Did any investor approve of the foreclosure of my property? Yes or No?

22-Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

23 Provide any and all due diligence reports by a separate due diligence firm in regards to any pooling agreements that have been generated.

24-Please identify all persons who approved the foreclosure of my property.


Please provide me with the documents I have requested and a detailed answer to each of my questions within the lawful time frame. Upon receipt of the documents and answers, an exam and audit will be conducted that may lead to a further document request and answers to questions under an additional RESPA Qualified Written Request letter.

Copies of this Qualified Written Request, Validation of Debt, TILA and request for accounting and legal records, Dispute of Debt letter are being sent to FTC, HUD, Thrift Supervision, and all relevant state and federal regulators; and other consumer advocates; and my congressman.

It is my hope that you answer this RESPA request in accordance with law and the questions, documents and validation of debt to the penny and correct abuses or schemes uncovered and documented.

**Default Provisions under this QUALIFIED WRITTEN REQUEST**

[Bank of America] or any agents, transfers, or assigns omissions of or agreement by silence of this RESPA REQUEST via certified rebuttal of any and all points herein this RESPA REQUEST, agrees and consents to including but not limited by any violations of law and/or immediate terminate/remove any and all right, title and interest (liens) in [THOMAS F WEST AND DIANA M WEST] or any property or collateral connected to [THOMAS F WEST AND DIANA M WEST] or account [023406067] and waives any and all immunities or defenses in claims and or violations agreed to in this RESPA REQUEST including but not limited by any and all:

1-[THOMAS F WEST AND DIANA M WEST]'s right, by breach of fiduciary responsibility and fraud and misrepresentation revocation and rescinding any and all power of attorney or appointment [BANK OF AMERICA] may have or may have had in connection with account [023406067] and any property and/or real estate connected with account [023406067].

2-[THOMAS F WEST AND DIANA M WEST]'s right to have any certificated or uncertificated security re-registered in [THOMAS F WEST AND DIANA M WEST]'s, and only [THOMAS F WEST AND DIANA M WEST]'s name.

3-[THOMAS F WEST AND DIANA M WEST]'s right of collection via [BANK OF AMERICA]'s liability insurance and/or bond.

4-[THOMAS F WEST AND DIANA M WEST]'s entitlement in filing and executing any instruments, as power of attorney for and by [BANK OF AMERICA], including but not limited by a new certificated security or any security agreement perfected by filing a UCC Financing Statement with the Secretary of State in the State where [BANK OF AMERICA] is located.

5-[THOMAS F WEST AND DIANA M WEST]'s right to damages because of [BANK OF AMERICA]'s wrongful registration, breach of intermediary responsibility with regard to [THOMAS F WEST AND DIANA M WEST]'s asset by [BANK OF AMERICA] issuing to [THOMAS F WEST AND DIANA M WEST] a certified check for the original value of [THOMAS F WEST AND DIANA M WEST]'s monetary instrument.

6-[THOMAS F WEST AND DIANA M WEST]'s right to have account [023406067] completely set off because [BANK OF AMERICA]'s wrongful registration, breach of intermediary responsibility with regard to [THOMAS F WEST AND DIANA M WEST]'s monetary instrument/asset by [BANK OF AMERICA] sending confirmation of set off of wrongful liability of [THOMAS F WEST AND DIANA M WEST] and issuing a certified check for the difference between the original value of [THOMAS F WEST AND DIANA M WEST]'s monetary instrument/asset and what [THOMAS F WEST AND DIANA M WEST] mistakenly sent to [BANK OF AMERICA] as a payment for such wrongful liability.

[BANK OF AMERICA] or any transfers, agents or assigns offering a rebuttal of this RESPA REQUEST must do so in the manner of this RESPA REQUEST in accordance of and in compliance with current statutes and/or laws by signing in the capacity of a fully liable man or woman being responsible and liable under the penalty of perjury while offering direct testimony with the official capacity as appointed agent for [BANK OF AMERICA] in accordance with [BANK OF AMERICA]'s Articles of Incorporation, By Laws duly signed by a current and duly sworn under oath director(s) of such corporation/ Holding Corporation/ National Association. Any direct rebuttal with certified true and complete accompanying proof must be posted with the Notary address herein within sixty days. When no verified rebuttal of this RESPA REQUEST is made in a timely manner, a "Certificate of Non-Response" serves as [BANK OF AMERICA]'s judgment and consent/agreement by means of silence with any and all claims and/or violations herein-stated in the default provisions or any other law.

Power of Attorney: When [BANK OF AMERICA] fails by not rebutting to any part of this RESPA REQUEST [BANK OF AMERICA] agrees with the granting unto [THOMAS F WEST AND DIANA M WEST]'s unlimited Power of Attorney and any and all full authorization in signing and endorsing [BANK OF AMERICA]'s name upon any instruments in satisfaction of the obligations of this RESPA REQUEST/Agreement or any agreement arising from this agreement. Pre-emption of or to any Bankruptcy proceeding shall not discharge any obligations of this agreement. Consent and agreement with this Power of Attorney by [BANK OF AMERICA] waives any and all claims of [BANK OF AMERICA], and/or defenses and remains in effect until the satisfaction of all obligations by [BANK OF AMERICA] have been satisfied.

Sincerely,
THOMAS F WEST AND DIANA M WEST

x _Thomas F West_____ _3-2_ , 20_10_

x _Diana M West_____ _March 2_ , 20_10_

**NOTARY WITNESS AND SEAL**

State of _Nevada_____          County of _Clark_____

**Subscribed and sworn to** (or affirmed) before me on this _2_ day of _March_____ , 20_10_ , by _Thomas F. West & Diana F. West_, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _Norma Arbolado-Long_ (seal)

Commission expires _October 28_ , 20_12_

NORMA ARBOLADO-LONG
NOTARY PUBLIC - STATE OF NEVADA
COUNTY OF CLARK
APPT. No. 08-8339-1
MY APPT. EXPIRES OCTOBER 28, 2012

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

VAN NUYS CA 91410

| | |
|---|---|
| Postage | $ | $4.95 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ | $10.05 |

Postmark Here
03/03/2010
06 0094

Sent To BANK OF AMERICA BARBARA DESOER PRES

Street, Apt No.; or PO Box No. PO BOX 10987

City, State, ZIP+4 VAN NUYS CA 9140

PS Form 3800, January 2001    See Reverse for Instructions

7001 1940 0004 1712 1530

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BANK OF AMERICA
BARBARA DESOER
PRESIDENT
PO BOX 10987
VAN NUYS CA 9140

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _MARTIN SUE ETAL_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7001 1940 0004 1712 1530

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7001 1940 0002 1712 1530

VAN NUYS CA 91410

| | | |
|---|---|---|
| Postage | $ | $4.95 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $10.05 |

0094
06 2010
Postmark
Here

03/03/2010

Sent To BANK of AMERICA BARBARA DESCER PRES

Street, Apt. No.; or PO Box No. PO BOX 10997

City, State, ZIP+4 Van Nuys CA 91410

PS Form 3800, January 2001       See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of America
Barbara Descer
President
PO Box 10997
Van Nuys CA 91410

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  MARTIN PUERTA   ☑ Agent
                   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7001 1940 0002 1712 1530

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

Thomas  F West and Diana West
5620 Scenic Pointe Ave.
Las Vegas, Nevada 89130

[Country Wide Loans]
[PO Box 10219]
[Van Nuys, California 91410]

Certified Mail # 7001 1940 0002   Date: March 3   , 20 10
                 1712 1592

## QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST

**This letter is a "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e).**

Reference: Account # [023406067] (hereinafter the subject loan and is the reference for all questions and requests described below).

Dear Sir or Madam:

I am writing to you to complain about the accounting and servicing of this mortgage and my need for understanding and clarification of various sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

To date, the documents and information I have, that you have sent me, and the conversations with your service representatives have been unproductive and have not answered my questions.

Needless to say, I am very concerned. With all the news lately regarding the stories of predatory lending, you have left me feeling that there is something you are trying to hide. I worry that potential fraudulent and deceptive practices by unscrupulous mortgage brokers; sales and transfers of mortgage servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks and practices may have also negatively affected any credit rating, mortgage account and/or the debt or payments that I am currently, or may be legally obligated to.

I hereby demand absolute 1st hand evidence from you of the original uncertificated or certificated security regarding account # [023406067]. In the event you do not supply me with the very security it will be a positive confirmation on your part that you never really created and owned one.

**Default Provisions under this QUALIFIED WRITTEN REQUEST**

[COUNTRY WIDE LOANS] or any agents, transfers, or assigns omissions of or agreement by silence of this RESPA REQUEST via certified rebuttal of any and all points herein this RESPA REQUEST, agrees and consents to including but not limited by any violations of law and/or immediate terminate/remove any and all right, title and interest (liens) in [THOMAS F WEST AND DIANA M WEST] or any property or collateral connected to [THOMAS F WEST AND DIANA M WEST] or account [023406067] and waives any and all immunities or defenses in claims and or violations agreed to in this RESPA REQUEST including but not limited by any and all:

1-[THOMAS F WEST AND DIANA M WEST]'s right, by breach of fiduciary responsibility and fraud and misrepresentation revocation and rescinding any and all power of attorney or appointment [COUNTRY WIDE LOANS] may have or may have had in connection with account [023406067] and any property and/or real estate connected with account [023406067].

2-[THOMAS F WEST AND DIANA M WEST]'s right to have any certificated or uncertificated security re-registered in [THOMAS F WEST AND DIANA M WEST]'s, and only [THOMAS F WEST AND DIANA M WEST]'s name.

3-[THOMAS F WEST AND DIANA M WEST]'s right of collection via [COUNTRY WIDE LOANS]'s liability insurance and/or bond.

4-[THOMAS F WEST AND DIANA M WEST]'s entitlement in filing and executing any instruments, as power of attorney for and by [COUNTRY WIDE LOANS], including but not limited by a new certificated security or any security agreement perfected by filing a UCC Financing Statement with the Secretary of State in the State where [COUNTRY WIDE LOANS] is located.

5-[THOMAS F WEST AND DIANA M WEST]'s right to damages because of [COUNTRY WIDE LOANS]'s wrongful registration, breach of intermediary responsibility with regard to [THOMAS F WEST AND DIANA M WEST]'s asset by [COUNTRY WIDE LOANS] issuing to [THOMAS F WEST AND DIANA M WEST] a certified check for the original value of [THOMAS F WEST AND DIANA M WEST]'s monetary instrument.

6-[THOMAS F WEST AND DIANA M WEST]'s right to have account [023406067] completely set off because [COUNTRY WIDE LOANS]'s wrongful registration, breach of intermediary responsibility with regard to [THOMAS F WEST AND DIANA M WEST]'s monetary instrument/asset by [COUNTRY WIDE LOANS] sending confirmation of set off of wrongful liability of [THOMAS F WEST AND DIANA M WEST] and issuing a certified check for the difference between the original value of [THOMAS F WEST AND DIANA M WEST]'s monetary instrument/asset and what [THOMAS F WEST AND DIANA M WEST] mistakenly sent to [COUNTRY WIDE LOANS] as a payment for such wrongful liability.

I also hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you say I owe. By debt I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or sub-service for.

To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information (if any) to any credit-reporting agency until you respond to each of the requests.

I also request that you conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. I would like you to validate the debt so that it is accurate to the penny!

Please do not rely on previous servicing companies or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account.

I understand that potential abuses by you or previous servicing companies could have deceptively, wrongfully, unlawfully, and/or illegally:
Increased the amounts of monthly payments;
Increased the principal balance I owe;
Increased the escrow payments;
Increased the amounts applied and attributed toward interest on this account;
Decreased the proper amounts applied and attributed toward the principal on this account; and/or
Assessed, charged and/or collected fees, expenses and miscellaneous charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.

I request you insure that I have not been the victim of such predatory servicing and lending practices.

To insure this, I have authorized a thorough review, examination, accounting and audit of mortgage account [023406067] by mortgage auditing and predatory servicing or lending experts. This exam and audit will review this mortgage account file from the date of initial contact, application and the origination of this account to the present date written above.

Again, this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 section 2605(e) of the United States Code as well as a request under the Truth In Lending Act 15 U.S.C. section 1601. RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions provided in this letter within **sixty (60) business** days of its receipt.

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed by me and others to ensure that this loan:

1-Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to Title 62 of the Revised Statutes, RESPA, TILA, Fair Debt Collection Practices Act, HOEPA and other laws;

2-That the origination and/or any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

3-That you disclose the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

4-That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc. were and still are properly disclosed to me, including but not limited to the period commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

5-That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust, including but not limited to all accounting or bookkeeping entries commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

6-That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in compliance with local, state and federal statutes, laws and regulations commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof, ;

7-That this mortgage account has been credited, debited, adjusted, amortized and charged correctly and disclosed fully commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof ;

8-That interest and principal have been properly calculated and applied to this loan;

9-That any principal balance has been properly calculated, amortized and accounted for;

10-That no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account or any other related account arising out of the subject loan transaction.

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, <u>certified</u>, in writing, to various servicing questions. For each

record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account or my name.

As such, please send to me, at the address above, copies of the documents requested below as soon as possible. Please also provide copies, front and back, of the following documents regarding account [023406067]:

1-Any certificated or uncertificated security used for the funding of this account;

2-Any and all "Pool Agreement(s)" or "servicing agreements" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any government sponsored entity, hereinafter GSE or other party;

3-Any and all "Deposit Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

4-Any and all "Servicing Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

5-Any and all "Custodial Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

6-Any and all "Master Purchasing Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

7-Any and all "Issuer Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

8-Any and all "Commitment to Guarantee" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

9-Any and all "Release of Document" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

10-Any and all "Master Agreement for Servicer's Principal and Interest Custodial Account" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

11-Any and all "Servicer's Escrow Custodial Account" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

12-Any and all "Release of Interest" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

13-Any Trustee agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and trustee(s) regarding this account or pool accounts with any GSE or other party;

Please also send me copies, front and back, of:

1-Any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust **and** any Note in this matter;

2-Any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust **and** any Note;

3-Any and all document(s) establishing the date of any appointment of Trustee Mortgage/Deed of Trust **and** any Note, including any and all assignments or transfers or nominees of any substitute trustees(s);

4-Any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust **and** any Note;

5-Any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust **and** any Note;

6-Any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust **and** any Note;

7-Any documentation evidencing the Mortgage/Deed of Trust is **not** a constructive trust or any other form of trust;

8-All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

9-All descriptions and legends of all Codes used in your mortgage servicing and accounting system so the examiners and auditors and experts retained to audit and review this mortgage account may properly conduct their work.

10-All assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignment on MERS.

11-All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

12-All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

13-The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

14-All escrow analyses conducted on this account from the inception of this account until the date of this letter.

15-The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statements including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

16-Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

17-All letters, statements and documents sent to me by your company.

18-All letters, statements and documents sent to me by agents, attorneys or representatives of your company.

19-All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

20-All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to the present date.

21-All electronic transfers, assignments and sales of the note/asset, mortgage, deed of trust or other security instrument.

22-All copies of property inspection reports, appraisals, BPOs and reports done on my property.

23-All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

24-All checks used to pay invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this account from the inception of this account to the present date.

25-All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

26-All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account to the present date.

27-All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the inception of this account to the present date.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, please provide me, in writing, the answers to the following questions:

In regards to Account Accounting and Servicing Systems:

1-Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that experts can decipher the data provided.

2-For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company that designed and sold the system.

3-For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

**In regards to Debits and Credits:**
1-In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account from the date such credit was posted to this account as well as the date any credit was received.

2- In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account from the date such debit was posted to this account as well as the date any debit was received.

3-For each debit and credit listed, please provide me with the definition for each corresponding transaction code you utilize.

4-For each transaction code, please provide the master transaction code list used by you or previous servicers.

In regards to Mortgage and Assignments:

1-Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the county property records in the county and state in which my property is located from the inception of this account to the present date? Yes or No?

2-If not, why?

3-Is your company the servicer of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

4-Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

5-If yes, please detail for me the names of the seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed of trust or security instrument I executed securing the obligation on this account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.

**In regards to Attorney Fees:**

For purposes of the questions below dealing with attorney fees, please consider attorney fees and legal fees to be one in the same.

1-Have attorney fees ever been assessed to this account from the inception of this account to the present date? Yes or No?

2-If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

3-Have attorney fees ever been charged to this account from the inception of this account to the present date? Yes or No?

4- If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

5-Have attorney fees ever been collected from this account from the inception of this account to the present date? Yes or No?

6-If yes, please detail each separate collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

7-Please provide me with the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date.

8-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of attorney fees.

9-Please detail and list for me in writing each separate attorney fee assessed from this account and for which each corresponding payment period or month such fee was assessed from the inception of this account to the present date.

10- Please detail and list for me in writing each separate attorney fee collected from this account and for which each corresponding payment period or month such fee was collected from the inception of this account to the present date.

11-Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reason for such adjustment.

12- Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment was made and the reason for such adjustment.

13-Has interest been charged on any attorney fees assessed or charged to this account? Yes or No?

14-Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

15-How much total in attorney fees have been assessed to this account from the inception to the present date?

16-How much total in attorney fees have been collected from this account from the inception to the present date?

17-How much total in attorney fees have been charged to this account from the inception to the present date?

18-Please send me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from this account from the inception to the present date.

**In regards to Suspense/Unapplied Accounts:**

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.

1-Has there been any suspense or unapplied account transactions on this account from the inception of this account until the present date? Yes or No?

2-If yes, please explain the reason for each and every suspense transaction that occurred on this account. If no, please skip the questions in this section dealing with suspense and unapplied accounts.

3-In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that has occurred on this account from the inception of this account to the present date.

**In regards to late fees:**

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1-Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

2-Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

3-Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

4-Are late fees considered interest? Yes or No?

5-Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

6-Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

7-If yes, please describe what expenses or damages were charged or assessed to this account.

8-Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late.

9- Please describe for me in writing what damages you or others undertook due to any payment I made, which was late.

10-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of late fees.

11-Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to the present date.

12-Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to the present date.

13-Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reason for such adjustment.

14-Has interest been charged on any late fee assessed or charged to this account? Yes or No?

15-Is interest allowed to be assessed or charged on late fees to this account? Yes or No?

16-Have any late charges been assessed to this account? Yes or No?

17-If yes, how much in total late charges have been assessed to this account from the inception of this account to the present date?

18-Please provide me with the exact months or payment dates you or other previous servicers or sub-servicers of this account claim I have been late with a payment from the inception of this account to the present date.

19-Have late charges been collected on this account from the inception of this account to the present date? Yes or No?

20-If yes, how much in total late charges have been collected on this account from the inception of this account to the present date?

**In regards to Property Inspections:**

For the purpose of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

1-Have any property inspections been conducted on my property from the inception of this account to the present date? Yes or No?

2-If your answer is no, you can skip the rest of the questions in this section concerning property inspections.

3-If yes, please tell me the date of each property inspection conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price charged for each property inspection.

5-Please tell me the date of each property inspection.

6-Please tell me the name and address of each company and person who conducted each property inspection on my property.

7-Please tell me why property inspections were conducted on my property.

8-Please tell me how property inspections are beneficial to me.

9-Please tell me how property inspections are protective of my property.

10-Please explain to me your policy on property inspections.

11-Do you consider the payment of inspection fees as a cost of collection? Yes or No?

12-If yes, why?

13-Do you use property inspections to collect debts? Yes or No?

14-Have you used any portion of the property inspection process on my property to collect a debt or inform me of a debt, payment or obligation I owe? Yes or No?

15-If yes, please answer when and why?

16-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees.

17-Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? Yes or No?

18-If yes, why?

19-Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

20-If yes, why?

21-Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to the present date.

22- Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to the present date.

23-Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment?

24- Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment?

25-Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

26-If yes, when and how much was charged?

27-Is interest allowed to be charged on inspection fees charged or assessed to this account? Yes or No?

28-How much total in inspection fees has been assessed to this account from the inception of this account to the present date?

29-How much total in inspection fees has been collected on this account from the inception of this account to the present date?

30-Please forward to me copies of all property inspections made on my property in this mortgage account file.

31-Has any fee charged or assessed for property inspections been placed into an escrow account? Yes or No?

**In regards to BPO Fees:**

1-Have any BPOs (Broker Price Opinions) been conducted on my property? Yes or No?

2- If your answer is no, you can skip the rest of the questions in this section concerning BPOs.

3-If yes, please tell me the date of each BPO conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price of each BPO.

5-Please tell me who conducted the BPO.

6-Please tell me why BPOs were conducted on my property.

7-Please tell me how BPOs are beneficial to me.

8-Please tell me how BPOs are protective of my property.

9-Please explain your policy on BPOs.

10-Have any BPO fees been assessed to this account? Yes or No?

11-If yes, how much in total BPO fees have been charged to this account?

12-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of a BPO fee from me.

13-Please send to me copies of all BPO reports that have been done on my property.

14-Has any fee charged or assessed for a BPO been placed into an escrow account? Yes or No?


**In regards to Force-Placed Insurance:**

1-Have you placed or ordered any force-placed insurance policies on my property?

2-If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed of trust or note.

3-Please tell me the price of each policy.

4-Please tell me the agent for each policy.

5-Please tell me why each policy was placed on my property.

6-Please tell me how the policies are beneficial to me.

7-Please tell me how the policies are protective of my property.

8-Please explain to me your policy on force-placed insurance.

9-Have any force-placed insurance fees been assessed to this account? Yes or No?

10-If yes, how much in total force-placed insurance fees have been assessed to this account?

11-Have any force-placed insurance fees been charged to this account? Yes or No?

12-If yes, how much in total force-placed insurance fees have been charged to this account?

13-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of force-placed insurance fees from me.

14-Do you have any relationship with the agent or agency that placed any policies on my property? If yes, please describe.

15-Do you have any relationship with the carrier that issued any policies on my property? If yes, please describe.

16-Has the agency or carrier you used to place a forced-placed insurance on my property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

17-Do you maintain a blanket insurance policy to protect your properties when customer policies have expired? Yes or No?

18-Please send to me copies of all forced-placed insurance policies that have been ordered on my property from the inception of this account to the present date.


**In regards to Servicing:**

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this account from its inception to the present date.

1-Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

2-Did the originator or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or

other financial consideration paid to the originator of this account by your company or any affiliate.

3-Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected.

4-Where is the original monetary instrument or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

5-Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

6-Since the inception of this account, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

7-Since the inception of this account, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

8- Since the inception of this account, has there been any sale or assignment of the servicing rights to this mortgage account to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments or sale.

9-Since the inception of this account, have any sub-servicers serviced any portion of this mortgage account? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced this mortgage account.

10-Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, please identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

11-Has each and every assignment of my asset/monetary instrument been recorded in the county land records where the property associated with this mortgage account is located?

12-Has there been any electronic assignment of this mortgage with MERS (Mortgage Electronic Registration System) or any other computer mortgage registry service or computer program? If yes, identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that have been assigned to mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

13-Have there been any investors (as defined by your industry) who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this account to the

present date? If yes, identify the name and address of each and every individual, entity, organization and/or trust.

14-Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

15-Please provide me with copies of all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

16-How much was paid for this individual mortgage account by you?

17-If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan?

18-If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan?

19-Who did you issue a check or payment to for this mortgage loan?

20-Please provide me with copies of the front and back of the canceled check.

21-Did any investor approve of the foreclosure of my property? Yes or No?

22-Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

23 Provide any and all due diligence reports by a separate due diligence firm in regards to any pooling agreements that have been generated.

24-Please identify all persons who approved the foreclosure of my property.


Please provide me with the documents I have requested and a detailed answer to each of my questions within the lawful time frame. Upon receipt of the documents and answers, an exam and audit will be conducted that may lead to a further document request and answers to questions under an additional RESPA Qualified Written Request letter.

Copies of this Qualified Written Request, Validation of Debt, TILA and request for accounting and legal records, Dispute of Debt letter are being sent to FTC, HUD, Thrift Supervision, and all relevant state and federal regulators; and other consumer advocates; and my congressman.

It is my hope that you answer this RESPA request in accordance with law and the questions, documents and validation of debt to the penny and correct abuses or schemes uncovered and documented.

[COUNTRY WIDE LOANS] or any transfers, agents or assigns offering a rebuttal of this RESPA REQUEST must do so in the manner of this RESPA REQUEST in accordance of and in compliance with current statutes and/or laws by signing in the capacity of a fully liable man or woman being responsible and liable under the penalty of perjury while offering direct testimony with the official capacity as appointed agent for [COUNTRY WIDE LOANS] in accordance with [COUNTRY WIDE LOANS]'s Articles of Incorporation, By Laws duly signed by a current and duly sworn under oath director(s) of such corporation/ Holding Corporation/ National Association. Any direct rebuttal with certified true and complete accompanying proof must be posted with the Notary address herein within sixty days. When no verified rebuttal of this RESPA REQUEST is made in a timely manner, a "Certificate of Non-Response" serves as [COUNTRY WIDE LOANS]'s judgment and consent/agreement by means of silence with any and all claims and/or violations herein-stated in the default provisions or any other law.

Power of Attorney: When [COUNTRY WIDE LOANS] fails by not rebutting to any part of this RESPA REQUEST [COUNTRY WIDE LOANS] agrees with the granting unto [THOMAS F WEST AND DIANA M WEST]'s unlimited Power of Attorney and any and all full authorization in signing and endorsing [COUNTRY WIDE LOANS]'s name upon any instruments in satisfaction of the obligations of this RESPA REQUEST/Agreement or any agreement arising from this agreement. Pre-emption of or to any Bankruptcy proceeding shall not discharge any obligations of this agreement. Consent and agreement with this Power of Attorney by [COUNTRY WIDE LOANS] waives any and all claims of [COUNTRY WIDE LOANS], and/or defenses and remains in effect until the satisfaction of all obligations by [COUNTRY WIDE LOANS] have been satisfied.

Sincerely,
THOMAS F WEST AND DIANA M WEST

x _____  5-2- , 20 10

x _____  March 2 , 20 10

**NOTARY WITNESS AND SEAL**

State of Nevada _____    County of Clark _____

**Subscribed and sworn to** (or affirmed) before me on this 2 day of March , 20 10 , by Thomas F. West & Diana F. West proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature Norma Arbolado-Long (seal)

Commission expires October 08 , 2012

NORMA ARBOLADO-LONG
NOTARY PUBLIC - STATE OF NEVADA
COUNTY OF CLARK
APPT. No. 08-8339-1
MY APPT. EXPIRES OCTOBER 28, 2012

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

VAN HUYS CA 91410

| | | |
|---|---|---|
| Postage | $ | $4.95 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $10.05 |

0094
.06
Postmark Here 2010
03/03/2010

7001 1940 0002 1712 1592

Sent To  CountryWIDE LOANS
Street, Apt. No. or PO Box No.  PO Box 10219
City, State, ZIP+4  VAN Nuys CA 91410

PS Form 3800, January 2001     See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CountryWiDE LOANS
PO BoX 10219
VAN Nuys CA
91410

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
PAYMENT PROCESSING   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
MAR 0 5 2010

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
*(Transfer from service label)*   7001 1940 0002 1712 1592

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-2509

Thomas  F West and Diana M West
5620 Scenic Pointe Ave.
Las Vegas, Nevada 89130

[QUICKEN LOANS] THOMAS DEMPSEY DIRECTOR OF MORTGAGE BANKING
[20555 VICTOR PARKWAY]
[LIVONIA, MI 48152]


Certified Mail # _7001 1940 0002_   Date: _March  3_ , 20 _10_
_____1712 1585_

## QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST

**This letter is a "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e).**

Reference: Account # [023406067 Loan # 4671508512] (hereinafter the subject loan and is the reference for all questions and requests described below).

Dear Sir or Madam:

I am writing to you to complain about the accounting and servicing of this mortgage and my need for understanding and clarification of various sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

To date, the documents and information I have, that you have sent me, and the conversations with your service representatives have been unproductive and have not answered my questions.

Needless to say, I am very concerned. With all the news lately regarding the stories of predatory lending, you have left me feeling that there is something you are trying to hide. I worry that potential fraudulent and deceptive practices by unscrupulous mortgage brokers; sales and transfers of mortgage servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks and practices may have also negatively affected any credit rating, mortgage account and/or the debt or payments that I am currently, or may be legally obligated to.

I hereby demand absolute 1st hand evidence from you of the original uncertificated or certificated security regarding account # [023406067 Loan # 4671508512]. In the event you do not supply me with the very security it will be a positive confirmation on your part that you never really created and owned one.

I also hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you say I owe. By debt I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or sub-service for.

To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information (if any) to any credit-reporting agency until you respond to each of the requests.

I also request that you conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. I would like you to validate the debt so that it is accurate to the penny!

Please do not rely on previous servicing companies or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account.

I understand that potential abuses by you or previous servicing companies could have deceptively, wrongfully, unlawfully, and/or illegally:
Increased the amounts of monthly payments;
Increased the principal balance I owe;
Increased the escrow payments;
Increased the amounts applied and attributed toward interest on this account;
Decreased the proper amounts applied and attributed toward the principal on this account; and/or
Assessed, charged and/or collected fees, expenses and miscellaneous charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.

I request you insure that I have not been the victim of such predatory servicing and lending practices.

To insure this, I have authorized a thorough review, examination, accounting and audit of mortgage account [023406067 Loan # 4671508512] by mortgage auditing and predatory servicing or lending experts. This exam and audit will review this mortgage account file from the date of initial contact, application and the origination of this account to the present date written above.

Again, this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 section 2605(e) of the United States Code as well as a request under the Truth In Lending Act 15 U.S.C. section 1601. RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions provided in this letter within **sixty (60) business** days of its receipt.

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed by me and others to ensure that this loan:

1-Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to Title 62 of the Revised Statutes, RESPA, TILA, Fair Debt Collection Practices Act, HOEPA and other laws;

2-That the origination and/or any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

3-That you disclose the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

4-That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc. were and still are properly disclosed to me, including but not limited to the period commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

5-That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust, including but not limited to all accounting or bookkeeping entries commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

6-That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in compliance with local, state and federal statutes, laws and regulations commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof, ;

7-That this mortgage account has been credited, debited, adjusted, amortized and charged correctly and disclosed fully commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof ;

8-That interest and principal have been properly calculated and applied to this loan;

9-That any principal balance has been properly calculated, amortized and accounted for;

10-That no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account or any other related account arising out of the subject loan transaction.

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, <u>certified</u>, in writing, to various servicing questions. For each

record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account or my name.

As such, please send to me, at the address above, copies of the documents requested below as soon as possible. Please also provide copies, front and back, of the following documents regarding account [023406067 Loan # 4671508512]:

1-Any certificated or uncertificated security used for the funding of this account;

2-Any and all "Pool Agreement(s)" or "servicing agreements" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any government sponsored entity, hereinafter GSE or other party;

3-Any and all "Deposit Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

4-Any and all "Servicing Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

5-Any and all "Custodial Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

6-Any and all "Master Purchasing Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

7-Any and all "Issuer Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

8-Any and all "Commitment to Guarantee" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

9-Any and all "Release of Document" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

10-Any and all "Master Agreement for Servicer's Principal and Interest Custodial Account" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

11-Any and all "Servicer's Escrow Custodial Account" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

12-Any and all "Release of Interest" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

13-Any Trustee agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and trustee(s) regarding this account or pool accounts with any GSE or other party;

Please also send me copies, front and back, of:

1-Any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust **and** any Note in this matter;

2-Any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust **and** any Note;

3-Any and all document(s) establishing the date of any appointment of Trustee Mortgage/Deed of Trust **and** any Note, including any and all assignments or transfers or nominees of any substitute trustees(s);

4-Any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust **and** any Note;

5-Any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust **and** any Note;

6-Any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust **and** any Note;

7-Any documentation evidencing the Mortgage/Deed of Trust is **not** a constructive trust or any other form of trust;

8-All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

9-All descriptions and legends of all Codes used in your mortgage servicing and accounting system so the examiners and auditors and experts retained to audit and review this mortgage account may properly conduct their work.

10-All assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignment on MERS.

11-All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

12-All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

13-The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

14-All escrow analyses conducted on this account from the inception of this account until the date of this letter.

15-The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statements including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

16-Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

17-All letters, statements and documents sent to me by your company.

18-All letters, statements and documents sent to me by agents, attorneys or representatives of your company.

19-All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

20-All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to the present date.

21-All electronic transfers, assignments and sales of the note/asset, mortgage, deed of trust or other security instrument.

22-All copies of property inspection reports, appraisals, BPOs and reports done on my property.

23-All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

24-All checks used to pay invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this account from the inception of this account to the present date.

25-All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

26-All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account to the present date.

27-All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the inception of this account to the present date.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, please provide me, in writing, the answers to the following questions:

In regards to Account Accounting and Servicing Systems:

1-Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that experts can decipher the data provided.

2-For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company that designed and sold the system.

3-For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

**In regards to Debits and Credits:**
1-In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account from the date such credit was posted to this account as well as the date any credit was received.

2- In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account from the date such debit was posted to this account as well as the date any debit was received.

3-For each debit and credit listed, please provide me with the definition for each corresponding transaction code you utilize.

4-For each transaction code, please provide the master transaction code list used by you or previous servicers.

In regards to Mortgage and Assignments:

1-Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the county property records in the county and state in which my property is located from the inception of this account to the present date? Yes or No?

2-If not, why?

3-Is your company the servicer of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

4-Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

5-If yes, please detail for me the names of the seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed of trust or security instrument I executed securing the obligation on this account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.


**In regards to Attorney Fees:**

For purposes of the questions below dealing with attorney fees, please consider attorney fees and legal fees to be one in the same.

1-Have attorney fees ever been assessed to this account from the inception of this account to the present date? Yes or No?

2-If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

3-Have attorney fees ever been charged to this account from the inception of this account to the present date? Yes or No?

4- If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

5-Have attorney fees ever been collected from this account from the inception of this account to the present date? Yes or No?

6-If yes, please detail each separate collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

7-Please provide me with the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date.

8-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of attorney fees.

9-Please detail and list for me in writing each separate attorney fee assessed from this account and for which each corresponding payment period or month such fee was assessed from the inception of this account to the present date.

10- Please detail and list for me in writing each separate attorney fee collected from this account and for which each corresponding payment period or month such fee was collected from the inception of this account to the present date.

11-Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reason for such adjustment.

12- Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment was made and the reason for such adjustment.

13-Has interest been charged on any attorney fees assessed or charged to this account? Yes or No?

14-Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

15-How much total in attorney fees have been assessed to this account from the inception to the present date?

16-How much total in attorney fees have been collected from this account from the inception to the present date?

17-How much total in attorney fees have been charged to this account from the inception to the present date?

18-Please send me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from this account from the inception to the present date.

**In regards to Suspense/Unapplied Accounts:**

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.

1-Has there been any suspense or unapplied account transactions on this account from the inception of this account until the present date? Yes or No?

2-If yes, please explain the reason for each and every suspense transaction that occurred on this account. If no, please skip the questions in this section dealing with suspense and unapplied accounts.

3-In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that has occurred on this account from the inception of this account to the present date.

**In regards to late fees:**

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1-Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

2-Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

3-Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

4-Are late fees considered interest? Yes or No?

5-Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

6-Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

7-If yes, please describe what expenses or damages were charged or assessed to this account.

8-Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late.

9- Please describe for me in writing what damages you or others undertook due to any payment I made, which was late.

10-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of late fees.

11-Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to the present date.

12-Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to the present date.

13-Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reason for such adjustment.

14-Has interest been charged on any late fee assessed or charged to this account? Yes or No?

15-Is interest allowed to be assessed or charged on late fees to this account? Yes or No?

16-Have any late charges been assessed to this account? Yes or No?

17-If yes, how much in total late charges have been assessed to this account from the inception of this account to the present date?

18-Please provide me with the exact months or payment dates you or other previous servicers or sub-servicers of this account claim I have been late with a payment from the inception of this account to the present date.

19-Have late charges been collected on this account from the inception of this account to the present date? Yes or No?

20-If yes, how much in total late charges have been collected on this account from the inception of this account to the present date?

**In regards to Property Inspections:**

For the purpose of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

1-Have any property inspections been conducted on my property from the inception of this account to the present date? Yes or No?

2-If your answer is no, you can skip the rest of the questions in this section concerning property inspections.

3-If yes, please tell me the date of each property inspection conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price charged for each property inspection.

5-Please tell me the date of each property inspection.

6-Please tell me the name and address of each company and person who conducted each property inspection on my property.

7-Please tell me why property inspections were conducted on my property.

8-Please tell me how property inspections are beneficial to me.

9-Please tell me how property inspections are protective of my property.

10-Please explain to me your policy on property inspections.

11-Do you consider the payment of inspection fees as a cost of collection? Yes or No?

12-If yes, why?

13-Do you use property inspections to collect debts? Yes or No?

14-Have you used any portion of the property inspection process on my property to collect a debt or inform me of a debt, payment or obligation I owe? Yes or No?

15-If yes, please answer when and why?

16-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees.

17-Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? Yes or No?

18-If yes, why?

19-Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

20-If yes, why?

21-Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to the present date.

22- Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to the present date.

23-Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment?

24- Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment?

25-Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

26-If yes, when and how much was charged?

27-Is interest allowed to be charged on inspection fees charged or assessed to this account? Yes or No?

28-How much total in inspection fees has been assessed to this account from the inception of this account to the present date?

29-How much total in inspection fees has been collected on this account from the inception of this account to the present date?

30-Please forward to me copies of all property inspections made on my property in this mortgage account file.

31-Has any fee charged or assessed for property inspections been placed into an escrow account? Yes or No?

**In regards to BPO Fees:**

1-Have any BPOs (Broker Price Opinions) been conducted on my property? Yes or No?

2- If your answer is no, you can skip the rest of the questions in this section concerning BPOs.

3-If yes, please tell me the date of each BPO conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price of each BPO.

5-Please tell me who conducted the BPO.

6-Please tell me why BPOs were conducted on my property.

7-Please tell me how BPOs are beneficial to me.

8-Please tell me how BPOs are protective of my property.

9-Please explain your policy on BPOs.

10-Have any BPO fees been assessed to this account? Yes or No?

11-If yes, how much in total BPO fees have been charged to this account?

12-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of a BPO fee from me.

13-Please send to me copies of all BPO reports that have been done on my property.

14-Has any fee charged or assessed for a BPO been placed into an escrow account? Yes or No?

**In regards to Force-Placed Insurance:**

1-Have you placed or ordered any force-placed insurance policies on my property?

2-If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed of trust or note.

3-Please tell me the price of each policy.

4-Please tell me the agent for each policy.

5-Please tell me why each policy was placed on my property.

6-Please tell me how the policies are beneficial to me.

7-Please tell me how the policies are protective of my property.

8-Please explain to me your policy on force-placed insurance.

9-Have any force-placed insurance fees been assessed to this account? Yes or No?

10-If yes, how much in total force-placed insurance fees have been assessed to this account?

11-Have any force-placed insurance fees been charged to this account? Yes or No?

12-If yes, how much in total force-placed insurance fees have been charged to this account?

13-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of force-placed insurance fees from me.

14-Do you have any relationship with the agent or agency that placed any policies on my property? If yes, please describe.

15-Do you have any relationship with the carrier that issued any policies on my property? If yes, please describe.

16-Has the agency or carrier you used to place a forced-placed insurance on my property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

17-Do you maintain a blanket insurance policy to protect your properties when customer policies have expired? Yes or No?

18-Please send to me copies of all forced-placed insurance policies that have been ordered on my property from the inception of this account to the present date.


**In regards to Servicing:**

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this account from its inception to the present date.

1-Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

2-Did the originator or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or

other financial consideration paid to the originator of this account by your company or any affiliate.

3-Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected.

4-Where is the original monetary instrument or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

5-Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

6-Since the inception of this account, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

7-Since the inception of this account, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

8- Since the inception of this account, has there been any sale or assignment of the servicing rights to this mortgage account to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments or sale.

9-Since the inception of this account, have any sub-servicers serviced any portion of this mortgage account? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced this mortgage account.

10-Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, please identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

11-Has each and every assignment of my asset/monetary instrument been recorded in the county land records where the property associated with this mortgage account is located?

12-Has there been any electronic assignment of this mortgage with MERS (Mortgage Electronic Registration System) or any other computer mortgage registry service or computer program? If yes, identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that have been assigned to mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

13-Have there been any investors (as defined by your industry) who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this account to the

present date? If yes, identify the name and address of each and every individual, entity, organization and/or trust.

14-Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

15-Please provide me with copies of all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

16-How much was paid for this individual mortgage account by you?

17-If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan?

18-If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan?

19-Who did you issue a check or payment to for this mortgage loan?

20-Please provide me with copies of the front and back of the canceled check.

21-Did any investor approve of the foreclosure of my property? Yes or No?

22-Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

23 Provide any and all due diligence reports by a separate due diligence firm in regards to any pooling agreements that have been generated.

24-Please identify all persons who approved the foreclosure of my property.


Please provide me with the documents I have requested and a detailed answer to each of my questions within the lawful time frame. Upon receipt of the documents and answers, an exam and audit will be conducted that may lead to a further document request and answers to questions under an additional RESPA Qualified Written Request letter.

Copies of this Qualified Written Request, Validation of Debt, TILA and request for accounting and legal records, Dispute of Debt letter are being sent to FTC, HUD, Thrift Supervision, and all relevant state and federal regulators; and other consumer advocates; and my congressman.

It is my hope that you answer this RESPA request in accordance with law and the questions, documents and validation of debt to the penny and correct abuses or schemes uncovered and documented.

**Default Provisions under this QUALIFIED WRITTEN REQUEST**

[QUICKEN LOANS] or any agents, transfers, or assigns omissions of or agreement by silence of this RESPA REQUEST via certified rebuttal of any and all points herein this RESPA REQUEST, agrees and consents to including but not limited by any violations of law and/or immediate terminate/remove any and all right, title and interest (liens) in [THOMAS F WEST AND DIANA M WEST] or any property or collateral connected to [THOMAS F WEST AND DIANA M WEST] or account [023406067 Loan # 4671508512] and waives any and all immunities or defenses in claims and or violations agreed to in this RESPA REQUEST including but not limited by any and all:

1-[THOMAS F WEST AND DIANA M WEST]'s right, by breach of fiduciary responsibility and fraud and misrepresentation revocation and resciding any and all power of attorney or appointment [QUICKEN LOANS] may have or may have had in connection with account [023406067 Loan # 4671508512] and any property and/or real estate connected with account [023406067 Loan # 4671508512].

2-[THOMAS F WEST AND DIANA M WEST]'s right to have any certificated or uncertificated security re-registered in [THOMAS F WEST AND DIANA M WEST]'s, and only [THOMAS F WEST AND DIANA M WEST]'s name.

3-[THOMAS F WEST AND DIANA M WEST]'s right of collection via [QUICKEN LOANS]'s liability insurance and/or bond.

4-[THOMAS F WEST AND DIANA M WEST]'s entitlement in filing and executing any instruments, as power of attorney for and by [QUICKEN LOANS], including but not limited by a new certificated security or any security agreement perfected by filing a UCC Financing Statement with the Secretary of State in the State where [QUICKEN LOANS] is located.

5-[THOMAS F WEST AND DIANA M WEST]'s right to damages because of [QUICKEN LOANS]'s wrongful registration, breach of intermediary responsibility with regard to [THOMAS F WEST AND DIANA M WEST]'s asset by [QUICKEN LOANS] issuing to [THOMAS F WEST AND DIANA M WEST] a certified check for the original value of [THOMAS F WEST AND DIANA M WEST]'s monetary instrument.

6-[THOMAS F WEST AND DIANA M WEST]'s right to have account [023406067 Loan # 4671508512] completely set off because [QUICKEN LOANS]'s wrongful registration, breach of intermediary responsibility with regard to [THOMAS F WEST AND DIANA M WEST]'s monetary instrument/asset by [QUICKEN LOANS] sending confirmation of set off of wrongful liability of [THOMAS F WEST AND DIANA M WEST] and issuing a certified check for the difference between the original value of [THOMAS F WEST AND DIANA M WEST]'s monetary instrument/asset and what [THOMAS F WEST AND DIANA M WEST] mistakenly sent to [QUICKEN LOANS] as a payment for such wrongful liability.

[QUICKEN LOANS] or any transfers, agents or assigns offering a rebuttal of this RESPA REQUEST must do so in the manner of this RESPA REQUEST in accordance of and in compliance with current statutes and/or laws by signing in the capacity of a fully liable man or woman being responsible and liable under the penalty of perjury while offering direct testimony with the official capacity as appointed agent for [QUICKEN LOANS] in accordance with [QUICKEN LOANS]'s Articles of Incorporation, By Laws duly signed by a current and duly sworn under oath director(s) of such corporation/ Holding Corporation/ National Association. Any direct rebuttal with certified true and complete accompanying proof must be posted with the Notary address herein within sixty days. When no verified rebuttal of this RESPA REQUEST is made in a timely manner, a "Certificate of Non-Response" serves as [QUICKEN LOANS]'s judgment and consent/agreement by means of silence with any and all claims and/or violations herein-stated in the default provisions or any other law.

Power of Attorney: When [QUICKEN LOANS] fails by not rebutting to any part of this RESPA REQUEST [QUICKEN LOANS] agrees with the granting unto [THOMAS F WEST AND DIANA M WEST]'s unlimited Power of Attorney and any and all full authorization in signing and endorsing [QUICKEN LOANS]'s name upon any instruments in satisfaction of the obligations of this RESPA REQUEST/Agreement or any agreement arising from this agreement. Pre-emption of or to any Bankruptcy proceeding shall not discharge any obligations of this agreement. Consent and agreement with this Power of Attorney by [QUICKEN LOANS] waives any and all claims of [QUICKEN LOANS], and/or defenses and remains in effect until the satisfaction of all obligations by [QUICKEN LOANS] have been satisfied.

Sincerely,
THOMAS F WEST AND DIANA M WEST

x _____   3-2, 20 10

x _____   March 2, 20 10

**NOTARY WITNESS AND SEAL**

State of Nevada                    County of Clark

**Subscribed and sworn to** (or affirmed) before me on this 2 day of March, 20 10, by Thomas F. West & Diana F. West proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _Norma Arbrado-tom_ (seal)

Commission expires October 28, 2012

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

7001 1940 0002 1712 1585

LIVONIA MI 48152

| | | | |
|---|---|---|---|
| Postage | $ | $5.35 | 0094 |
| Certified Fee | | $2.80 | 06 |
| Return Receipt Fee (Endorsement Required) | | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $10.45 | 03/03/2010 |

Sent To
Quicken Loans Thomas Dempsey
Street, Apt. No.; or PO Box No.
90555 Victor Parkway
City, State, ZIP+4
Livonia MI 48152

PS Form 3800, January 2001          See Reverse for Instructions

---

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Quicken Loans
Thomas Dempsey
Director of Mortgage Banking
90555 Victor Parkway
Livonia, MI 48152

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X m. _____ ☐ Agent
                  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
Matt L.S                          03/05/10

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☒ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from service label)*   7001 1940 0002 1712 1585

PS Form 3811, August 2001      Domestic Return Receipt      102595-01-M-2509

CERTIFIED MAIL # *7009-0960-0000-7009-0192*

Bank of America
Barbara Desoer , President
PO Box 10227
Van Nuys, California 91410


**LOAN NUMBER** 023406067

Bank of America, Alleged Creditor,
     v.
THOMAS F. WEST AND DIANA M. WEST), Alleged Debtor


**Re:** Having been presented with a **QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST** dated March 3, 2010 , sent via Certified Mail #7001 1940 0002 1712 1530, and having had Notice and opportunity to respond, Bank of America **have failed to fully respond.**

Gentlemen:

     This letter is lawful notification to you, pursuant to The Bill of Rights of the National Constitution, in particular, the First, Fourth, Fifth, Sixth and Ninth Amendments, and The Bill of Rights of the NEVADA Constitution, in particular those sections which correspond to those sections referenced in the National Constitution, and pursuant to your oath, and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e), requires your written response to me specific to the subject matter. Should you fail to FULLY and COMPLETELY respond to this **NOTICE OF FAULT and OPPORTUNITY TO CURE**, within **10 days,** by answering all of the questions in the QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST you agree to the Default Provisions under the QUALIFIED WRITTEN REQUEST. Your failure to respond to this NOTICE OF FAULT and OPPORTUNITY TO CURE is your lawful, legal and binding agreement with and admission to the fact that everything in the QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST is true, correct, legal, lawful and binding upon you, in any court, anywhere in America, without your protest or objection or that of those who represent you. Your silence is your acquiescence. See: *Connally v. General Construction Co.,* 269 U.S. 385, 391. Notification of legal responsibility is "the first essential of due process of law." Also, see: *U.S. v. Tweel,* 550 F. 2d. 297. "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." Any other incomplete responses you may have sent or orders to not corresponded on this matter, are only conditionally accepted, only upon your full and complete response to the items required in the above referenced request letter, which has not occurred according to the record. Verbal replies are not accepted. Any legal threats, charges, or claims that this request is invalid are hereby accepted for value and considered settled.

BANK OF AMERICA, BARBARA DESOER PRESIDENT having had opportunity to respond to the "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act,

12 U.S.C. Section 2605(e), served upon them by THOMAS F WEST AND DIANA M WEST, in the matter of **LOAN NUMBER** 023406067 on or about March 3, 2010 have failed to respond and are in fault. Therefore, their failure to cure is their admission that the "Default Provisions under this QUALIFIED WRITTEN REQUEST" are in full effect.

This 2 page Notice of Fault is cordially presented, All Rights Reserved – Under Necessity

**Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent.**

   If you choose to cure the FAULT, by answering all of the questions in the **QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST** then do so in writing, completely, on a point for point basis with particularity within 10 days of this letter's date, and support your statements with evidence, fact and law. Your failure to respond, as stipulated, is your agreement with and admission to the fact that everything in the NOTICE OF FAULT and the **QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST** is true, correct, legal, lawful, and is your irrevocable agreement attesting to this, fully binding upon you, in any court in America, without your protest or objection or that of those who represent you. Non – Assumpsit, All Rights Reserved

By: THOMAS F WEST AND DIANA M WEST  Date June 3, 2010

**NOTARY WITNESS**

State of _Nevada_      County of _Clark_

**Subscribed and sworn to** (or affirmed) before me on this _3rd_ day of _June_ , 20 _10_ , by _Thomas F. West & Diana M. West_ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _Cynthia L Castellanos_ (seal)

Commission expires _November 21_ , 20 _13_

CYNTHIA L. CASTELLANOS
Notary Public, State of Nevada
Appointment No. 09-11335-1
My Appt. Expires Nov 21, 2013

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

VAN NUYS CA 91410
VAN NUYS CA 91410

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.54 |

0004
14
Postmark
Here
06/04/2010

Sent To
BANK OF AMERICA
Street, Apt. No.; or PO Box No.
PO Box 10227
City, State, ZIP+4
VAN NUYS, CA 91410

PS Form 3800, August 2006                See Reverse for Instructions

7009 0960 0000 7002 0192

---

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature  MARTIN PUERTAS
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

1. Article Addressed to:

BANK OF AMERICA
BARBARA DESOER, PRES
PO Box 10227
VAN NUYS CA 91410

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)  ☐ Yes

2. Article Number
(Transfer from service label)  7009-0960-0000-7002-0192

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

**EXHIBIT C**



**Bank of America**
**Home Loans**

*Payoff Department, Mail Stop TX2-981-03-13*
*7105 Corporate Drive*
*Plano, TX  75024-4100*

0000608 0001215  767455



# PAYOFF DEMAND STATEMENT

*Rec O 6/17/2010*

| Statement Void After July 1, 2010 |
| --- |

Statement Date
June 9, 2010

**BAC Home Loans Servicing, LP**
**Loan No.:    23406067-1**

**Name & Property Address:**
Diana M & Thomas F West
5620 Scenic Pointe Avenue
Las Vegas, NV  89130

Attention Thomas West
5620 Scenic Point Ave
Las Vegas 89130

| | Escrow # | X |
| --- | --- | --- |
| (CONV) | | |

| PAYOFF CALCULATION | | |
| --- | --- | --- |
| | Principal Balance as of 06/01/2010 | $110,622.64 |
| | Interest from 06/01/2010 to 07/01/2010 | 541.59 |
| | County Recording Fee | 14.00 |
| | Reconveyance Fee | 100.00 |
| **Total Amount Required to Release Lien** (As of July 1, 2010) | | **$111,278.23** |

*AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE JULY 1, 2010.*

## INTEREST CALCULATIONS

For all full month payment periods, interest is calculated on a monthly basis.  Accordingly, interest for all full months, including February, is calculated as 30/360 of annual interest, irrespective of the actual number of days in the month.  For partial months, interest is calculated daily on the basis of a 365 day year.
365

## PAYOFF INSTRUCTIONS

Payoff funds must be made payable to **BAC Home Loans Servicing, LP** and will be accepted by **WIRE** or **CERTIFIED FUNDS ONLY**.  They **MUST** reference the **BAC Home Loans Servicing, LP loan number, property address** and **borrower's name** in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below.  Failure to do so may cause delays resulting in additional interest due or the return of the funds to the remitter. Funds received after 4:00 p.m. Central Time may be posted the following business day.

| **Wire Funds to:** | **Mail CERTIFIED Funds to:** |
| --- | --- |
| Beneficiary Bank:  Bank of America | BAC Home Loans Servicing, LP |
| ABA Routing #:  0260-0959-3 | Attention: Payoff Department, Mail Stop TX2-981-03-13 |
| Beneficiary Acct Name:  MRC | 7105 Corporate Drive |
| MRC Account #12356-19173 | Plano, TX 75024-4100 |
| Reference:  Diana M & Thomas F West | |
| Loan Number:  23406067-1 | |

**PLEASE DO NOT SEND CERTIFIED FUNDS TO THE WIRE FUNDS INSTRUCTIONS ABOVE AS CERTIFIED FUNDS MUST BE PROCESSED IN OUR PAYOFF DEPARTMENT.**

**BAC Home Loans Servicing, LP**
**Loan No: 23406067-1**

Statement Date:
June 9, 2010

**Statement Void After:**
**July 1, 2010**

### IMPORTANT INSTRUCTIONS ON PAYMENT OF SHORTAGE

If the payoff amount actually received by BAC Home Loans Servicing, LP to pay off your loan is insufficient to pay the amount due as described in this statement, we may treat your payment as an instruction to deduct the shortage from any refund you would receive of monies from your escrow account. We will not do this, however, if (i) the shortage is greater than $2,000.00, or (ii) you have instructed us not to do so. You may contact our Customer Service Department for this purpose at 1-800-669-6607.

### PAYOFF OVERAGES

If BAC Home Loans Servicing, LP receives funds greater than the amount required to pay off your loan, we will automatically process the overage within 14 days after payoff and return the excess amount to you. **If an address change is being submitted on behalf of the borrower, the form MUST be signed by the borrower for the address change to take effect.**

### BANKRUPTCY DISCHARGE

If you have received a discharge of this debt in a bankruptcy, you have no personal obligation to repay this debt. However, the lender may still foreclose on your property if the debt is not paid as required by the loan documents. This payoff statement is provided at your request and for your convenience. This is not an attempt to collect a debt that has been discharged, nor a demand for payment.

### ADDITIONAL INFORMATION

**The payoff amount indicated in this statement is subject to change for various reasons, including but not limited to the following:**

- We may not have posted a recently submitted payment; (Please **DO NOT** place a stop payment on any check.)
- A fee may be assessed if a payment is returned unpaid by your financial institution for any reason;
- Additional or anticipated fees and costs may be incurred relating to collection, foreclosure, bankruptcy, or other defaults on your loan;
- Adjustments may be required to reflect disbursements made by, or payments owed to, your prior lender if the servicing of your loan was transferred to BAC Home Loans Servicing, LP;
- Late charges may be assessed for delinquent payments received after: 06/16/2010;
- Funds may be deducted from your escrow account to pay taxes, insurance or other escrow items that become due.

**EXHIBIT D**

In care of: Cynthia L. Castellanos, NOTARY
For: DIANA M. WEST AND THOMAS F. WEST
3316 Mastercraft Ave.  North Las Vegas, Nevada 89031

Certified Mail # *7010 0780 0002 2809 7269*
Return Receipt Requested *7010078000022809746*

June 28, 2010

To:   Bank of America
      (hereafter referred to as LENDER/AGENTS)
      Barbara Desoer, President
      PO Box 10227 Van Nuys, California 91410

      BAC Home Loans Servicing, LP
      (hereinafter referred to as LENDER/AGENTS)
      Attention:  Payoff Department, Mail Stop TX2-981-03-13
      705 Corporate Drive
      Plano, TX 75024-4100


Re:   Bank of America vs. DIANA M. WEST AND THOMAS F. WEST
      Account no. 23406067-1
      My Conditional Acceptance of Your Offer charging $111,278.23 and the Terms of
      Contract.

### REPLY TO LENDER
**Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent**

Gentlemen:

I am in receipt of your Notice from Bank of America, the alleged holder of the above
referenced loan. As acceptor of your offer to collect a payoff demand, I have the right to dictate
terms (especially those protections I have under the law).

This letter will serve as notice as my **acceptance of your offer/claim upon presentment of the
original (wet ink signature) unaltered note or contract**. This is the first requirement under the
terms of this self executing agreement. As you know, upon payment, **I am entitled to the
original (wet ink signature) note so that it may not be re-presented by another alleged
"debt collector."** In recent cases brought by various banks, the courts have thrown out the
complaints for failure by said banks to bring forward the Notes to prove up their claims.
Consider the article by Bob Ivry of Bloomburg.com from which this short quote is taken:

> ```
> U.S. District Judge David D. Dowd Jr in Ohio's northern district
> chastised CHASE Bank National Trust Co. and Argent Mortgage Securities
> Inc. in October for what he called their "cavalier approach'" and "take
> my word for it" attitude toward proving ownership of the mortgage note
> in a foreclosure case.
> ```

```
John Gallagher, a spokesman for Frankfurt-based CHASE Bank AG said the
bank had no comment.

Federal District Judge Christopher Boyko dismissed 14 foreclosure cases
in Cleveland in November due to the inability of the trustee and the
servicer to prove ownership of the mortgages.

Similar cases were dismissed during the past year by judges in Nevada,
Massachusetts, Kansas and New York.
```

http://www.bloomberg.com/apps/news?pid=20601109&sid=aejJZdqodTCM&refer=patrick.net

The judges in these cases know that to convene a court or award judgment *without any basis whatsoever* is not only a breach of their oath to be impartial, but conspiracy to defraud.

If you were to accept my payment of $ 111,278.23  plus costs and fees and should fail to produce the original (wet ink signature) note or contract, then you would necessarily agree that Bank of America's (hereinafter LENDER/AGENTS) claim and your claim were frauds, without any basis whatsoever. That would make your demand letter (attached) a **counterfeit security**. It would also mean you were engaged in a commercial trespass; therefore injuring me.

Therefore: I will accept your offer and tender full payment to be held in escrow by  Cynthia L. Castellanos, a third party NOTARY PUBLIC (address above).  In return you will agree to immediately produce the original (wet ink signature) note which you  claim to be holding and to which I am entitled upon payment.

If LENDER/AGENTS actually has the original (wet ink signature) note (the basis of their claim) then my tender of payment through the above named escrow agent charged with accepting said original (wet ink signature) note and authenticating LENDER/AGENTS's claim should not pose a problem for you.

Therefore, you agree that once the notary/escrow agent is in receipt of my tender of payment in the amount of $111,278.23, if you and LENDER/AGENTS should fail to immediately produce the original (wet ink signature) note or contract, you agree to immediately release your claim for $111,278.23  due to your fraud. Moreover, you also agree to immediately pay me triple damages: That would be three times the original amount tendered. So, if I tender $111,278.23  and you fail to produce the original (wet ink signature) note and/or fail to collect said tender within **(15) fifteen days** of your receipt of notice from the Escrow Agent, or if you attempt to collect but fail to produce the original (wet ink signature) note or contract, you agree to immediately pay me $333,834.69.  Should you fail to immediately pay me $333,834.69 you agree to grant me Power of Attorney to handle this business for Bank of America, and its senior officers as well as granting me a lien against all property held by you and the senior officers of Bank of America. You agree that I may collect by selling off your property without your protest and without further notice to you.

**To insure that this agreement is fully binding:** upon receipt of this agreement, (realizing that LENDER/AGENTS may not have the original (wet ink signature) note) **you have (10) TEN**

**days after receiving this notice to withdraw your claim** by noticing the notary, at the above mailing location, that the claim of LENDER/AGENTS is null and void and that LENDER/AGENTS's claim is withdrawn. Should you fail to withdraw the claim, having had notice and opportunity, you agree to be bound by the terms of this **self executing agreement**; agree not to proceed with any late payment claims or negative credit reporting, foreclosure, or court case, as I have made known my intent to tender full payment or else will have already tendered payment, and you agree to accept said settlement as explained above. I will then make arrangements to deliver full settlement in the amount of $ 111,278.23 to the Escrow Agent as described above, under notary seal. However, this tendered payment will be immediately withdrawn, upon your default/failure to withdraw any LENDER/AGENTS's claim and/or your claim, at the end of the **(15) fifteen days** after your receipt of this notice.

You and the senior partners of Bank of America as well as the CEO of LENDER/AGENTS agree to be appointed fiduciaries with the **mandatory duty** to settle the claim upon my tender of payment to the escrow agent and to immediately produce the original (wet ink signature) note or contract. Upon receipt of this agreement, please immediately produce **your public hazard bonds**, so that I may enforce my claim upon your failure to produce the original(wet ink signature) note as required under the law.

The notified LENDER/AGENT agrees that a non-response or incomplete response, which shall be deemed a non-response, would grant the original Grantor/Trustor DIANA M. WEST AND THOMAS F. WEST the right to act as or to appoint an agent of the bank for removal of current power of attorney and subsequent appointment of successor trustee for the purposes of filing a Full Reconveyance of the original Deed of Trust or filing a Satisfaction of Mortgage/ Release of Lien of the original Mortgage instrument, thus finalizing the lender's claim as satisfied in full.

**AUTHORIZATION TO RELEASE LOAN INFORMATION:** I hereby authorize you to release any all loan information requested to Cynthia L. Castellanos a third party NOTARY PUBLIC.

Sincerely yours,

DIANA M. WEST AND THOMAS F. WEST,
*real party in interest*
Injured Party, Acceptor of Your Offer

## ASSEVERATION OF MAILING

I, Diana M. West, do hereby solemnly declare, that on June 29, 2010, I did cause to be delivered by Express private courier and/or First Class Certified US Mail, a true and correct copy of the foregoing instrument, including true and correct copies of all/any documents referenced therein as "attached hereto", to the parties and locations listed below:

**Witness Signature** _____

Commission expires __11 / 21_____, 20 13
Cynthia L. Castellanos, Notary Public
3316 Mastercraft Ave.
North Las Vegas, Nevada 89031

**Re: BANK OF AMERICA  vs. DIANA M. WEST AND THOMAS F. WEST; Account no. 23406067-1; my Conditional Acceptance of Your Offer charging me $ 111,278.23  and the Terms of Contract.**

Copy to:
Bank of America
Barbara Desoer, President
PO Box 10227
Van Nuys, California 91410

BAC Home Loans Servicing, LP
Attention:  Payoff Department, Mail Stop TX2-981-03-13
7105 Corporate Drive
Plano, TX  75024-4100

By Certified mail# _____

Note: Notary Public CYNTHIA L. CASTELLANOS  is not an attorney licensed to practice law in the state of Nevada  and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above referenced documents, and has no interest in any issue referenced therein. Cynthia L. Castellanos is NOT a party to this action and is ONLY acting in an authorized capacity as liaison to communications between the parties.

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.81 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.91 |

Postmark Here

06/29/2010

7010 0780 0002 2809 7269

Sent To
BANK OF AMERICA
Street, Apt. No.; or PO Box No.
PO BOX 10227
City, State, ZIP+4
VAN NUYS CA 91410

PS Form 3800, August 2006          See Reverse for Instructions

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _MARTIN PUERTA_   ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>BANK OF AMERICA<br>PO BOX 10227<br>VAN NUYS CA 91410 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>JUL - 2010 |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☑ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label)   7010-0780-0002-2809-7269 | |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | | |
|---|---|---|
| Postage | $ | $0.81 | 0015 |
| Certified Fee | | $2.80 | |
| Return Receipt Fee (Endorsement Required) | | $2.30 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.91 | |

Postmark Here
JUN 29 2010
06/29/2010
USPS

Sent To *BAC Home Loans Servicing LP*
Street, Apt. No.; or PO Box No. *705 Corporate Dr*
City, State, ZIP+4 *Plano TX 75024-4100*

PS Form 3800, August 2006          See Reverse for Instructions

7010 0780 0002 2809 7276

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*BAC Home Loans Servicing LP Auto Payoff Dept Mail Stop TX2-981-03-13 705 Corporate Drive Plano TX 75024-4100*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery   7/2/10

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   *7010-0780-0002-2809-7276*

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**EXHIBIT E**

In care of: Cynthia L. Castellanos, Notar
For: DIANA M. WEST AND THOMAS F. WEST
3315Mastercraft Avenue, North Las Vegas, NV 89031

7313

7010 0780 0002 8809
Certified Mail # 7010 0780 0002 8809 7320

Return Receipt Requested
June 28, 2010

To:   Bank of America
      (hereafter referred to as LENDER/AGENTS)
      Barbara Desoer, President
      PO Box 10227
      Van Nuys, CA  91410

      BAC Home Loans Servicing, LP
      (hereinfafter referred to as LENDER/AGENTS)
      Attention:  Payoff Department, Mail Stop TX2-981-03-13
      705 Corporate Drive
      Plano, TX  75024-4100

Re: Funds in the amount of $111, 278.23  held in Escrow for LENDER/AGENTS; to settle
Account No. 23406067-1; Original Note Requested and Required for Release of funds; Funds
Available until July 19, 2010.

**Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent**

Dear Barbara Desoer:

        At the request of DIANA M. WEST AND THOMAS F. WEST, I am in receipt, **as
Escrow Agent,** of "legal tender funds" in the amount of $111,278.23 to be paid to
LENDER/AGENTS upon production of the original (wet ink signature) promissory note held by
you as collateral on loan number 23406067-1.

At your earliest convenience, please collect the funds **by tendering the original (wet ink
signature) note to me** by July 19, 2010.  DIANA M. WEST AND THOMAS F. WEST requires
this so that the note may not be represented for collection. Upon receipt of the original (wet ink
signature) note, I will forward full payment of $111,278.23 now held in escrow to you or the
agent you designate to receive funds. I am also available to personally exchange funds for the
instrument. Contact me as soon as possible to schedule a meeting. DIANA M. WEST AND
THOMAS F. WEST will require that I return their payment to them on July 19, 2010, so please
do not delay. Should LENDER/AGENTS AS default, on July 19, 2010, I will issue an Affidavit
of Non Response.

**I am not a party** to any dealings between LENDER/AGENTS AS and DIANA M. WEST AND THOMAS F. WEST, and am merely acting as an Escrow Agent (a neutral third party who ensures that all conditions of a transaction are met) to tender to you the funds during the time allotted. It is my responsibility to report either a successful exchange with, or a non-response by, LENDER/AGENTS.

Sincerely yours,

Cynthia L. Castellanos, Escrow/Notary Agent
cc: DIANA M. AND THOMAS F. WEST

## ASSEVERATION OF MAILING

I, _Thomas Frank West_ do hereby solemnly declare, that on _July 7,_ 20 _10_, I did cause to be delivered by Express private courier and/or First Class Certified US Mail, a true and correct copy of the foregoing instrument, including true and correct copies of all/any documents referenced therein as "attached hereto", to the parties and locations listed below:

Witness Signature _Charles E Potter_

If witness is a Notary:

Commission expires _N/A_, 20___

**CYNTHIA L. CASTELLANOS**, Notary
3316 Mastercraft Avenue, North Las Vegas, NV  89031


**Re: Funds in the amount of $111,278.23 held in Escrow for BANK OF AMERICA to settle Account No. 23406067-1; Original Note Requested and Required for Release of funds; Funds Available until July 19, 2010.**

Copy to:
Bank of America
Barbara Desoer, President
PO Box 10227
Van Nuys, CA  91410

BAC Home Loans Servicing, LP
Attention:  Payoff Department, Mail Stop TX2-981-03-13
705 Corporate Drive
Plano, TX  75024-4100

By Certified mail# _____

**Note:**  Notary Public CYNTHIA L. CASTELLANOS  is not an attorney licensed to practice law in the state of NEVADA and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above referenced documents, and has no interest in any issue referenced therein. CYNTHIA L. CASTELLANOS  is NOT a party to this action and is ONLY acting in an authorized capacity as liaison to communications between the parties.



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

VAN NUYS CA 91410

| | | |
|---|---|---|
| Postage | $ | $0.44 | 0094 |
| Certified Fee | | $2.80 | |
| Return Receipt Fee (Endorsement Required) | | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.54 | 07/07/2010 |

Sent To  BANK of AMERICA
Street, Apt. No.; or PO Box No.  PO BOX 10827
City, State, ZIP+4  VAN NUYS CA 91410

PS Form 3800, August 2006                    See Reverse for Instructions

7010 0780 0002 2809 7313

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BANK OF AMERICA
BARBARA DESOER, TRES
PO BOX 10827
VAN NUYS CA 91410

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  MARTIN PUERTAS    ☐ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)    7010 0780 0002 2809 7313

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PLANO TX 75024

| | | |
|---|---|---|
| Postage | $ | $0.44 | 0094 |
| Certified Fee | $2.80 | |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $5.54 | 09/06/2010 |

JUL 7 2010

Sent To _BAC Home Loans Servicing_
Street, Apt. No.; or PO Box No. _7105 Corporate Dr_
City, State, ZIP+4 _Plano TX 75024-4100_

PS Form 3800, August 2006          See Reverse for Instructions

Article Number: 7010 0780 0002 2809 7320

---

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BAC Home Loans Servicing
Attn Tryoff Dept
Mail Skp TX-2-981-0313
7105 Corporate Dr
Plano TX 75024-4100

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Bank of America Home Loans_          ☐ Agent   ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery
_Bank of America Home Loans Plano, TX 75024_

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*          ☐ Yes

2. Article Number
   *(Transfer from service label)*          7010 0780 0002 2809 7320

PS Form **3811**, February 2004          Domestic Return Receipt          102595-02-M-1540

In care of: Cynthia L. Castellanos, Notary
For: DIANA M. WEST AND THOMAS F. WEST
3316 Mastercraft Avenue, North Las Vegas, NV 89031

Certified Mail # 7010 0780 0002 9809 7399
Return Receipt Requested

July 13, 2010

To:   Bank of America
      (hereafter referred to as LENDER/AGENTS)
      Barbara Desoer, President
      PO Box 10227
      Van Nuys, CA  91410

      BAC Home Loans Servicing, LP
      (hereinafter referred to as LENDER/AGENTS)
      Attention:  Payoff Department, Mail Stop TX2-981-03-13
      705 Corporate Drive
      Plano, TX  75024-4100

Re: Funds in the amount of $111,278.23 held in Escrow for LENDER/AGENTS; to settle
Account No. 23406067-1; Original Note Requested and Required for Release of funds; Funds
Available until July19, 2010.

**Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent**

**Notice of Opportunity to Cure!** Please advise me within 72 Hours that the Note will be
produced and the Funds will be held and be made available for your collection.

Dear Barbara Desoer:

At the request of DIANA M. WEST AND THOMAS F. WEST, I am in receipt, **as
Escrow Agent**, of "legal tender funds" in the amount of $111,278.23 to be paid to
LENDER/AGENTS upon production of the original (wet ink signature) promissory note held by
you as collateral on loan number 23406067-1.

At your earliest convenience, please collect the funds **by tendering the original (wet ink
signature) note to me** by July 19, 2010.  DIANA M. WEST AND THOMAS F. WEST requires
this so that the note may not be represented for collection. Upon receipt of the original (wet ink
signature) note, I will forward full payment of $111,278.23 now held in escrow to you or the
agent you designate to receive funds. I am also available to personally exchange funds for the
instrument. Contact me as soon as possible to schedule a meeting. DIANA M. WEST AND
THOMAS F. WEST will require that I return their payment to them on July19, 2010, so please
do not delay. Should LENDER/AGENTS default, on July 19, 2010, I will issue an Affidavit of
Non Response.

**I am not a party** to any dealings between LENDER/AGENTS  and DIANA M. WEST AND THOMAS F. WEST and am merely acting as an Escrow Agent (a neutral third party who ensures that all conditions of a transaction are met) to tender to you the funds during the time allotted. It is my responsibility to report either a successful exchange with, or a non-response by, LENDER/AGENTS.

Sincerely yours,

Cynthia L. Castellanos, Notary
cc: DIANA M. WEST AND THOMAS F. WEST

## ASSEVERATION OF MAILING

I, Cynthia L. Castellanos, do hereby solemnly declare, that on July _13_, 2010, I did cause to be delivered by Express private courier and/or First Class Certified US Mail, a true and correct copy of the foregoing instrument, including true and correct copies of all/any documents referenced therein as "attached hereto", to the parties and locations listed below:

Witness Signature _Charline E Dotter_

Cynthia L. Castellanos, Notary Public
3316 Mastercraft Ave., North Las Vegas, NV 89031


**Re: Funds in the amount of $111,278.23 held in Escrow for Bank of America; to settle Account No. 023406067-1; Original Note Requested and Required for Release of funds; Funds Available until July 19, 2010.**

Copy to:
Bank of America
Barbara Desoer, President
PO Box 10227
Van Nuys, CA  91410

BAC Home Loans Servicing, LP
Attention:  Payoff Department, Mail Stop TX2-981-03-13
705 Corporate Drive
Plano, TX  75024-4100


By Certified mail# _____


**Note:** Notary Public CYNTHIA L. CASTELLANOS is not an attorney licensed to practice law in the state of Nevada and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above referenced documents, and has no interest in any issue referenced therein. Cynthia L. Castellanos is NOT a party to this action and is ONLY acting in an authorized capacity as liaison to communications between the parties.

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

PLANO TX 75024

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.54 |

Postmark Here

JUL 13 2010

07/13/2010

Sent To: BAC Home Loans Servicing
Street, Apt. No.; or PO Box No. 705 Corporate Dr
City, State, ZIP+4 Plano TX 75024-4100

PS Form 3800, August 2006        See Reverse for Instructions

7010 0780 0002 2809 7399

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BAC Home Loans Servicing
Home Payoff Dept
Mail Stop TX2-981-03-13
705 Corporate Dr.
Plano TX 75024-4100

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature    Bank of America Home Loans    ☐ Agent
X    Plano Mail Center    ☐ Addressee
B. Received by (Printed Name)    Plano, TX 75024    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☑ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7010 0780 0002 2809 7399

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

In care of: Cynthia L. Castellanos, Notary
For: DIANA M. WEST AND THOMAS F. WEST
3316 Mastercraft Avenue, North Las Vegas, NV  89031

Certified Mail # *7010·0780 0002 2807 7705*
Return Receipt Requested

July *13*, 2010

To:    Bank of America
       (hereafter referred to as LENDER/AGENTS)
       Barbara Desoer, President
       PO Box 10227
       Van Nuys, CA  91410

       BAC Home Loans Servicing, LP
       (hereinafter referred to as LENDER/AGENTS)
       Attention:  Payoff Department, Mail Stop TX2-981-03-13
       705 Corporate Drive
       Plano, TX  75024-4100

Re: Funds in the amount of $111,278.23 held in Escrow for LENDER/AGENTS; to settle
Account No. 23406067-1; Original Note Requested and Required for Release of funds; Funds
Available until July19, 2010.

**Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent**

**Notice of Opportunity to Cure!** Please advise me within 72 Hours that the Note will be
produced and the Funds will be held and be made available for your collection.

Dear Barbara Desoer:

      At the request of DIANA M. WEST AND THOMAS F. WEST, I am in receipt, **as
Escrow Agent**, of "legal tender funds" in the amount of $111,278.23 to be paid to
LENDER/AGENTS upon production of the original (wet ink signature) promissory note held by
you as collateral on loan number 23406067-1.

At your earliest convenience, please collect the funds **by tendering the original (wet ink
signature) note to me** by July 19, 2010.  DIANA M. WEST AND THOMAS F. WEST requires
this so that the note may not be represented for collection. Upon receipt of the original (wet ink
signature) note, I will forward full payment of $111,278.23 now held in escrow to you or the
agent you designate to receive funds. I am also available to personally exchange funds for the
instrument. Contact me as soon as possible to schedule a meeting. DIANA M. WEST AND
THOMAS F. WEST will require that I return their payment to them on July19, 2010, so please
do not delay. Should LENDER/AGENTS default, on July 19, 2010, I will issue an Affidavit of
Non Response.

**I am not a party** to any dealings between LENDER/AGENTS  and DIANA M. WEST AND THOMAS F. WEST and am merely acting as an Escrow Agent (a neutral third party who ensures that all conditions of a transaction are met) to tender to you the funds during the time allotted. It is my responsibility to report either a successful exchange with, or a non-response by, LENDER/AGENTS.

Sincerely yours,

Cynthia L. Castellanos, Notary
cc: DIANA M. WEST AND THOMAS F. WEST

## ASSEVERATION OF MAILING

I, Cynthia L. Castellanos, do hereby solemnly declare, that on July *13*, 2010, I did cause to be delivered by Express private courier and/or First Class Certified US Mail, a true and correct copy of the foregoing instrument, including true and correct copies of all/any documents referenced therein as "attached hereto", to the parties and locations listed below:

Witness Signature _____

Cynthia L. Castellanos, Notary Public
3316 Mastercraft Ave., North Las Vegas, NV 89031


**Re: Funds in the amount of $111,278.23 held in Escrow for Bank of America; to settle Account No. 023406067-1; Original Note Requested and Required for Release of funds; Funds Available until July 19, 2010.**

Copy to:
Bank of America
Barbara Desoer, President
PO Box 10227
Van Nuys, CA  91410

BAC Home Loans Servicing, LP
Attention:  Payoff Department, Mail Stop TX2-981-03-13
705 Corporate Drive
Plano, TX  75024-4100


By Certified mail# _____


**Note:**  Notary Public CYNTHIA  L. CASTELLANOS  is not an attorney licensed to practice law in the state of Nevada  and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above referenced documents, and has no interest in any issue referenced therein. Cynthia L. Castellanos is NOT a party to this action and is ONLY acting in an authorized capacity as liaison to communications between the parties.

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

VAN NUYS CA 91410

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.54 |

Postmark Here
JUL 13 2010
07/13/2010

Sent To  BANK OF AMERICA
Street, Apt. No.; or PO Box No.  PO BOX 10227
City, State, ZIP+4  VAN NUYS CA 91410

PS Form 3800, August 2006          See Reverse for Instructions

7010 0780 0002 2809 7405

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BANK OF AMERICA
BARBARA DESLER, PRES.
PO BOX 10227
VAN NUYS CA 91410

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  MARI...                    ☐ Agent
                              ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)   7010 0780 0002 2809 7405

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**EXHIBIT F**

## AFFIDAVIT -
## COMMERCIAL OATH AND VERIFICATION
### and Final Notice of Default

| | |
|---|---|
| The State of Nevada | ) |
| | Commercial Oath and Verification |
| County of Clark | ) |

Cynthia L. Castellanos, Notary Public, acting as a neutral third party Escrow Agent under her Commercial Oath with unlimited liability, proceeding in good faith being of sound mind states that the facts contained herein are true, correct, complete and not misleading to the best of her private firsthand knowledge and belief under penalty of International Commercial Law.

**RE: Lender Account# 23406067-1**                **HAND DELIVERED**

1. I have seen the evidence that shows the Respondent Barbara Desoer, President, of Bank of America (hereafter referred to as LENDER/AGENTS) named in DIANA M. WEST AND THOMAS F. WEST'S administrative remedy "Conditional Acceptance of Your Offer and Complaint charging me $111,278.23 (with fees and costs) and the Terms of Contract" was duly served by Certified Mail on or before July 2, 2010. With notice to collect the funds held in Escrow and to produce the original promissory note held by LENDER/AGENTS was duly served by Certified Mail on or before July 12, 2010.

2. That **10** calendar days for LENDER/AGENTS to withdraw the complaint, claim, and/or demand for payment, and refuse DIANA M. WEST AND THOMAS F. WEST'S self-executing contract expired on July 12, 2010.

3. That **15** calendar days to collect the $111,278.23 and produce the original note held by LENDER/AGENTS concluded on July 19 , 2010.

4. That the NOTICE OF FAULT was received on or about July 16 , 2010 and 3 day OPPORTUNITY TO CURE commenced on July 13 ,2010.

5. That the 3 days to cure concluded on July 19 , 2010 with 3 days allowed for mailing.

6. That the 3 days for mailing commenced on July 13, 2010 and concluded July 19, 2010.

7. That no complete response to any of the above notices is evidenced by U.S. MAIL and any other private carrier.

8. That the Respondent, Barbara Desoer, President of LENDER/AGENTS is **now in DEFAULT** without recourse and is found in agreement and harmony with the Declarant, DIANA M. WEST AND THOMAS F. WEST, in their "Conditional Acceptance of Your Offer and Complaint charging me $111,278.23 (with fees and costs) and the Terms of Contract." Which terms instructed me to hold $111,278.23 in legal tender funds for collection by LENDER/AGENTS upon production of the original (wet ink signature) note held by LENDER/AGENTS.

9. That LENDER/AGENTS have been notified and agreed, by their silence, to Treble Damages separately and equally totaling $333,834.69. Delivery of this document shall act as the bill for these agreed Treble damages.

10. It was further established, that **Non-response or incomplete response** would grant the original Grantor/Trustor DIANA M. WEST AND THOMAS F. WEST, the right to act as or appoint an agent of the bank for removal of current power of attorney and subsequent

appointment of successor trustee, for the purposes of filing a Full Reconveyance of the original Deed of Trust or Mortgage instrument, thus finalizing the lender's claim as satisfied in full.

## AFFIDAVIT - COMMERCIAL OATH AND VERIFICATION

NOTARY further sayeth naught.

SUBSCRIBED AND SWORN          x _____

CYNTHIA L. CASTELLANOS
NOTARY, Acting Escrow Agent

**NOTARY WITNESS ABOVE SIGNATURE**

State of Nevada

County of Clark

**Subscribed and sworn to** (or affirmed) before me on this 24th day of July , 20 10, by
Cynthia L Castellanos _____, proved to me on the basis of satisfactory evidence to be the

person(s) who appeared before me.

Signature _____ (seal)

Commission expires 10-10 , 20 12

JOSEPH S. MILLETT
Notary Public, State of Nevada
Appointment No. 09-9107-1
My Appt. Expires Oct 10, 2012

ORIGINAL to:  DIANA M. WEST AND THOMAS F. WEST
COPIES TO: lenders, servicers, trustee, and agents

## ASSEVERATION OF MAILING

I, CYNTHIA L. CASTELLANOS,  do hereby solemnly declare, that on
July 28, 2010     2010, I did cause to be delivered by Express private courier
and/or First Class Certified US Mail, a true and correct copy of the foregoing instrument,
including true and correct copies of all/any documents referenced therein as "attached
hereto", to the parties and locations listed below:

Witness Signature

**Re:  AFFIDAVIT - COMMERCIAL OATH AND VERIFICATION and Final Notice of Default**

Copy to:
Bank of America
Barbara Desoer, President
PO Box 10227
Van Nuys, CA  91410

BAC Home Loans Servicing, LP
Attention:  Payoff Department, Mail Stop TX2-981-03-13
705 Corporate Drive
Plano, TX  75024-4100

By Certified mail#  7010 0780 0002 2809 7450
                    7010 0780 0002 2809 7467

**Note:**  Notary Public CYNTHIA L. CASTELLANOS  is not an attorney licensed to practice law in the state of Nevada and has not given legal
advice or accepted fees for legal advice; provided no assistance in the preparation of the above referenced documents, and has no interest in any
issue referenced therein. CYNTHIA L. CASTELLANOS  is NOT a party to this action and is ONLY acting in an authorized capacity as liaison
to communications between the parties.

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

VAN NUYS CA 91410 O F F I C I A L U S E

| | | |
|---|---|---|
| Postage | $ $0.44 | 0094 |
| Certified Fee | $2.80 | 13 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.54 | 07/28/20 |

7010 0780 0002 2809 7450

Sent To BANK of AMERICA
Street, Apt. No.; or PO Box No. PO Box 10227
City, State, ZIP+4 VAN Nuys CA 91410

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of America
BARBARA DESOER, PRES
PO Box 10227
VAN Nuys CA 91410

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X MARI ☐ Agent ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)     7010 0780 0002 2809 7450

PS Form **3811**, February 2004     Domestic Return Receipt     102595-02-M-1540

**U.S. Postal Service** (TM)
**CERTIFIED MAIL** (TM) **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

PLANO TX 75024

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.54 |

0094
13
Postmark Here
09/28/2010

7010 0780 0002 2809 7467

Sent To BAC Home Loans Servicing
Street, Apt. No.; or PO Box No. 705 Corporate Dr
City, State, ZIP+4 Plano TX 75024-4100

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BAC Home Loans Servicing
Attn: Payoff Dept
Mail Stop TX2-981-03-13
705 Corporate Dr
Plano TX 75024-4100

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
Bank of America Home Loans
X Plano Mail Center
Plano TX 75024          ☐ Agent  ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)     7010 0780 0002 2809 7467

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT G**

**In care of: CYNTHIA L. CASTELLANOS,**
**Notary**
**For:** DIANA M. WEST AND THOMAS F. WEST
c/o 3316 Mastercraft Avenue
North Las Vegas, NV  89031


**Date:  August 3, 2010**                     **Via Certified Mail**


**TO:**   QUICKEN LOANS, INC.
          Thomas Dempsey, Director of Mortgage Banking
          20555 Victor Parkway
          Livonia, MI  48152

          BANK OF AMERICA
          Barbara Desoer, President
          PO Box 10227
          Van Nuys, CA  91410

          "MERS"  - Mortgage Electronic Registration Systems, Inc.
          P. O. Box 2026
          Flint, MI  48501-2026

          FANNIE MAE
          13150 World Gate Drive
          Herndon, VA  20170

          ORANGE COAST TITLE COMPANY - Corporate
          Bill Burding, Exective Vice President/Counsel/Nevada State Manager
          640 N. Tustin Avenue, #106
          Santa Ana, CA  92705

          Clark County Sheriff Douglas Gillespie and each and every un-named Sheriff's Deputy,
          regardless of rank
          c/o Las Vegas Metropolitan Police Department
          3141 Sunrise Avenue
          Las Vegas, NV  89101

**Re:**   Original Loan #23406067
          Commonly Known Address: 5620 Scenic Pointe Avenue, Las Vegas, NV  89130
          Deed of Trust Record: #20030410-00974;  Record Date: April 10, 2003

### Notice of Right to Cancel - TILA
Notice to Agent is Notice to Principal    Notice to Principal is Notice to Agent

**Parties:** DIANA M. WEST AND THOMAS F. WEST (Alleged Borrower(s) hereinafter **Borrower(s))** – and Bank of America

**Attention:** QUICKEN LOANS, INC.; BANK OF AMERICA; "MERS", FANNIE MAE, ORANGE COAST TITLE COMPANY, CLARK COUNTY SHERIFF DOUGLAS GILLESPIE and each and every un-named Sheriff's Deputy, regardless of rank.

This communication will serve as my ***Notice of Right to Cancel*** dated August 3, 2010.  TILA (Truth in Lending Act, 15 USC §1601 et seq; 12 CFR Part 226) allows three (3) days to review Disclosure Documents.  However, the referenced 'Three Day Right to Cancel' must have a trigger to begin. That trigger, is when the Lender has provided the Borrower with <u>ALL</u> of the required Disclosures under TILA, and that the same are true, complete, accurate, and timely provided.  It is our belief ALL disclosures were not accurately or clearly made.

Being as the entire purported loan/mortgage process and Deed of Trust referenced herein and throughout, was clearly obtained by wrongful acts of fraud, fraudulent inducement, concealment, and fraudulent misrepresentation, the borrower has other recourse, right, and cause of action under numerous state and federal statutes. Acts of fraud taint/void everything it touches as the US Supreme Court has declared: "***There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments.***" (United States v. Throckmorton, 98 U.S. 61). In a case of fraud or incomplete disclosure, the right to cancel may not even apply, since fraud cancels contracts anyway.

To this date, Lender has <u>never</u> provided Borrower with true, complete, accurate or timely documents as required. <u>ONLY AFTER</u> such provision has been done, can the '3 DAY RIGHT TO CANCEL' period begin. If the required full Disclosure(s) have not been provided, then the period in which to Cancel is extended for up to three (3) years, OR until Lender moves to foreclose.

The records thus far evidence that DIANA M. WEST AND THOMAS F. WEST has paid to Escrow Agent the sum of $111,278.23 for collection by BANK OF AMERICA., upon receipt by Escrow Agent of the original (wet ink signature) note claimed to be held by BANKOF AMERICA., that, after notice and opportunity BANK OF AMERICA, **failed to bring forward said note and failed to collect tendered payment.** Under the now executed terms of that certain self executing contract (attached), BANK OF AMERICA and all parties agreed that BANK OF AMERICA did not have said note; have brought a false claim and have therefore agreed to pay to DIANA M. WEST AND THOMAS F. WEST treble damages. BANK OF AMERICA have agreed under UCC 3-603, that their refusal of tender of payment is full settlement; that the alleged debt of $111,278.23 **is settled in full**. Therefore DIANA M. WEST AND THOMAS F. WEST  has requested to cancel within the stipulated three day time period, while still waiting to receive all Truth-in-Lending disclosures as required by Federal Law, the same of which have

never been received.  DIANA M. WEST AND THOMAS F. WEST has good cause to **rescind the alleged mortgage contract due to fraud** by BANK OF AMERICA as admitted by them due to their default under the terms of said self-executing contract. Since the agent for DIANA M. WEST AND THOMAS F. WEST has tendered payment to BANK OF AMERICA, which tender of payment has been dishonored by BANK OF AMERICA therefore in accordance with UCC 3-603, the purported loan # 23406067-1 **is now settled in full**.  In addition, a close perusal/audit of Borrower's mortgage documents has revealed certain Disclosure Violations; and, that the Borrower has the remedial right and remedy (UCC 1-201 (32) (34)), inter alia, to invoke his Right of Rescission (ROR) as further evidenced by the original NOTICE OF RIGHT TO CANCEL. You will also please find Borrower's signed and dated NOTICE to the Lender(s), Successor(s) and Beneficiary as stated on the NOTICE OF RIGHT TO CANCEL, if provided in the loan package. If such Notice was not provided, **this written Notice of communication is provided in lieu thereof**.

**After sufficient NOTICE has been given to (alleged) Lender, the Lender is required by Federal Law to CANCEL any lien(s) and to CANCEL any security interest on the Borrower's home within twenty (20) days. The Lender must also return any money, interest, fee, and/or property to Borrower, as well as any money/funds given to any persons or other fiction in law/entity in connection with said transaction.**

In accordance with both State and Federal law or until the Lender complies, Borrower may retain the proceeds of the transaction. If it should be 'impractical' or 'unfair' for the Borrower to return the property when gross discrepancies, fraud, or other wrongful acts are discovered - then he/she/they may offer its 'Reasonable Value'. In the event the Lender should fail or refuse to take possession of the property or return the borrower's money offer within twenty (20) days ... **Borrower may then regain/acquire all rights to clear title and re-conveyance** under Federal Law and provisions of TILA. The notified LENDER/AGENT agrees that a non-response or incomplete response, which shall be deemed a non-response, would grant the original Grantor/Trustor DIANA M. WEST AND THOMAS F. WEST the right to act as or to appoint an agent of the bank for removal of current power of attorney and subsequent appointment of successor trustee for the purposes of filing a Full Reconveyance of the original Deed of Trust or filing a Satisfaction of Mortgage/ Release of Lien of the original Mortgage instrument, thus finalizing the lender's claim as satisfied in full.

**Additionally,** Borrower has the right to offer Lender a Reasonable Value. **However,** the penalty that a bank can face for violations of TILA and other State and Federal law can be as much as triple damages . . . i.e., triple the amount of the interest the bank stood to fraudulently make off of the mortgage/loan transaction, which BANK OF AMERICA, have agreed to pay. Therefore, the borrower hereby in good faith make the following offer: **Borrower will forgive** QUICKEN LOANS, INC.; BANK OF AMERICA; "MERS"; FANNIE MAE; ORANGE COAST TITLE COMPANY any liability incurred by its wrongful actions, provided QUICKEN LOANS, INC.; BANK OF AMERICA; "MERS"; FANNIE MAE; ORANGE COAST TITLE COMPANY rightfully acknowledge that Borrower has settled the full amount of the alleged mortgage by his

Page 4 of 6

tender of payment which you dishonored; **that you admit that no "loan" was ever made** and that your claim is void due to your fraud. In addition, Borrower makes the one time demand of $333,834.69 (treble damages) from **each party** for the loss, damage, and injury they have sustained as admitted by BANK OF AMERICA ; and, that QUICKEN LOANS, INC.; BANK OF AMERICA; "MERS"; FANNIE MAE; ORANGE COAST TITLE COMPANY **also remove all/any negative comments on Borrower's credit report attributed to this transaction.**

**Any default, failures, or non-compliance on the Lender's part to perform as herein directed within twenty (20) days of receipt shall constitute this Notice of Right to Cancel as valid and fully agreed/accepted pursuant to the terms and conditions as set forth herein and throughout.**

Sincerely,


THOMAS F. WEST


DIANA M. WEST

**NOTARY WITNESS**

State of _Nevada_

County of _Clark_

**Subscribed and sworn to** (or affirmed) before me on this _3rd_ day of _August_ ,

20 _10_ , by _Thomas F. West & Diana M. West_ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (seal)

Commission expires _11 / 21 / 2013_

CYNTHIA L. CASTELLANOS
Notary Public, State of Nevada
Appointment No. 09-11335-1
My Appt. Expires Nov 21, 2013

Page 5 of 6

## ASSEVERATION OF MAILING

I, _Thomas West_ do hereby solemnly declare, that on _August 4_ 20_10_ , I did cause to be delivered by Express private courier and/or First Class Certified US Mail, a true and correct copy of the foregoing instrument, including true and correct copies of all/any documents referenced therein as "attached hereto", to the parties and locations listed below:

Witness Signature _Charlene Klotter_

If witness is a Notary:
Commission expires _____ 20____

CYNTHIA L. CASTELLANOS, Notary,
3316 Mastercraft Avenue, North Las Vegas, NV 89031

### RE: Notice of Right to Cancel - TILA

Copy to:
QUICKEN LOANS, INC.          By Certified mail# _7010 0780 0002 2809 7528_
Thomas Dempsey, Director of Mortgage Banking
20555 Victor Parkway
Livonia, MI 48152

BANK OF AMERICA          By Certified mail# _7010 0780 0002 2809 7511_
Barbara Desoer, President
PO Box 10227
Van Nuys, CA 91410

"MERS"          By Certified mail# _7010 0780 0002 2809 7504_
P.O. BOX 2026
FLINT, MI 48501-2026

FANNIE MAE          By Certified mail # _7010 0780 0002 2809 7498_
13150 World Gate Drive
Herndon, VA 20170

ORANGE COAST TITLE COMPANY          By Certified mail # _7010 0780 0002 2809 7481_
Bill Burding
Executive Vice President/Counsel/State Manager
640 N. Tustin Avenue, #106
Santa Ana, CA 92705

Page 6 of 6

## ASSEVERATION OF MAILING, cont'd

Clark County Sheriff Douglas Gillespie        By Certified mail # *7010018000022809747*
and each and every un-named Sheriff's Deputy,
regardless of rank
c/o Las Vegas Metropolitan Police Department
3141 Sunrise Avenue
Las Vegas, NV  89101


**Note:**  Notary Public CYNTHIA L. CASTELLANOS is not an attorney licensed to practice law in the
state of  NEVADA and has not given legal advice or accepted fees for legal advice; provided no
assistance in the preparation of the above referenced documents, and has no interest in any issue
referenced therein. CYNTHIA L. CASTELLANOS is NOT a party to this action and is ONLY acting in
an authorized capacity as liaison to communications between the parties.

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

VAN NUYS CA 91410

| | | |
|---|---|---|
| Postage | $ | $1.22 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $6.32 |

0094

Postmark Here

08/04/2010

Sent To *Bank of America*
Street, Apt. No.; or PO Box No. *PO Box 10227*
City, State, ZIP+4 *Van Nuys CA 91410*

PS Form 3800, August 2006          See Reverse for Instructions

7010 0780 0002 2809 7511

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Bank of America*
*Barbara Desoer, Pres*
*PO Box 10227*
*Van Nuys CA*
*91410*

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____ ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
*Faustino*

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
*(Transfer from service label)*   7010 0780 0002 2809 7511

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**U.S. Postal Service** ™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

FLINT MI 48501

| | | |
|---|---|---|
| Postage | $ $1.22 | 0094 |
| Certified Fee | $2.80 | |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $6.32 | 08/04/2010 |

AUG 4 2010

Sent To  *MERS*

Street, Apt. No.; or PO Box No.  *PO Box 2026*

City, State, ZIP+4  *Flint MI 48501-2026*

PS Form 3800, August 2006          See Reverse for Instructions

7010 0780 0002 2809 7504

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   *MERS*
   *PO Box 2026*
   *Flint MI 48501-2026*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

   AUG 1 0 2010

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? ( *Extra Fee* )   ☐ Yes

2. Article Number
   *(Transfer from service label)*   7010 0780 0002 2809 7504

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

LIVONIA MI 48152

| | |
|---|---|
| Postage | $ $1.22 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $6.32 |

Postmark Here

08/04/2010

Sent To *Quicken Loans*
Street, Apt. No.; or PO Box No. *90555 Victor Parkway*
City, State, ZIP+4 *Livonia MI 48152*

PS Form 3800, August 2006          See Reverse for Instructions

7010 0780 0002 2809 7528

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Quicken Loans Inc*
*Thomas Dempsey*
*Director of Mtg Banking*
*90555 Victor Pkwy*
*Livonia MI 48152*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from service label)*

7010 0780 0002 2809 7528

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

HERNDON VA 20170

| | | |
|---|---|---|
| Postage | $ | $1.22 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $6.32 |

Postmark Here

08/04/2010

Sent To
FANNIE MAE
Street, Apt. No.; or PO Box No.
13150 WORLDGATE DR
City, State, ZIP+4
HERNDON VA 20170

PS Form 3800, August 2006     See Reverse for Instructions

7010 0780 0002 2809 7498

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FANNIE MAE
13150 WORLDGATE DR
HERNDON VA 20170

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____   ☐ Agent
                      ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
                                   8/9/10

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
   *(Transfer from service label)*   7010 0780 0002 2809 7498

PS Form **3811**, February 2004       Domestic Return Receipt       102595-02-M-1540

**U.S. Postal Service** ™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

SANTA ANA CA 92705

| | | |
|---|---|---|
| Postage | $ | $1.22 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $6.32 |

Postmark Here

08/04/2010

7010 0780 0002 2809 7481

Sent To ORANGE COAST Title Co-Corp
Street, Apt. No.; or PO Box No. 640 N. TuSTin AvE #106
City, State, ZIP+4 SANTA ANA CA 92705

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ORANGE COAST Title Co-Corp
BILL Burding
EXEC VP/COUNSEL /NV St M/R
640 N. TuSTin AvE
#106
SANTA ANA CA 92705

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____   ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
DENA S.                           8/6/10

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7010 0780 0002 2809 7481

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

CERTIFICATE OF MAILING

I, Thomas F. West, hereby certifies that a copy of the Reply to Defendants Opposition To Motion for Summary Judgment filed on the 25 day of January, 2011, in the above-entitled case was mailed by me on January 25, 2011 by depositing copies thereof in a sealed envelope, first-class postage prepaid, in the United States mail, to

> Ariel E. Stern, Esq.
> Akerman Senterfitt LLP
> 400 South Fourth Street, Suite 450
> Las Vegas, NV 89101

> Christine M. Parvan, Esq.
> Akerman Senterfill LLP
> 400 South Fourth Street, Suite 450
> Las Vegas, NV 89109

> Bank of America, N.A.
> Brian Maynihan, President, CEO
> 100 N. Tyron St.
> Charlotte, NC 28263

> Bank of America Home Loans
> Barbara J. Desoer, President
> 1757 Tapo Canyon Road
> Simi Valley, CA 93063

> BAC Home Loans Servicing, LP
> 400 National Way
> Simi Valley, CA 93065-6285

> MERS - Mortgage Electronic Registration Systems
> RK Arnold, President CEO
> 1818 Library Street, Suite 300
> Reston, VA 20190

Dated: January 25, 2011

Thomas F. West
Plaintiff
In Proper Person

16