ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
Telephone:    (702) 634-5000
Facsimile:    (702) 380-8572
Email: ariel.stern@akerman.com
Email: christine.parvan@akerman.com

*Attorneys for Defendant*
*BAC Home Loans Servicing, LP (as named*
*and also improperly named as Bank of*
*America Home Loans),*
*Bank of America, N.A. and MERS*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS F. WEST and DIANA M. WEST,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA HOME LOANS; BANK OF AMERICA N.A.; BAC HOME LOANS SERVICING, LP; and MERS (Mortgage Electronic Registration Systems),<br><br>Defendants. | Case No.: 2:10-cv-01966-JCM-PAL<br><br>**OPPOSITION TO PLAINTIFFS' IMPROPER JOINDER OF RECONTRUST** |

Defendants BAC Home Loans Servicing, LP (as named and also improperly named as Bank of America Home Loans) ("BAC"), Bank of America N.A. ("BOA N.A."), Mortgage Electronic Registration Systems ("MERS") (collectively "Defendants") and purported defendant ReconTrust Company, N.A. ("ReconTrust") hereby file their Opposition to Plaintiffs' improper "joinder" of purported defendant ReconTrust. Not only is Plaintiffs' "joinder" procedurally improper, but even if Plaintiffs had brought a proper motion for leave to amend the complaint and/or add a party, such motion would be untimely, as the deadline set by this Court to add parties has already passed.

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On April 4, 2003, Quicken Loans Inc. ("Quicken") loaned Plaintiffs $123,900.00 ("the loan") to purchase the property located at 5620 Scenic Pointe Avenue, Las Vegas, Nevada 89130, Parcel #125-25-414-006 ("the property"). On April 10, 2003, the loan was secured by a deed of trust on the property recorded in the Clark County Recorder's Office. Mortgage Electronic Registration Systems, Inc. ("MERS") acted as nominee for Quicken and was the nominal beneficiary under the deed of trust. Orange Coast Title Company was the trustee.[1] On October 13, 2010, Plaintiffs filed their Complaint against BAC (improperly named as "Bank of America Home Loans"). On November 22, 1010, Plaintiffs filed an Amended Complaint, naming BAC Home Loans Servicing, LP (as named and also improperly named as Bank of America Home Loans) ("BAC"), Bank of America N.A. ("BOA N.A."), and Mortgage Electronic Registration Systems ("MERS") as Defendants. Shortly after filing their original complaint, Plaintiffs became delinquent on their mortgage payments. As a result, ReconTrust, the properly substituted trustee, On or about April 19, 2011, the same day that the loan and deed of trust were assigned to BAC and the same day that ReconTrust was substituted as trustee, ReconTrust properly recorded a Notice of Default (attached to Plaintiffs' Joinder as Exhibit C). Plaintiffs now attempt to improperly "join" ReconTrust as a defendant even though: (1) "joinder" is not the proper procedural method to add ReconTrust as a party; and (2) even if Plaintiffs had employed the proper procedure and filed a motion to amend their complaint to add ReconTrust as a defendant, the deadline to file such a motion has passed and Plaintiffs are barred from adding ReconTrust as a defendant in the instant action.

---

[1] Following Plaintiffs' filing of the instant action, on or about April 18, 2011, MERS executed a "Substitution of Trustee and Full Reconveyance" to ReconTrust and recorded same on April 19, 2011 in the Clark County Recorder's Office (attached to Plaintiffs' Joinder, along with the assignment of deed of trust, as Plaintiffs' Exhibit B).
On or about April 18, 2011, MERS assigned the subject deed of trust, together with the subject loan, to BAC and recorded the assignment on April 19, 2011 (attached to Plaintiffs' Joinder, along with the Substitution of Trustee, as Exhibit B).

{LV031880;1}  2

## II.

## LEGAL ARGUMENT

A.  **"Joinder" Is Not the Proper Method to Add a Party**

Plaintiffs attempt to "join" ReconTrust as a party is procedurally improper. Plaintiffs appear to rely on LR 19 and LR 20 for the proposition that "Defendants through their own actions have joined Recon [sic] as a Defendant."[2] Plaintiffs' Joinder, 2:20. Plaintiffs assertion is incorrect for two reasons: (1) Defendants cannot simply "join" another party due to their alleged "actions, and; (2) the proper method used to add a party is governed by LR 15-1, which governs the procedure employed to amend pleadings or add parties. Pursuant to LR 15-1, Plaintiffs must file a motion to amend with this Court. LR 15-1 provides:

> (a) Unless otherwise permitted by the court, the moving party shall attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading. An amended pleading shall include copies of all exhibits referred to in such pleading.
>
> (b) After the court has filed its order granting permission to amend, the moving pasty shall file and serve the amended pleading.

Here, Plaintiffs purport to add ReconTrust simply by filing a "joinder" with this Court. Plaintiffs have failed to file a motion to amend, along with a proposed amended pleading, in order to attempt to add ReconTrust as a proper defendant.

B.  **Any Attempt By Plaintiffs to Add Additional Parties is Untimely**

Even if Plaintiffs had filed a proper motion for leave to amend, along with the required proposed amended pleading, such motion is untimely, as the deadline to amend pleadings or add parties, as outlined in the discovery plan approved by this Court, was February 15, 2011. The close of discovery is May 15, 2011, just a few days from the filing of this Opposition. Plaintiffs should not be permitted to not only improperly, but also untimely, add a party to this litigation when discovery is on the verge of closing.

///

---

[2] It appears that Plaintiffs actually purportedly rely on FRCP 19 and 20, which govern the required and permissive joinder of parties, respectively.

{LV031880;1}   3

# III.

# CONCLUSION

For these reasons, Defendants and purported defendant ReconTrust respectfully request that this Court deny Plaintiffs' improper "joinder" of purported defendant ReconTrust.

DATED this 12th day of May, 2011.

**AKERMAN SENTERFITT LLP**

 /s/ Christine M. Parvan
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101

*Attorneys for Defendants*
*BAC Home Loans Servicing, LP, as named and also improperly named as Bank of America Home Loans, Bank of America N.A., MERS and purported defendant ReconTrust Company, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 12th day of May, 2011 and pursuant to Fed. R. Civ. P. 5(b), I served and deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **OPPOSITION TO PLAINTIFFS' IMPROPER JOINDER OF RECONTRUST**, postage prepaid (if necessary) to all parties listed as follows:

THOMAS F. WEST
DIANA M. WEST
5620 Scenic Pointe Avenue
Las Vegas, Nevada  89130

*Pro Se Plaintiffs*

/s/ Stacy Warner
An employee of AKERMAN SENTERFITT LLP

{LV031880;1}                    5