ARIEL E. STERN
Nevada Bar No. 8276
CHRISTINE M. PARVAN
Nevada Bar No. 10711
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
Telephone:     (702) 634-5000
Facsimile:     (702) 380-8572

*Attorneys for Defendants*
*BAC Home Loans Servicing, LP, as named and also*
*improperly named as Bank of America Home Loans,*
*Bank of America N.A., MERS and purported defendant*
*ReconTrust Company, N.A.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS F. WEST and DIANA M. WEST,<br><br>                    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA HOME LOANS, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP and MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS),<br><br>                    Defendant. | Case No.: 2:10-cv-01966-JCM-PAL<br><br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR SANCTIONS** |

Defendants BAC Home Loans Servicing, LP (as named and also improperly named as Bank of America Home Loans) ("BAC"), Bank of America N.A. ("BOA N.A."), Mortgage Electronic Registration Systems ("MERS") (collectively "Defendants") and purported defendant ReconTrust Company, N.A. ("ReconTrust")[1] hereby file their Opposition to Plaintiffs' motion for preliminary injunction and request for sanction. This Opposition is based on the pleadings and papers on file herein, along with the following Memorandum of Points and Authorities, and any and all oral argument as this Court may entertain at the hearing on this matter.

---

[1] Plaintiffs filed a "Joinder of ReconTrust Company, N.A. as Defendant" [Dkt. 34]. Defendants and purported defendant ReconTrust filed an Opposition based on: (1) Plaintiffs' failure to file a proper motion to amend, along with a proposed amended pleading; and (2) Plaintiffs' failure to file a timely motion to amend prior to the February 15, 2011 deadline imposed by this Court's discovery scheduling order.

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{LV031883;1}                                          1

1

2

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This is yet another lawsuit where plaintiff borrowers defaulted on their loan, yet seek through litigation to avoid their payment obligations.  Plaintiffs breached their promise to repay the money they borrowed.  Just prior to defaulting on their loan, they filed this case, purporting that they paid the loan in full with a worthless, fraudulent document, in an attempt to avoid the consequence of their non-payment.  In addition, Plaintiffs filed a Motion for a Preliminary Injunction ("Motion").  This Motion is baseless, as Plaintiffs have wholly failed to demonstrate an entitlement to a preliminary injunction.  In particular, Plaintiffs' Motion fails to establish that they are likely to succeed on the merits of their suit, that the balance of hardships favors their position, that the public interest will be served by granting the injunction, or that they are likely to suffer irreparable harm.  Plaintiffs have not demonstrated a single reason that their Motion should be granted.  Plaintiffs' Motion should be denied in its entirety.

### II.

### BACKGROUND FACTS

On April 4, 2003, Quicken Loans Inc. ("Quicken") loaned Plaintiffs $123,900.00 ("the loan") to purchase the property located at 5620 Scenic Pointe Avenue, Las Vegas, Nevada 89130, Parcel #125-25-414-006 ("the property").   On April 10, 2003, the loan was secured by a deed of trust on the property recorded in the Clark County Recorder's Office.  MERS acted as nominee for Quicken and was the nominal beneficiary under the deed of trust.  Orange Coast Title Company was the trustee.[2]  BAC services the loan (Account Number 23406067-1).  Following Plaintiffs' filing of the instant action, on or about April 18, 2011, MERS executed a "Substitution of Trustee and Full Reconveyance" to ReconTrust and recorded same on April 19, 2011 in the Clark County Recorder's Office.  On or about April 18, 2011, MERS assigned the subject deed of trust, together with the subject loan, to BAC and recorded the assignment on April 19, 2011.  On April 19, 2011 ReconTrust, as trustee, properly executed a "Notice of Default and Election to Sell" ("Notice of

---

[2] It appears that Plaintiffs subsequently entered into at least two (2) additional loan agreements, secured by additional deeds of trust, which are not at issue.

{LV031883;1}

2

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1    Default") as a result of Plaintiffs' default.  According to the Notice of Default, Plaintiffs' have been

2    in default since October 1, 2010.   To date, however, there is no impending sale; a sale date has not

3    even been scheduled.

4         Plaintiffs allege they paid off the loans in full by tendering copies of the "Notice of Fault

5    and Opportunity to Cure," "Notice of Right to Cancel – TILA," "Asseveration of Mailing," and

6    "Reply to Lender" (collectively the "Documents").  Amend. Compl. at 7:27-8:7.  This allegation is

7    false.  To the contrary, Plaintiffs breached their obligations to repay their loans.  As a result,

8    ReconTrust exercised its rights under the terms of the loan agreement and filed a Notice of Default.

9    Plaintiffs now bring a motion for a preliminary injunction, along with a request for sanctions,

10   alleging that ReconTrust cannot foreclose on the loan simply because this litigation is pending.  That

11   assertion is incorrect, and does not substantiate the imposition of a preliminary injunction or

12   sanctions.  Plaintiffs defaulted on their loan, and ReconTrust properly executed and recorded a

13   Notice of Default.

**III.**

**LEGAL ARGUMENT**

14   

15   

16   A.    <u>Applicable Standard</u>

17        "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

18   granted unless the movant, *by a clear showing*, carries the burden of persuasion."  *Mazurek v.*

19   *Armstrong*, 520 U.S. 968, 972 (1997) (internal quotation omitted).  In order to obtain a preliminary

20   injunction, Plaintiff must establish:  (a) that he has a probability of success on the merits, (b) that he

21   will likely suffer irreparable injury if injunctive relief is not granted, (c) that, in balancing the

22   equities, Defendants will not be harmed more than Plaintiff is helped by the injunction, and (d) that

23   granting the injunction is in the public interest. *See, e.g., Stanley v. Univ. of S. Cal.*, 13 F.3d 1313,

24   1319 (9th Cir. 1994).  Plaintiff "must" make a "clear showing" that he is "likely to succeed on the

25   merits" to prevail on his Application. *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

26        In recent years, the Ninth Circuit Court of Appeals has clarified the preliminary injunction

27   standard.  In *American Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th

28

1    Cir. 2009), the Ninth Circuit noted that "[i]n *Winter*, the [Supreme] Court reversed one of our

2    decisions, which, it determined, upheld a grant of a preliminary injunction by use of a standard that

3    was much too lenient."    Citing *Winter*, the Ninth Circuit unequivocally rejected the lenient

4    "alternate" standard it previously employed:

> As the [Supreme] Court explained, an injunction cannot issue merely
> because it is possible that there will be an irreparable injury to the
> plaintiff; ***it must be likely*** that there will be. . . . A plaintiff seeking a
> preliminary injunction must establish that he is likely to succeed on the
> merits, that he is likely to suffer irreparable harm in the absence of
> preliminary relief, that the balance of equities tips in his favor, and that
> an injunction is in the public interest. ***To the extent that our cases
> have suggested a lesser standard, they are no longer controlling, or
> even viable***.

*American Trucking*, 559 F.3d at 1052 (citations omitted) (emphasis added).

**B.      Plaintiffs Have No Likelihood of Success on the Merits**

Plaintiffs are not reasonably likely to succeed on any claim that would support

an injunction.    In particular, Plaintiffs have not tendered payment through their

production of a series of fraudulent documents.   Moreover, Plaintiffs' other claims are

similarly frivolous and have been consistently rejected by courts.   Plaintiffs' Motion

should be denied.

**1.      Plaintiffs' Failure to Properly Tender Bars Their Application**

Plaintiffs' Application should be denied because Plaintiffs have not made their mortgage

payments.   If a borrower who has defaulted on loan payments requests that a court exercise its

equitable powers in granting injunctive relief, the borrower must first "do equity" himself.  *Nolm,*

*LLC, v. County of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004); *Overhead Door Co. of Reno,*

*Inc., v. Overhead Door Corp.*, 103 Nev. 126, 127, 734 P.2d 1233, 1235 (1987).  Thus, in the context

of seeking equitable, injunctive relief from foreclosure proceedings, a defaulting borrower must first

tender the amount due and owing on the secured indebtedness.  *Arnolds Mgmt. Corp. v. Eischen*, 158

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{LV031883;1}                                              4

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1    Cal. App. 3d 575, 577 (1984).[3]

2    　　　　Courts have expanded the application of the "tender rule" to "any causes of action" that are

3    based upon allegations of wrongful foreclosure or seek redress from foreclosure. *Id.* at 578-580;

4    *Smith v. Wachovia Mortg. Corp.*, No. C 09-1300, 2009 WL 1948829, at \*3 (N.D. Cal. July 6, 2009)

5    (dismissing defaulting borrower's action to set aside sale for lack of a valid tender).  Any cause of

6    action implicitly integrated with an irregular foreclosure claim fails unless the trustor can establish a

7    valid tender. *Arnolds Mgmt.*, 158 Cal. App. 3d at 579; *Karlsen v. American Sav. & Loan Ass'n*, 15

8    Cal. App. 3d 112, 121 (Cal. Ct. App. 1971).  "The rationale behind this rule is that if Plaintiff could

9    not have redeemed the property [*i.e.*, paid the full loan amount] had the sale procedures been proper,

10   any irregularities in the sale did not result in damages to the Plaintiff." *FPCI RE-HAB 01 v. E & G*

11   *Investments, Ltd.*, 207 Cal. App. 3d 1018, 1022 (Cal. Ct. App. 1989).

12   　　　　Here, Plaintiffs "tender" is not only improper, but completely nonexistent.   Plaintiffs

13   purportedly sent BOA defendants a cover letter with documents that they contended constituted a

14   payoff of their loan on June 28, 2010.   Plaintiffs, through their "notary" Cynthia Castellanos,

15   subsequently sent BOA defendants a "Notice of Fault" on July 13, 2010, alleging that "'legal tender

16   funds' in the amount of $111,278.23 [will be] paid to LENDER/AGENTS upon production of the

17   original (wet ink signature) promissory note held by [BAC] as collateral on loan number 23406067-

18   1."  Defendants contend that in connection with the two above-quoted letters, as well as a series of

19   follow-up copies and similar documents mailed by Plaintiffs to BOA defendants, no negotiable

20   instrument was submitted that would function as a payoff of Plaintiffs' loan**.**  Courts have denied

21   similar claims by plaintiffs purporting to send money orders, "bills of exchange," and other similar

22   worthless and fraudulent "offers" by borrowers claiming that these documents constitute a payoff of

23   the loan in full.  *See Dinsmore-Thomas v. Ameriprise Financial, Inc.*, 2009 WL 2431917, 6

24   　　　[3] Although Nevada courts have not explicitly adopted the tender rule, they are likely to adhere to it because it is
an outgrowth of the equitable maxim recognized in Nevada that a party seeking equity must do equity, and also because

25   Nevada courts look to California law when Nevada law is silent, *Hiekel v. 268 Ltd.*, 887 F.2d 1089, 1989 (9th Cir. 1989),
and California employs the tender rule.   Indeed, numerous District Courts within California have recently dismissed

26   wrongful foreclosure claims because of a plaintiff's failure to tender the loan amount. *See*, *e.g.*, *Labra v. Cal-Western
Reconveyance Corp.,* Case No. C 09-2537 PJH, 2010 WL 889537, at \*9 (N.D. Cal. Mar. 11, 2010) (dismissing wrongful

27   foreclosure claim because of Plaintiff's failure to tender); *Somera v. Indymac Fed. Bank FSB*, Case No. 2:09-cv-01947-
FCD-DAD, 2010 WL 761221, at \*8-9 (E.D. Cal. Mar. 3, 2010) (same).

28

1    (C.D.Cal.) (C.D.Cal., 2009) (Court held that it "[could] not see how or why Defendant should have

2    relied on Plaintiff's bare assertion" that a purported money order made payable to the IRS and

3    submitted to the servicer, constituted a full payoff of her loan); *see also U.S. v. Brown,* 597 F.3d 399,

4    401 (D.C. Cir. 2010) (allowing admission in a criminal trial of the testimony of "Patrick Blake, a

5    Special Agent at the Treasury Department," who stated that the defendant's proffered "'bill of

6    exchange' was worthless and that it was illegal to try to negotiate it"); *U.S. v. Molen,* 2006 WL

7    2927486, at \*1 (E.D.Cal. 2006) (granting permanent injunction against defendants in tax case and

8    finding the "International Bill of Exchange" the Molens submitted to the IRS in purported payment

9    of taxes does not constitute valid legal tender and does not decrease tax liability); *In re Recke*r 2010

10   WL 3655516, 9 (Bkrtcy. N.D. Iowa, 2010)( Court did not find "a single case suggesting that

11   'Bonded Promissory Notes' are legal tender or have any validity as a negotiable instrument or

12   commercial paper").

13        A number of recent cases examining similar arguments or similar documents have

14   specifically and unequivocally concluded that instruments fashioned as a "Bonded Promissory Note"

15   have no legal validity.  *See Edwards v. Aurora Loan Services, LLC,* 2010 WL 2740173 (E.D.Cal.

16   July 9, 2010); *Tesi v. Chase Home Finance, LLC,* 2010 WL 2293177, \*6 (N.D.Tex. June 7, 2010);

17   *Maxwell v. Chase Home Finance LLC,* 2010 WL 1426699, \* 1-3 (S.D.Tex. Apr.7, 2010); *Wiggins v.*

18   *Wells Fargo & Co.,* 2010 WL 342246, \*2-3 (N.D.Tex. Jan.29, 2010)).    Bankruptcy courts

19   addressing this issue have reached the identical conclusion.  *See e.g., In re Chabot,* 411 B.R. 685,

20   704.  In *Chabot,* the court specifically noted that the debtor engages in "egregious behavior" by

21   attempting to tender "bogus bonded promissory notes in full payment ..." *Id.*  The court described the

22   debtor's action of offering the "bonded promissory note" as "grasping at straws in her effort to

23   deprive the secured creditor of its rights" and further noted that debtor's "participation with [the

24   bonded promissory note's agent] in peddling bogus instruments demonstrates desperation, and

25   egregious behavior which the Court is obligated to stop."  *Id.*   Other cases have similarly rejected

26   any attempts by debtors to satisfy their obligations through such documents. *In re Vitale,* 403 B.R.

27   107, 109 (M.D.Fla. 2007); *In re Wrubleski,* 380 B.R. 635, 637 (S.D.Fla. 2008).    Courts have

28

{LV031883;1}                                    6

1    specifically found that the documents are bogus, do not constitute legal tender, and fail as negotiable

2    instruments or any form of acceptable commercial paper.  *Chabot,* 411 B.R. at 704 (describing a

3    debtor's attempt to satisfy a mortgage with a "bogus bonded promissory note" as "egregious

4    behavior" and "peddling bogus instruments"); *Wiggins,* 2010 WL 342246 at *3 (describing a bonded

5    promissory note as "plainly devoid of value" and "not a negotiable instrument").

6        Plaintiffs have not sufficiently pled that the presentation of the Documents was performance

7    in accordance with the terms of the contracts or that the documents proffered constituted adequate

8    tender of payment.  In fact, Plaintiffs have provided no basis for finding that they submitted any

9    proper negotiable instrument in satisfaction of their obligations under any credit, loan, or servicing

10   agreement with Defendants.  Plaintiffs' argument that under the UCC § 3-603 BAC's refusal of the

11   "Offer" or "Notice of Fault" is grounds for discharging the debt must fail if the "tender" was not

12   valid.  Simply using "obfuscating, quasi-legalistic language to create a façade of legitimacy" by

13   asserting that funds will be tendered <u>after</u> BOA defendants produce the original note, which

14   Defendants assert they have no obligation to do, is insufficient.  *Bryant v. Washington Mut. Bank*,

15   524 F.Supp.2d 753, 760 (W.D.Va.,2007).  Even if this Court accepts as true the existence of a

16   mortgage, a promissory note, and a deed of trust, there simply is no cognizable cause of action

17   alleged.  As the Court in *Barber v. Countrywide Home Loans, Inc.*, 2010 WL 398915, 4 (W.D.N.C.

18   2010) aptly noted, "plaintiffs' use of legal terms and importation or phrases from the Uniform

19   Commercial Code cannot create a cause of action that simply does not exist."  Having failed to

20   establish the existence and validity of the alleged tender, Plaintiffs' claim that the submitted

21   documents discharged their debt must fail.  As a direct result of their default, ReconTrust properly

22   exercised its rights within the terms of the loan agreement and initiated foreclosure proceedings.

23   Because Plaintiffs defaulted on their loan and have not tendered payment, they cannot succeed on

24   the merits of their case, and their application for a preliminary injunction should thus be denied.

25   2.        Plaintiffs' Securitization Argument is Meritless

26       Plaintiffs claim that "a bank loaned money to [Plaintiffs] to buy [the property], but later was

27   paid in full when it sold the loan involved to others."  Amend. Compl. at 2:1-2.  Plaintiffs also allege

28

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1   that "the original promissory note was illegal converted (from a  note to a draft and security) and

2   sold by [Defendants]…to other buyers of notes an undisclosed number of times, at a discount."

3   Amend. Compl. at 9:3-6.  Plaintiffs' claims have been consistently rejected by courts.  Securitization

4   of a loan does not diminish the underlying power of sale that can be exercised upon the trustor's

5   breach.  *Hafiz v. Greenpoint Mortgage Funding, Inc*., 652 F.Supp.2d 1039, 1043 (N.D.Cal. 2009)

6   (argument that power of sale is lost upon sale to a loan pool is "unsupported and incorrect"); *Benham*

7   *v. Aurora Loan Services LLC*, No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D.Cal. Sept. 1, 2009)

8   (same); *see also Ritter v. Countrywide Home Loans, Inc.*, No. 2:10-cv-624, 2010 WL 2342535, at

9   *1-2 (D.Nev. June 4, 2010) (argument that plaintiffs did not know owner of loan due to

10   securitization did not entitle plaintiffs to a temporary restraining order).

11        Plaintiffs' theory that securitization of their loan provides a basis for a claim invalidating the

12   loan or Defendants' rights to service the loan remains meritless and should be rejected, and their

13   preliminary injunction should be denied.

14   3.      Plaintiffs Have Failed to Plead Claims for Fraud

15        Plaintiffs' fraudulent inducement claim appears to be partially based on the contention that

16   Defendants wrongfully induced them to enter into an agreement for the loan.  Amend. Compl. at

17   8:16.  Plaintiffs do not allege any facts stating that any individual Defendant owed them a duty to

18   make disclosures to them about their loan and the risks of the lending transaction they entered.  Nor

19   could they.  Defendants were not involved in the origination of the loan.  Further, even if any

20   defendant was the originating lender, which they are clearly not, it is settled law in Nevada (and

21   elsewhere) that a lender owes no fiduciary duty to advise the borrower about the propriety of the

22   loan.  *See, e.g., Reed v. Countrywide Bank, FSB*, Case No. 2:09-cv-00319, slip op. at 5-6 (D. Nev.

23   Mar. 23, 2009) (mortgage lender owes no fiduciary duty to borrower, and no "exceptional

24   circumstances" exist in such a situation to give rise to a "special relationship"); *Hoskins v.*

25   *Countrywide Home Loans*, Case No. 2:09-cv-00166, slip op. at 2 (D. Nev. Mar. 18, 2009);

26   *Yerrington Ford, Inc., v. GMAC*, 359 F. Supp. 2d 1075, 1089 (D. Nev. 2004), *overruled on other*

27

28

{LV031883;1}

*grounds by Giles v. GMAC*, 494 F.3d 865 (9th Cir. 2007).  Defendants did not have any relationship with Plaintiffs before the loans closed.

In addition, Plaintiffs cannot prevail on a fraud theory because they ratified the loan contracts by their conduct.  "Generally, contract ratification is the adoption of a previously formed contract, notwithstanding a quality that rendered it relatively void and by the very act of ratification the party affirming becomes bound by it and entitled to all proper benefits from it."  *Merill v. Demott*, 113 Nev. 1390, 1396, 951 P.2d 1040 (1997) (quoting *Shagun v. Scott Mfg. Co.*, 162 F. 209, 219 (8th Cir. 1908)).  The Ninth Circuit has held that a person who did not know the full details of a real estate transaction, but who learned those details "shortly after the closing" when he proceeded to pay interest under a trust deed, as well as taxes on the property, accepted the terms of the transaction. *Parker v. Williams Construction Co.*, 443 F.2d 597, 601 (9th Cir. 1971).  Plaintiffs ratified the loan transaction by operating under its terms without challenging the underlying loan.  Plaintiffs waited over seven (7) years after the loan closed before filing this lawsuit, and an additional six (6) months after filing suit to move for a preliminary injunction.

**4.**     **Plaintiffs Have Failed to Plead Any TILA Violations**

Whether or not Defendants actually failed to comply with TILA as Plaintiffs allege is irrelevant for purposes of this Motion because injunctions are not a remedy allowed under the TILA remedial schemes. *See* 15 U.S.C. §§ 1635, 1640.  Notably, in in *Chung v. NGBI, Inc.*, No. 09-4878 MHP, 2010 WL 841297, at *3 (N.D. Cal. March 8, 2010), the United States District Court for the Northern District of California denied a preliminary injunction because even successful TILA and RESPA claims would not allow for an injunction. *Accord Rivera v. BAC Home Loans Servicing, L.P.*, No. C 10-02439 RS, 2010 WL 2757041, at *4 (N.D. Cal. July 9, 2010) (concluding that none of the remedies under TILA and RESPA would permit an injunction against foreclosure); *see also Christ v. Beneficial Corp.*, 547 F.3d 1292, 1298 (11th Cir. 2008) ("Because we do not expect Congress to 'expressly preclude' remedies, we do not read TILA to confer upon private litigants an implied right to an injunction or other equitable relief such as restitution or disgorgement.") (citation

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{LV031883;1}

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1   omitted)). Accordingly, even if Plaintiffs had demonstrated a likelihood of success on the merits of

2   their TILA claims, which they did not, injunctive relief would be inappropriate.

3           Even if TILA could support a claim for a preliminary injunction, Plaintiffs would not be

4   entitled to that relief in this case because they are not likely to succeed on the merits of their TILA

5   claims. Plaintiffs' claim regarding TILA violations fails for several reasons.  First, none of

6   Defendants is the lender.  Any claims that Plaintiffs have against Defendants regarding any alleged

7   TILA violations regarding the origination of the loan are misplaced.  Second, even if Plaintiffs'

8   allegations were substantively proper, they are procedurally barred.  The TILA contains a one year

9   statute of limitations for damages claims.  *See* 15 U.S.C. § 1640(e) ("any action under this section

10   may be brought in any United States district court ... within one year from the date of the occurrence

11   of the violation"). "The date of the violation refers to the date 'the loan documents were signed."

12   *Lynch v. RKS Mortgage Inc.,* 588 F.Supp.2d 1254, 1259 (E.D.Ca.2008) (quoting *Meyer v.*

13   *Ameriquest Mortgage Co.,* 342 F.3d 899, 902 (9th Cir. 2003)).  The TILA also contains a three year

14   statute of limitations for rescission claims.  *See* 15 U.S.C. § 1635(f) (The right of rescission pursuant

15   to TILA "shall expire three years after the date of consummation of the transaction or upon the sale

16   of the property, whichever occurs first ...").  Thus, Plaintiffs were required to file their damages

17   claims against defendants by April 2004, and any rescission claim by April 2006.

18   **5.**       **Plaintiffs Have Failed to Establish That Defendants Owed a Fiduciary Duty**

19           Through their correspondence with BOA defendants, Plaintiffs purport that Defendants

20   "accepted" an appointment as fiduciary.  Plaintiffs' June 28, 2010 correspondence stated:

21
22       You and the senior partners of Bank of America as well as the CEO of
    LENDER/AGENTS agree to be appointed fiduciaries with the mandatory duty to settle
    the claim upon my tender of payment to the escrow agent…

23   Plaintiffs offered absolutely no basis for the appointment.  Most importantly, Defendants did not

24   accept the appointment, and are simply not Plaintiffs' fiduciary.

25   **6.**       **Defendants' Have No Duty to Produce the Original Note**

26
27           Plaintiffs assert that Defendants have no claim to the payments due on the loan because they

failed to produce the original note.  *See* Amend. Compl. at 8:4-7.  BAC produced copies of the

28

original note, along with copies of the deed of trust, on several occasions pursuant to Plaintiffs' requests.  However, Defendants have no duty to produce the original note, and such production is not necessary to establish their right to enforce the terms of the loan. *See Dinsmore-Thomas* at 4 (C.D.Cal. 2009) ("the Court cannot see how Defendant is required to return the original note to Plaintiff in lieu of a copy of the note"). This Court has passed on this theory many times – and repeatedly rejected it.  A typical discussion of the issue is found in *Kemberling v. Ocwen Loan Servicing, LLC*, Case No. 2:09-cv-00567, 2009 WL 5039495 (D. Nev. Dec. 15, 2009):  Defendants are not required to produce the original loan documents. Courts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status. [Citations]  Plaintiff's argument that Defendants' failure to produce the original Note demonstrates they have no legal interest in the property fails. *Id*. at *3. This holding has been affirmed in several more recent District of Nevada decisions.  *See Joyner v. Bank of Am. Home Loans*, No. 2:09-cv-2406-RCJ-RJJ, at 8 (D.Nev. July 26, 2009); *Aguilar v. WMC Mortgage Corp*., 2:09-cv-1416-ECR-PAL, 2010 WL 185951, at *2 (D.Nev. Jan. 15, 2010). Plaintiffs' theory that Defendants waive all their rights or somehow finalize "the Lender's claim as satisfied in full" because they did not produce "the original wet ink contract" should be dismissed.

**7.       Counterfeit Securities Is Not a Valid Claim (Seventh Cause of Action)**

The Complaint alleges that the loan is a "Counterfeit Security in that Defendants deceived and defrauded" Plaintiffs.  Amend. Compl. at 8:25-26.  Substantively, allegations of counterfeit security is a violation of 18 U.S.C. § 513.  However, 18 U.S.C. § 513 is a federal criminal statute which does not provide for a private right of action.  "[A] private party may not enforce criminal statutes through a civil action." *Florence v. Buchmeyer,* 500 F.Supp.2d 618, 635 (N.D.Tex.2007). Decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as private citizens, plaintiffs have no standing to institute a federal criminal prosecution and no power to enforce a criminal statute. *See Gill v. Texas,* 2005 WL 2868257 at * 1 (5th Cir. Nov.1, 2005) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *United States v. Batchelder,* 442 U.S. 114, 124, 99 S.Ct. 2198, 60 L.Ed.2d 755

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1  (1979); and *Hanna v. Home Ins. Co.,* 281 F.2d 298, 303 (5th Cir.1960), *cert. denied,* 365 U.S. 838,

2  81 S.Ct. 751, 5 L.Ed.2d 747 (1961)).  Accordingly, Plaintiffs' claim, which relies on U.S.C. § 513,

3  must be dismissed.  *See Smith v. National City Mortg.*, 2010 WL 3338537, 5 (W.D.Tex., 2010).

4  **C.      Plaintiffs Have Failed to Demonstrate Immediate Irreparable Harm**

5           The U.S. Supreme Court has held that a plaintiff must demonstrate that irreparable harm is

6  **likely** and not just possible in order to sustain a preliminary injunction.  *See Winter v. NRDC, Inc.,*

7  129 S. Ct. 365, 375-76 (2008).  "Issuing a preliminary injunction based only on a possibility of

8  irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary

9  remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."

10 *Id.* at 375-76.  Plaintiff must therefore demonstrate not only that he faces harm which is irreparable,

11 but also that the harm is **presently existing and imminent** – not merely a future possibility.

*See Assoc. Gen. Contractors of Cal., Inc., v. Coalition for Economic Equity*, 950 F.2d 1401, 1410

12

13 (9th Cir. 1991) ("A plaintiff must . . . demonstrate **immediate** threatened injury as a prerequisite to

14 preliminary injunctive relief.") (emphasis added.)[4]  Plaintiffs have not satisfied this critical element.

15 Nothing in the Application or Complaint alleges any immediate date of foreclosure.  In fact, there is

16 no pending sale date.  Where no imminent harm is threatened, preliminary injunctive relief should be

17 denied.  For example, in response to a similar motion for preliminary injunction in *Cervantes v.*

18 *Countrywide Home Loans, Inc.*, Case No. 2:09-cv-00517, 2009 WL 1636169 (D. Ariz. June 10,

19 2009) (Teilborg, J.), the court held that "[t]he mere *future* threat of foreclosure and eviction,

20 however, fails to satisfy [plaintiff]'s burden that he will suffer irreparable harm if the Court fails to

21 grant [plaintiff] the preliminary injunction he seeks."  *Id.* at 4.  (Emphasis in original.)

22          More importantly, even if Plaintiffs showed that harm was imminent (which they have not),

23 they fail to demonstrate that any harm would be irreparable.  Plaintiffs have an adequate remedy of

24 law – monetary damages.  *See Holweg v. Accredited Home Lenders, Inc.*, Case No. 2:09-CV-1 TS,

25          [4] S*ee also Caribbean Marine Servs. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (same); *Miller v. McDaniel*, Case No. 3:06-cv-00077, 2007 WL 396996, at *8 (D. Nev. Feb. 1, 2007) ("[c]ourts generally do look at the
26 immediacy of the threatened injury in determining whether to grant preliminary injunctions," and denying injunctive relief where plaintiff failed to demonstrate that he would be harmed "in the immediate future") (quoting *Privitera v. Cal.*
27 *Bd. of Medical Quality Assurance*, 926 F.2d 890, 897 (9th Cir. 1991)).

28

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

2009 WL 29703, at *1 (D. Utah Jan. 5, 2009) (denying preliminary injunction because "[w]hile the sale of [Plaintiffs'] residence would clearly be disruptive to Plaintiffs' lives, such a disruption and any accompanying injuries are not irreparable, in that they could be quantified with relative ease, and an effective monetary remedy granted"); *Barrett v. Popular Inc.*, Case No. C-07-0637-RSL, 2007 WL 1753539 (W.D. Wash. June 18, 2007) (because plaintiff could halt foreclosure by paying the amount owed, foreclosure would result in solely economic injury and not irreparable harm). Plaintiffs' motion should be denied because he has failed to show irreparable injury.

**E.     The Balance of Hardships Disfavors Injunctive Relief**

Plaintiffs also fail to address whether Defendants would suffer any harm if this Court issues a preliminary injunction.  If an injunction is entered preventing Defendants from foreclosing and/or evicting the Plaintiff from the Property, they will be permitted to continue to occupy the subject property without making their loan payments.  An injunction would therefore harm Defendants. .

**F.     The Public Interest Disfavors Injunctive Relief**

Plaintiffs' motion fails to address whether the public interest favors an injunction.  This analysis cuts in favor of denying Plaintiffs' motion, as an injunction would allows Plaintiffs to remain in the subject property without paying in accordance with terms of the loan to which they agreed, and undermines the contract principles on which our legal system is based.

**G.     Plaintiffs Should be Required to Make Their Loan Current and Post a Bond**

Plaintiffs defaulted on his loan approximately six months ago.  If the Court grants an injunction, the Court should require Plaintiffs to (1) bring and keep his loan current and (2) post a bond.    In     order     to     act     in     an     equitable     manner,     the     outstanding     amounts – including taxes and insurance – should be paid current.

The Court should also order Plaintiffs to post a bond.  *See* Fed. R. Civ. P. 65(c).  Except in rare circumstances not present here, posting a bond is a mandatory requirement for every injunction issued under Nevada law.  *Dangberg Holdings Nevada, L.L.C., v. Douglas County and its Bd. of County Com'rs*, 115 Nev. 129, 145, 978 P.2d 311, 320 (1999).  Alternatively, the Court should deny the motion if Plaintiff is unwilling to protect Defendants against the damages they will incur if an

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1  injunction is improvidently granted.  *See Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 379 (5th Cir.

2  2008) (where plaintiffs unable to post bond, preliminary injunction properly denied).

3  **H.   Plaintiffs Have Not Established Any Actions on the Part of Defendants to Justify the**

4  **Imposition of Sanctions**

5  Plaintiffs have provided no legal authority in support of their baseless conclusion that

6  Defendants are subject to sanctions simply because, after Plaintiffs default, they moved forward with

7  foreclosure despite the existence of pending litigation.  *See* Plaintiffs' Motion, 3:4-7.  Defendants

8  need not abstain from exercising their rights, under the terms of the loan agreement which Plaintiffs

9  entered into over seven (7) years ago, simply because Plaintiffs sent them a series of fraudulent and

10  worthless documents and then proceeded to file suit based upon conclusory allegations and legal

11  theories that have been consistently rejected by this Court.  The terms of the loan agreement

12  provided that Defendants could foreclose if Plaintiffs failed to make their loan payments; that is

13  exactly what happened in the instant case.  Plaintiffs' request for sanctions should be denied.

14  **III.   CONCLUSION**

15  Plaintiffs borrowed funds, and made a legally enforceable promise to repay the funds.  Rather than

16  fulfill this promise, they delivered a nonsensical and fraudulent payment instrument and now asks

17  this Court to ratify their fraud and prevent Defendants from enforcing the rights under the terms of

18  the loan agreement.  Plaintiffs do not meet any of the requirements for obtaining injunctive relief.

19  / / /

20

21

22

23

24

25

26

27

28

{LV031883;1}                                     14

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1    For all of the above reasons, Defendants respectfully request that this Court deny Plaintiffs any

2    injunctive relief and also deny Plaintiffs' request for sanctions.

3          DATED this 12th day of May, 2011.

                                                        **AKERMAN SENTERFITT LLP**

5                                                         /s/ Ariel E. Stern
                                                        ARIEL E. STERN
6                                                       Nevada Bar No. 8276
                                                        CHRISTINE M. PARVAN
7                                                       Nevada Bar No. 10711
                                                        400 South Fourth Street, Suite 450
8                                                       Las Vegas, Nevada  89101

9                                                       *Attorneys for Defendants*
                                                        *BAC Home Loans Servicing, LP, as named and*
10                                                      *also improperly named as Bank of America*
                                                        *Home Loans, Bank of America N.A., MERS and*
11                                                      *purported defendant ReconTrust Company, N.A.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AKERMAN SENTERFITT LLP**
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{LV031883;1}                                 15

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 12th day of May, 2011 and pursuant to Fed. R. Civ. P. 5(b), I served via CM/ECF a true and correct copy of the foregoing OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR SANCTIONS to all parties listed on the U.S. District Court's CM/ECF system.

THOMAS F. WEST
DIANA M. WEST
5620 Scenic Pointe Avenue
Las Vegas, Nevada  89130

*Pro Se Plaintiffs*

 /s/ Christine Parvan
An employee of AKERMAN SENTERFITT LLP

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{LV031883;1}

16