Thomas F. West and Diana M. West
5620 Scenic Pointe Ave.
Las Vegas, Nevada 89130
Telephone (702) 656-3081
Plaintiffs in Proper Person

UNITED STATES DISTRICT COURT
District of Nevada

THOMAS F. WEST and DIANA M. WEST

PLAINTIFFS

vs.

BANK OF AMERICA, N.A. and

BANK OF AMERICA HOME LOANS and

BAC HOME LOANS SERVICING LP and

MERS - Mortgage Electronic Registration

Systems, Inc., and

RECONTRUST COMPANY, N.A.

DEFENDANTS

Case No.: 2:10-cv-01966-JCM-GWF

REPLY TO DEFENDANTS' OPPOSITION TO JOINDER OF RECONTRUST COMPANY, N.A. AS DEFENDANT

Thomas F. West and Diana M. West, Plaintiffs, hereby files their Reply to Defendants' Opposition to Plaintiffs' Joinder of ReconTrust Company N.A. (improperly titled Opposition to Plaintiffs' Improper Joinder of Recontrust) by Bank of America, N.A., Bank of America Home Loans, BAC Home Loans Servicing LP and MERS - Mortgage Electronic Registration Systems, Inc., as Defendants in this case. Defendants have joined ReconTrust Company N.A. (Recon) through their own actions; Plaintiffs filed their agreement to the Compulsory Joinder of Recon pursuant to LR19, noticing the Court of Defendants' actions prompting the same, and requesting the Court issue an Order stating that ReconTrust Company N.A. is an interested party and as such a Defendant in the Action and proceedings.

## POINTS AND AUTHORITIES

### FACTS

Plaintiffs' filed a Complaint against Bank of America, N.A., Bank of America Home Loans, BAC Home Loans Servicing LP (BAC), and MERS - Mortgage Electronic Registration Systems (MERS), Defendants, on October 13, 2010 in District Court, which was removed to this Court on November 9, 2010. An Amended Complaint was filed on November 22, 2010 by Plaintiffs. At that time, all Defendants were properly named. On April 18, 2011, ReconTrust Company, N.A., notified Plaintiffs of their claims and interest relating to the subject matter of this action (See Joinder - Exhibit A). Defendants through their own actions have joined Recon as a Defendant in this lawsuit. Recon now claims possession of the "deed of trust and all documents evidencing obligations secured thereby" (see Joinder - Exhibit C). In September of 2008, a California Judge ruling against MERS concluded, "There is no evidence before the court as to who is the present owner of the Note. The holder of the Note must join in the motion."

### Legal Argument

Defendants only argument against Plaintiffs' confirmation of this compulsory joinder of Recon is that it is improper and untimely (see Opposition 2:18-22 and 3:3-25). This case has been before this Court for six months and Defendants are represented by Counsel, Ariel E. Stern and Christine M. Parvan, Akerman Senterfitt. Plaintiffs are Pro Se and representing themselves in proper person. Defendants BAC and MERS, having full knowledge of this action and being duly represented, chose to refer the account to Recon and file of public record an Assignment of Deed of Trust and a Substitution of Trustee (See Joinder - Exhibit B); Recon filed a Default and Election to Sell the real property which is the subject of the Complaint (See Joinder - Exhibit C). Prior to the filings, Recon notified Plaintiffs of the referral of the account to them to begin a foreclosure process (see Joinder - Exhibit A).

According to Fed. Rule of Civ. Proc. 19, under a Compulsory Joinder, parties that must be joined are those necessary and indispensable to the litigation. It sometimes makes it mandatory that some parties be joined. The rule includes several reasons why this might be true, including if that party has an interest in the dispute that they will be unable to protect if they are

not joined. Defendants, through their actions in assigning and transferring the alleged mortgage loan, added Recon as a party in this litigation. Plaintiffs did not add or join Recon as a party to this litigation - the Defendants did with full knowledge of the status of the litigation. Recon is now necessary and indispensable for proper adjudication of Plaintiffs' Complaint. Plaintiffs merely informed the Court, confirmed/agreed to the joinder and requested the Court ratify the same in an effort to preservee Plaintiffs' rights in the lawsuit and the status quo of the same.

## CONCLUSION

This Case has been on-going since October, 2010 when Plaintiffs originally filed the Complaint. Defendants and their legal counsels have been noticed of all pleadings and filings including Motions which remain pending. The Court has yet to resolve these matters. In fact this Case is now under a Discovery/Scheduling Order preparing for trial. Defendants have chosen to blatantly disregard the action pending before this Court and have joined Recon as a party to the pending Action before this Court.

Plaintiffs request the Court's order confirming the Joinder of ReconTrust Company, N.A. as a party to the Action in its capacity as a Defendant pursuant to LR-19, and deny Defendants' Opposition to the Joinder of ReconTrust Company, N.A., improperly titled Opposition to Plaintiffs' Improper Joinder of Recontrust.

Plaintiffs further ask the Court for consideration of any relief deemed necessary against Defendants for not properly notifying all parties, including their legal counsel, and the Court of their Compulsory Joinder of another party to the lawsuit.

Dated this 19th day of May, 2011.

_Thomas F. West_
Thomas F. West
Plaintiff
In Proper Person

_Diana M. West_
Diana M. West
Plaintiff
In Proper Person

## CERTIFICATE OF MAILING

I, Diana M. West, hereby certifies that a copy of Plaintiffs' Reply to Defendants Opposition to Joinder of ReconTrust Company, N.A. (improperly titled Opposition to Plaintiffs' Improper Joinder of Recontrust) filed on the _19_ th day of May, 2011, in the above-entitled case was mailed by me on May _19_, 2011 by depositing copies thereof in a sealed envelope, first-class postage prepaid, in the United States mail, to

Ariel E. Stern, Esq.  
Akerman Senterfitt LLP  
400 South Fourth Street, Suite 450  
Las Vegas, NV  89101

Christine M. Parvan, Esq.  
Akerman Senterfitt LLP  
400 South Fourth Street, Suite 450  
Las Vegas, NV  89101

Bank of America, N.A.  
Brian Maynihan, President, CEO  
100 N. Tyron St.  
Charlotte, NC  28263

Bank of America Home Loans  
Barbara J. Desoer, President  
1757 Tapo Canyon Road  
Simi Valley, CA  93063

BAC Home Loans Servicing, LP  
400 National Way  
Simi Valley, CA  93065-6285

MERS - Mortgage Electronic Registration Systems  
RK Arnold, President CEO  
1818 Library Street, Suite 300  
Reston, VA  20190

ReconTrust Company, N.A.  
Laura Dalley, Authorized Signer  
2380 Performance Dr.  
TX2-984-0407  
Richardson, TX  75082

Dated: May _19_, 2011

_____  
Diana M. West  
Plaintiff  
In Proper Person

4