Thomas F. West and Diana M. West
5620 Scenic Pointe Ave.
Las Vegas, Nevada 89130
Telephone (702 ) 656-3081
Plaintiffs in Proper Person

2011 MAY 19   A 10: 24

UNITED STATES DISTRICT COURT
District of Nevada

THOMAS F. WEST and DIANA M. WEST )
                                 )
        PLAINTIFFS               )        Case No.: 2:10-cv-01966-JCM-GWF
                                 )
    vs.                          )
                                 )        REPLY TO DEFENDANTS' OPPOSITION
BANK OF AMERICA, N.A. and        )        TO PLAINTIFFS' MOTION FOR
                                 )        PRELIMINARY INJUNCTION and
BANK OF AMERICA HOME LOANS and   )        REQUEST FOR SANCTIONS
                                 )
BAC HOME LOANS SERVICING LP and  )
                                 )
MERS - Mortgage Electronic Registration )
                                 )
Systems, Inc.  and               )
                                 )
RECONTRUST COMPANY, N.A.         )
                                 )
        DEFENDANTS

        Thomas F. West and Diana M. West, Plaintiffs, in proper person, file their Reply to

Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction and Request for

Sanctions filed by Defendants, Bank of America, N.A., Bank of America Home Loans, BAC

Home Loans Servicing, LP, MERS - Mortgage Electronic Registration Systems, Inc., and

ReconTrust Company, N.A., who has been joined in this case by Defendants through their

actions.  Plaintiffs filed the Motion to prevent the improper taking of the subject property, the

family home of Plaintiffs, and transfers/assignments of the alleged mortgage by Defendants

who have yet to prove their claims, which is the unresolved issue in the lawsuit initiated by

Plaintiffs with this Court.  Plaintiffs seek to preserve their rights in the lawsuit and therefore

filed their Motion for an injunction as it is essential to justice and necessary as the temporary

1

preservation of the status quo.  Plaintiffs Motion for a Preliminary Injunction is sought to prevent a change of circumstances that would hamper or block the granting of proper relief at a trial on the merits of the case.  Defendants' Opposition is more akin to asking the Court for a determination on the case itself, deciding the rights of the parties and determining the merits of the case or deciding on the issues in controversy, thus circumventing the due process of law.  It also is noted that  Defendants continue to file pleadings with an improper case number.  Plaintiffs' file their Reply, with the proper case number , based on the pleadings and papers on file for this case, and the following Points and Authorities.

Points and Authorities

INTRODUCTION

Plaintiffs object to the defamatory conclusions continuously stated by Defendants in all of their pleadings.  The issue in the lawsuit is not an attempt to avoid payment obligations but to determine who has ownership claims or any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.  Who should Plaintiffs be paying and can they produce evidence of their claims?   Plaintiffs filed their request for an injunction to prevent a change of circumstances that would hamper or block the granting of proper relief at a trial on the merits of the case.

FACTS

Plaintiffs' filed a Complaint against Bank of America, N.A., Bank of America Home Loans, BAC Home Loans Servicing LP (BAC), and MERS - Mortgage Electronic Registration Systems (MERS), Defendants, on October 13, 2010 in District Court, which was removed to this Court on November 9, 2010.  An Amended Complaint was filed on November 22, 2010 by Plaintiffs.   At that time, all Defendants were properly named.  On April 18, 2011, ReconTrust Company, N.A. (Recon), notified Plaintiffs of their claims and interest relating to the subject matter of this action (see Motion - Exhibit A) and have been joined for just adjudication of Plaintiffs' Complaint.

Prior to filing of the Complaint, Plaintiffs made numerous attempts beginning in March, 2010 and continuing for over 6 months to determine who holds the original mortgage documents

and has a claim on Plaintiffs family home, the subject property of the Deed of Trust. Plaintiffs were not in default on the loan until such time as determined by audit and legal attempt to satisfy the loan with a pay-off determined that Defendants have no evidence of ownership of the mortgage loan in question. Plaintiffs' Amended Complaint states "this action seeks to prevent the collection of an improper debt" and "to prevent double paying this bank on the debt and/or pay the wrong party and/or prevent the possible wrongful taking of the family home by a bank no longer having a right to foreclose or collect on it."

LEGAL ARGUMENT

A.     Applicable Standard

An injunction commands an act that the court regards as essential to justice, or it prohibits an act that is deemed to be contrary to good conscience. It is an extraordinary remedy, reserved for special circumstances in which the temporary preservation of the status quo is necessary. Plaintiffs filed their Motion for a Preliminary Injunction to preserve the subject matter in its existing condition and to prevent dissolution of Plaintiffs' rights in the Action before this Court.

B.     Plaintiffs Success on the Merits

Defendants' statements about the success on the merits are more akin to asking the Court for a determination on the case itself, deciding the rights of the parties and determining the merits of the case or deciding on the issues in controversy, thus circumventing the due process of law. The fact is that, to date, Defendants have produced no evidence as to their claim to have any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise. If in fact Defendants had the evidence sought by Plaintiffs in this Case, they would be the first items to be placed upon the table before the Court, which would in fact resolve this Case immediately. As a matter of fact, if in our numerous documents of 2010 to Defendants they could have produced evidence of ownership, it would have prevented this lawsuit. Defendants however are unable to prove their claims of ownership of the mortgage in question as they have failed to hold and possess the original Deed of Trust Mortgage, original note, and other pertinent documents. Yet, Defendants through their

1   recent actions assert claims that they have not and cannot prove.

2        1.      Plaintiffs' Failure to Properly Tender Bars Their Application

3        Plaintiffs Motion for a Preliminary Injunction is sought to prevent a change of

4   circumstances that would hamper or block the granting of proper relief at a trial on the merits of

5   the case.  Plaintiffs made numerous attempts beginning in March, 2010 and continuing for over

6   6 months to determine who holds the original mortgage documents and has a claim on Plaintiffs

7   family home, the subject property of the Deed of Trust.  Defendants assertions of a fraudulent

8   document for payoff is a regurgitation of previous statements in pleadings by Defendants, once

9   again, without any proof or presentment of facts to the Court as evidence.  It is a fact that

10  Defendants were completely silent to our presentation of a payoff solution and such silence is

11  attributed to fraud.  Therefore, Defendants' argument on proper tender fails.

12       2.      Plaintiffs' Securitization Argument is Meritless

13       Plaintiffs securitization argument is based on Nevada Revised Statutes as well as Federal

14  Laws that prohibit such a fraudulent means of creating an untraceable and unaccountable transfer

15  of mortgage documents to bond holders mostly in foreign countries without knowledge of which

16  mortgage went where.  Plaintiffs have never made any claims that securitization invalidates

17  Defendants' claim.  Plaintiffs will prove at trial that the securitization process is one of the

18  reasons that Defendants cannot prove ownership of said mortgage.

19       The securitization process has nothing to do with the preliminary injunction sought in this

20  action and is once again a meritless statement by Defendants without fact or factual evidence to

21  prove their claim and fails to support their Opposition.

22       3.      Plaintiffs Have Failed to Plead Claims for Fraud

23       Defendants statements about Defendants not being the original lender or having a

24  fiduciary duty to advise borrower about the propriety of the loan is not now and has never been

25  an issue in this case.  Fraud in the factum is not the fundamental issues of this case.  This once

26  again, is trying to argue the case outside of a trial and has no bearing on the injunction sought in

27  this action.

28  /

4

4.     Plaintiffs Have Failed to Plead any TILA Violations

Plaintiffs Motion for a Preliminary Injunction is sought to prevent a change of circumstances that would hamper or block the granting of proper relief at a trial on the merits of the case.  Once again, Defendants regurgitations of TILA violations has nothing to do with the preliminary injunction sought in this action and that such violations of the Truth in Lending Laws should be left up to the results at a trial.

5.     Plaintiffs Have Failed to Establish That Defendants Owed a Fiduciary Duty

Plaintiffs object to the statements made by Defendants as it is more akin to asking the Court for a determination on the case itself, deciding the rights of the parties and determining the merits of the case or deciding on the issues in controversy, thus circumventing the due process of law.  Plaintiffs Motion for a Preliminary Injunction is sought to prevent a change of circumstances that would hamper or block the granting of proper relief at a trial on the merits of the case.

6.     Defendants Have No Duty to Produce the Original Note

Plaintiffs contention is that this issue of original documents versus counterfeit documents will be decided at trial on the merits of the case.  This issue once again has nothing to do with the preliminary injunction sought in this action.

7.     Counterfeit Securities Is Not a Valid Claim

Plaintiffs object to the statements made by Defendants as it is more akin to asking the Court for a determination on the case itself, deciding the rights of the parties and determining the merits of the case or deciding on the issues in controversy, thus circumventing the due process of law.  Plaintiffs Motion for a Preliminary Injunction is sought to prevent a change of circumstances that would hamper or block the granting of proper relief at a trial on the merits of the case.

C.     Plaintiffs Have Failed to Demonstrate Immediate Irreparable Harm

Plaintiffs did indeed receive an unsigned threatening correspondence by US Mail from ReconTrust Company, N.A. on April 18, 2011, threatening foreclosure on the subject property involved in the lawsuit (Exhibit A).  Legal Counsel for Defendants were noticed of the same

(Exhibit B).  On April 20, 2011, a Notice was posted on the home of Plaintiffs (Exhibit C).  These documents show proof of the presently existing and imminent harm threatened by Defendants.  Further, Defendants, with blatant disregard of the law and with malice of forethought, filed of public record on April 19, 2011 an Assignment of Deed of Trust and a Substitution of Trustee naming ReconTrust Company, N.A. as Trustee under said Deed of Trust (See Motion - Exhibit B).  ReconTrust Company N.A. is a wholly owned subsidiary of Bank of America, N.A. and knew in advance that this lawsuit is still pending.  ReconTrust Company N.A. also filed of public record a Notice of Default/Election to Sell Under Deed of Trust on April 19, 2011 (see Motion - Exhibit C).

These actions by Defendants, transferring and/or assigning the alleged mortgage documents, constitute an irreparable damage or injury "the type of harm which no monetary compensation can cure or put conditions back the way they were...." It is harm where no amount of money can compensate the harm that is being done, or will be done.  Plaintiffs seek to preserve their rights in the lawsuit and therefore filed their Motion for an injunction as it is essential to justice and necessary as the temporary preservation of the status quo.  Plaintiffs Motion for a Preliminary Injunction is sought to prevent a change of circumstances that would hamper or block the granting of proper relief following a trial on the merits of the case.

Defendants only argument on this issue is that "Plaintiffs could halt foreclosure by paying the amount owed, foreclosure would result in solely economic injury and not irreparable harm" is false.  Defendants themselves refused Plaintiffs tender of payment in June and July of 2010 (see Plaintiffs' Reply to Defendants Opposition for Motion for Summary Judgment - 4:20-28 and 5:1-26).  Defendants remained silent to Plaintiffs documents and did not even inquire about the payoff offered by Plaintiffs.  They are unable to prove their standing, have no evidence of ownership of the mortgage loan in question, and are not Holders in Due Course.  Therefore, if tender had been made, Defendants would not have been able to meet Nevada Laws to record the discharge of mortgage.

Defendants did file a Rescission of Election to Declare Default upon receiving notice of the Motion for Injunction.  This Rescission is only an election not to cause a sale to be made and

it is obvious to Plaintiffs this was due to Defendants disregard of the laws of this land and when caught in the act, rescinded their initial filing.  Defendants have fraudulently created new trustees further clouding the title and public record of the property in question.  Plaintiffs motion should be granted on the basis that irreparable harm has been threatened and is imminent in the very near future.

E.    The Balance of Hardships Disfavors Injunctive Relief

Plaintiffs contend that it is the harm to Plaintiffs not Defendants that this injunction is sought.  Defendants forget that it is Plaintiffs' residence and will remain such until this case is resolved at trial.  A payoff was offered and refused by Defendants therefore Plaintiffs contend that Defendants have no legal claim to this property as they have produced no evidence to the contrary.

F.    Public Interest Disfavors Injunctive Relief

We are the public and this injunctive relief is most definitely in the public interest.

G.    Plaintiffs Should Be Required to Make Their Loan Current and Post a Bond

Once again, Defendants seems to forget that this case is brought before this Court to determine who is owed the payments of the mortgage in question.  The Court will decide if Defendants have a right to prior payments, current payments, and future payments on this mortgage.  Plaintiffs have always acted in an equitable manner by keeping their insurance and taxes current on their home and will continue to do so.  Defendants should be made to post a bond in the amount owed on this mortgage until such time the Court determines who the rightful owners are.

H.    Plaintiffs Have Not Established Any Actions on the Part of Defendants to Justify the Imposition of Sanctions

The actions on the part of Defendants have been documented in almost every state in this Nation in the past year.  They are now under investigation for fraud in mortgage lending with the United States Congress.  Supreme Courts in numerous states have stated that fraud and mishandling of documents in the mortgage industry will not be tolerated and that the big mortgage banks have had a total disregard for the laws of this land.  It is apparent to Plaintiffs

that Defendants transfer of trustees and the recent filings that have brought about this Motion shows this disregard of the law.

It is these actions that have brought Plaintiffs to file a Motion for Sanctions against Defendants. These actions are a blatant disregard of the law and therefore warrant any and all sanctions that this Court deems necessary to prevent any future disregard of Plaintiffs' rights. These sanctions should be in a manner that gets the attention of a mortgage bank that shows a total disregard of all the law and feels they are above the law. They show nothing but contempt for the law in every respect in their handling of this and many other home mortgages. These sanctions should send a clear message that this will not be tolerated by the Courts of this land. If Defendants had any evidence of ownership of this mortgage, we would not be spending the American taxpayers money on this and hundreds of other lawsuits throughout this Country in regard to the handling of mortgages by Bank of America and their co-conspirators in the greatest fraud perpetrated on the American public. Therefore Plaintiffs request for sanctions should be approved.

CONCLUSION

The Defendants claim to have ownership of the debt and/or the right to enforce the Secured Deed of Trust and has given Plaintiffs notice of their intent to do so by their filings of public record to sell the family home to satisfy obligations. The Notice of Default/Election to Sell Under Deed of Trust states that ReconTrust Company, N.A. has received "such deed of trust and all documents evidencing obligations secured thereby." (see Motion - Exhibit C). This lawsuit has been in this Court for six months and during this time Defendants have not produced any shred of evidence in support of their claim as holder in due course of the original mortgage documents and any claim to rights to the subject property, which is the family home of Plaintiffs.

Plaintiffs are not responsible for the delays in the resolution of this case in Court yet have been furthered harmed by this illegal and total disregard of the law and the fact that this lawsuit is still pending with a Lis Pendens filed of public record on October 13, 2010. The Court should take notice that arrogance of these Defendants are in total defiance of the laws and

of the Constitution of this great country.  These Defendants should be dealt by the Court in a manner such as to discourage this type of blatant disregard of the laws of this land.

Defendants have acted with such contempt of the law in handling of mortgage documents that they feel that they are above the law.

Therefore, Plaintiffs ask this Court to immediately grant this Motion for Preliminary Injunction against Defendants, deny Defendants' Opposition to the Motion for Preliminary Injunction as they have failed to address the issues prompting the Motion and have instead chosen to argue the case itself thus circumventing the due process of law, and notify Defendants to cease and desist all further actions until this Court case is adjudicated.  It is Plaintiffs opinion that this illegal action by Defendants should warrant sanctions against them and their legal counsel and ask the Court for consideration of such sanctions or any other relief deemed necessary against Defendants and their legal counsel to send a clear message that arrogance and defiance on the part of Defendants will not be tolerated.

Dated this _19_th day of May, 2011.

Thomas F. West
Plaintiff
In Proper Person

Diana M. West
Plaintiff
In Proper Person

# Exhibit A



April 15, 2011

2011-0032653 /FNMA
THOMAS F WEST
5620 SCENIC POINTE AVE,
LAS VEGAS, NV 89130

Re: Loan Number: 23406067
   Letter ID: 73266
   Property Address: 5620 SCENIC POINTE AVENUE, LAS VEGAS, NV, 89130

Dear THOMAS F WEST:

Your account has recently been referred to our office to begin the foreclosure process.
However, there still may be some alternatives available to you. Due to the severity of this
situation, time is now of the essence.  If you are currently not working with your lender
or loan Servicer on any type of work out arrangement, it is imperative that you make
contact to discuss the options outlined below. You may do so by contacting the Home
Retention Department at 1-888-200-5872 and referencing letter ID 73266.

**Alternatives to Foreclosure**

*Modification* involves changing one or more terms of your mortgage in order to bring
your account current and prevent the loss of your home.  Different types of modifications
include extending the term of your mortgage or capitalization (adding delinquent interest
and other fees and costs to the outstanding loan amount).

*Assumption* is a method of transferring your property to a new buyer who agrees to
assume the responsibility for the ongoing payments of the existing mortgage.

*Preforeclosure Sale* is the sale of your property to a third party at market value. If the
value is less than the total due, your Servicer may agree to accept the sale proceeds to
satisfy some or the entire amount you owe.

*Deed in Lieu of Foreclosure* takes place when you voluntarily give the deed to the servicer to satisfy some or the entire amount you owe. This means you avoid a public foreclosure sale.

A Loss Mitigation Analyst can describe the available options and the requirements for each in greater detail.

In order for your Servicer to determine if you are eligible for any of the above options, they must review your financial situation. By providing this information, you will enable your Servicer to determine what alternative is best suited to you.

Sincerely,


ReconTrust Company


**Important Note: Contacting our office or the Servicer will not suspend your obligation to make your mortgage payments. We will continue all collection and foreclosure activity unless and until a workout plan has been completed.**

4/18/11 *Received* → *Revised (mailed)* 9:10 PM



April 15, 2011


2011-0032653 /FNMA
DIANA M WEST
5620 SCENIC POINTE AVE,
LAS VEGAS, NV 89130



Re: Loan Number: 23406067
    Letter ID: 73266
    Property Address: 5620 SCENIC POINTE AVENUE, LAS VEGAS, NV, 89130


Dear DIANA M WEST:

Your account has recently been referred to our office to begin the foreclosure process.
However, there still may be some alternatives available to you. Due to the severity of this
situation, time is now of the essence.  If you are currently not working with your lender
or loan Servicer on any type of work out arrangement, it is imperative that you make
contact to discuss the options outlined below. You may do so by contacting the Home
Retention Department at 1-888-200-5872 and referencing letter ID 73266.


**Alternatives to Foreclosure**

*Modification* involves changing one or more terms of your mortgage in order to bring
your account current and prevent the loss of your home.  Different types of modifications
include extending the term of your mortgage or capitalization (adding delinquent interest
and other fees and costs to the outstanding loan amount).

*Assumption* is a method of transferring your property to a new buyer who agrees to
assume the responsibility for the ongoing payments of the existing mortgage.

*Preforeclosure Sale* is the sale of your property to a third party at market value. If the
value is less than the total due, your Servicer may agree to accept the sale proceeds to
satisfy some or the entire amount you owe.

*Deed in Lieu of Foreclosure* takes place when you voluntarily give the deed to the servicer to satisfy some or the entire amount you owe.  This means you avoid a public foreclosure sale.

A Loss Mitigation Analyst can describe the available options and the requirements for each in greater detail.

In order for your Servicer to determine if you are eligible for any of the above options, they must review your financial situation. By providing this information, you will enable your Servicer to determine what alternative is best suited to you.

Sincerely,


ReconTrust Company


**Important Note: Contacting our office or the Servicer will not suspend your obligation to make your mortgage payments.  We will continue all collection and foreclosure activity unless and until a workout plan has been completed.**

**Exhibit B**

**Thomas F. and Diana M. West**

5620 Scenic Pointe Avenue
Las Vegas, NV 89130
(702) 656-3081

April 18, 2011

Ariel E. Stern
Christine Parvan
Akerman Senterfitt
400 South Fourth Street, Suite 450
Las Vegas, NV  89101

Re:    United States District Court, District of Nevada (Las Vegas)
       Case # 2:10-cv-01966-JCM-GWF
       Thomas F. West and Diana M. West, Plaintiffs vs.
       Bank of America Home Loans, Bank of America, N.A., BAC Home Loans
       Servicing LP, and MERS,  Defendants

Dear Mr. Stern and Ms. Parvan,

      We received today an unsigned threatening correspondence by US Mail from ReconTrust Company N.A., threatening foreclosure on the subject property involved in the above referred lawsuit. As you are well aware, this case is in discovery preparing for trial regarding proof of ownership of the mortgage and rights to the property secured by the same.  You might wish to inform your clients that if we receive any further correspondence regarding referrals of the mortgage loan account to another entity to begin a foreclosure process on the property, we will immediately file a Motion for an Injunction and Sanctions against your clients to prevent any further actions regarding this property until this matter is settled.  As Chief Justice Douglas of the Nevada Supreme Court stated two weeks ago, "the game is over".  The courts will now look at mortgage cases in a different light.

      As referenced above, any further threatening correspondence from BAC Home Loan Servicing LP, Bank of America N.A., Bank of America Home Loans, or MERS or any company they may have referred the mortgage account to will be dealt with swiftly and with all legal means at our disposal.

Dated:  April 18, 2011

                                Thomas F. West
                                Plaintiff
                                In Proper Person

                                Diana M. West
                                Plaintiff
                                In Proper Person

1

# Exhibit C

# NOTICE
# YOU ARE IN DANGER OF LOSING YOUR HOME!

Your home is being foreclosed.  In ***not less than*** 60 days your home will be sold and you
will be forced to move.  For help, call or write:

Consumer Credit Counseling          1-800-451-4505
2650 S. Jones Blvd
Las Vegas, Nevada 89146

The Attorney General               1-775-684-1100
100 North Carson Street
Carson City, Nevada 89701-4717

The Division of Financial Institutions   1-775-687-5522
P.O. Box 3239
Carson City, Nevada 89702

Legal Aid Center of Southern Nevada   1-702-386-1070
800 South Eighth Street
Las Vegas, Nevada 89101

BAC Home Loans Servicing, LP         1-800-669-6650
400 Countrywide Way
Simi Valley, California 93065

Nevada Fair Housing Center           1-702-731-6095
3380 W Sahara Ave #150
Las Vegas, Nevada 89102

04/18/2011

**RECORDING REQUESTED BY:**
**WHEN RECORDED MAIL TO:**
**RECONTRUST COMPANY**
**2380 Performance Dr, TX2-984-0407**
**Richardson, TX 75082**

TS No. 11-0032653
Title Order No. 110205146NVGTI
APN No. 125-25-414-006
Property Address:
5620 SCENIC POINTE AVENUE
LAS VEGAS, NV 89130

## NEVADA IMPORTANT NOTICE

## NOTICE OF DEFAULT/ELECTION TO SELL UNDER DEED OF TRUST

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, N.A., Trustee for the Beneficiary under a Deed of Trust dated 04/04/2003, executed by THOMAS F WEST AND DIANA M. WEST, HUSBAND AND WIFE AS JOINT TENANTS as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYTEMS, INC. as beneficiary recorded 04/10/2003, as Instrument No. 00974 (or Book 20030410, Page ) of Official Records in the Office of the County Recorder of Clark County, Nevada. Said obligation including ONE NOTE FOR THE ORIGINAL sum of $123,900.00. That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of :
FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 10/01/2010 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, TOGETHER WITH ALL LATE CHARGES; PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES. IN ADDITION, THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON 05/01/2033 AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.

That by reason thereof, the present beneficiary under such deed of trust has deposited with RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

## NOTICE

You may have the right to cure the default hereon and reinstate the one obligation secured by such Deed Of Trust above described. Section NRS 107.080 permits certain defaults to be cured upon the payment of the amounts required by that statutory section without requiring payment of that portion of principal and interest which would not be due had no default occured. Where reinstatement is possible, if the default is not cured within 35 days following recording and mailing of this Notice to Trustor or Trustor's successor in interest, the right of reinstatement will terminate and the property may there after be sold. The Trustor may have the right to bring court action to assert the non existence of a default or any other defense of Trustor to acceleration and sale.

To determine if reinstatement is possible and the amount, if any, to cure the default, contact: BAC Home Loans Servicing, LP, c/o RECONTRUST COMPANY, 2380 Performance Dr, TX2-984-0407, Richardson, TX 75082, PHONE: (800) 281-8219. Should you wish to discuss possible options for loan modification, you may contact the Home Retention Division at 1-800-669-6650. If you meet the requirements of Section NRS 107.085, you may request mediation in accordance with the enclosed Election/Waiver of Mediation Form and instructions. You may also contact the Nevada Fair Housing Center at 1-702-731-6095 or the Legal Aid Center at 1-702-386-1070 for assistance.

DATED:  April 15, 2011            RECONTRUST COMPANY, N.A.

                                  [notice copy of signed original]
                          BY:_____

State of: _____ )
County of: _____ )
On _____, before me _____, personally
appeared _____, _____, known to me (or
proved to me on the oath of _____ or through _____) to be
the person whose name is subscribed to the foregoing instrument and acknowledged to
me that he/she executed the same for the purposes and consideration therein expressed.

Witness my hand and official seal.
[notice copy of signed original]

## CERTIFICATE OF MAILING

I, Diana M. West, hereby certifies that a copy of Plaintiffs' Reply to Defendants Opposition to Motion for Preliminary Injunction and Request for Sanctions filed on the _19_ th day of May, 2011, in the above-entitled case was mailed by me on May _19_, 2011 by depositing copies thereof in a sealed envelope, first-class postage prepaid, in the United States mail, to

Ariel E. Stern, Esq.                     Christine M. Parvan, Esq.
Akerman Senterfitt LLP              Akerman Senterfitt LLP
400 South Fourth Street, Suite 450   400 South Fourth Street, Suite 450
Las Vegas, NV 89101                 Las Vegas, NV 89101

Bank of America, N.A.
Brian Maynihan, President, CEO
100 N. Tyron St.
Charlotte, NC 28263

Bank of America Home Loans
Barbara J. Desoer, President
1757 Tapo Canyon Road
Simi Valley, CA 93063

BAC Home Loans Servicing, LP
400 National Way
Simi Valley, CA 93065-6285

MERS - Mortgage Electronic Registration Systems
RK Arnold, President CEO
1818 Library Street, Suite 300
Reston, VA 20190

ReconTrust Company, N.A.
Laura Dalley, Authorized Signer
2380 Performance Dr.
TX2-984-0407
Richardson, TX 75082

Dated: May _19_, 2011

Diana M. West
Plaintiff
In Proper Person

13