Thomas F. West and Diana M. West
5620 Scenic Pointe Ave.
Las Vegas, Nevada 89130
Telephone (702 ) 656-3081
Plaintiffs in Proper Person

2011 JUN -9  A 10: 20

## UNITED STATES DISTRICT COURT
### District of Nevada

THOMAS F. WEST and DIANA M. WEST      )
                                      )
PLAINTIFFS                            )   Case No.: 2:10-cv-01966-JCM-GWF
                                      )
vs.                                   )
                                      )
BANK OF AMERICA, N.A. and             )
                                      )   MOTION TO COMPEL ANSWERS TO
BANK OF AMERICA HOME LOANS and        )   INTERROGATORIES ANDADMISSIONS
                                      )
BAC HOME LOANS SERVICING LP and       )
                                      )
MERS - Mortgage Electronic Registration )
                                      )
Systems and                           )
                                      )
Recontrust Company, N.A.              )

DEFENDANTS

---

COMES NOW, Plaintiffs, Thomas F. West and Diana M. West, in the above styled action, and moves the Court to issue an order pursuant to Fed. Rules of Civ. Proc. 37 compelling Defendants Bank of America, N.A., Bank of America Home Loans, BAC Home Loans Servicing LP and MERS - Mortgage Electronic Registration Systems as well as  Recontrust Company, N.A., joined in this Action by Defendants, to respond to the Interrogatories and Admissions served upon them pursuant to Fed. Rules of Civ. Proc. 33 and 36, as follows:

1.       On April 13, 2011, Plaintiffs served on Defendants their response to Defendants' Initial Disclosure and Written Discovery, which is attached to this Motion.

2.       On May 12, 2011, Plaintiffs served on Defendants 14 Interrogatories in writing pursuant to Rule 33 of the Federal Rules of Civil Procedure, which interrogatories are attached to this motion.

2.      On May 12, 2011, Plaintiffs served on Defendants 20 admissions in writing pursuant to Rule 36 of the Federal Rules of Civil Procedure, which admissions are attached to this motion.

3.      On June 8, 2011, Defendants noticed Plaintiffs that they are not required to respond to any of the written discovery requests, which correspondence is attached to this motion.

4.      On June 3, 2011, Defendants noticed Plaintiffs of the vacating of depositions of Plaintiffs scheduled for June 7, 2011, which notice is attached to this motion.

5.      The undersigned certifies that the undersigned has in good faith attempted to confer with the Defendants' attorney in an unsuccessful effort to secure the requested information without court action.

CONCLUSION

Defendants have not responded to the written requests served on April 13, 2011.  Due to this non response, Plaintiffs then served upon Defendants Interrogatories and Admissions, which Defendants now refuse to respond to based upon their contention that the requests were untimely.  Yet Defendants scheduled the Taking of Depositions of Plaintiffs for June 7, 2011, after the close of discovery.   It is imperative for the just adjudication of this case and preparation for trial that Defendants respond to these written requests, for which they have had ample time to do so.

Wherefore, Plaintiffs move that this court enter an order directing and requiring Defendants to answer all of the admissions and interrogatories under oath, and if necessary, extend the time of discovery to compel Defendants to answer the written requests.

Plaintiffs further move the court for an order awarding Plaintiffs the reasonable expenses incurred on this motion.

Dated   June 9, 2011

Thomas F. West
Plaintiff
In Proper Person

Diana M. West
Plaintiff
In Proper Person

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>PLAINTIFFS RESPONSE TO DEFENDANTS' INITIAL DISCLOSURE<br>AND WRITTEN DISCOVERY</u>

Thomas F. West and Diana M. West
5620 Scenic Pointe Ave.
Las Vegas, Nevada 89130
Telephone (702 ) 656-3081
Plaintiffs in Proper Person

UNITED STATES DISTRICT COURT
District of Nevada

| | |
|---|---|
| THOMAS F. WEST and DIANA M. WEST ) | |
| PLAINTIFFS ) | Case No.: 2:10-cv-01966-JCM-GWF |
| ) | |
| vs. ) | |
| ) | |
| BANK OF AMERICA, N.A. and ) | |
| BANK OF AMERICA HOME LOANS and ) | PLAINTIFFS' RESPONSE TO DEFENDANTS' INITIAL DISCLOSURE AND WRITTEN DISCOVERY |
| BAC HOME LOANS SERVICING LP and ) | |
| MERS - Mortgage Electronic Registration ) | |
| Services ) | |
| DEFENDANTS ) | |

_____

Thomas F. West and Diana M. West, Plaintiffs, in accordance with Fed. Rules of Civ. Proc. 26 and LR26-5 responds to Defendants' Bank of America, N.A., Bank of America Home Loans, BAC Home Loans Servicing LP and MERS - Mortgage Electronic Registration Services Initial Disclosure dated March 4, 2011 as follows:

<u>List of Witnesses</u>

1.     Person Most Knowledgeable for BAC Home Loans Servicing, LP

Plaintiffs request a complete disclosure, including background information, of the person identified as "most knowledgeable" to testify to the facts and circumstances surrounding claims as asserted in the Complaint.

2.     Person Most Knowledgeable for Bank f America, N.A.

1

1    Plaintiffs request a complete disclosure, including background information, of the person
2  identified as "most knowledgeable" to testify to the facts and circumstances surrounding claims
3  as asserted in the Complaint.
4  3.    Person Most Knowledgeable for MERS
5    Plaintiffs request a complete disclosure, including background information, of the person
6  identified as "most knowledgeable" to testify to the facts and circumstances surrounding claims
7  as asserted in the Complaint.

8                                   List of Documents

9    In regards to the disclosure of documents contained within the range of Bates Stamp
10 Numbers "DEFS-00001 through DEFS-000176", these documents fail to provide the audit as
11 requested in Plaintiffs' Amended Complaint.  Plaintiffs' request production of said audit to
12 identify the Noteholder "Holder in Due Course" of the ORIGINAL, unaltered mortgage
13 documents.

14    Additionally, Plaintiffs provide their comments regarding certain documents disclosed on
15 the attached list/log of said documents, Exhibit A, which includes but is not limited to:

16    1.    Defendants have failed to identify the location and identify the person who has
17 possession of the same; and

18    2.    None of the documents are authenticated.

19

20    Therefore, Plaintiffs request Defendants respond as required under Fed. Rules of
21 Civ. Proc. 26 and LR26-5.

22

23 Dated this 13th day of April, 2011.

24

25                                   Thomas F. West
                                     Plaintiff
26                                   In Proper Person

27

28                                   Diana M. West
                                     Plaintiff
                                     In Proper Person

1
2
3                               **EXHIBIT A**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
District of Nevada (Las Vegas)
Case #: 2:10-cv-01966-JCM-GWF
West etal vs. Bank of America etal

Plaintiffs' Response to Defendants Initial Disclosure of Discovery Documents

DEFS-00063 - this document is unsigned by the sender, Quicken Loans, Inc. and unconfirmed by Countrywide Home Loans, Inc.   However, it bears significant information to support the claims asserted in the Amended Complaint.  This document addressed to Countrywide Home Loans, Inc. states that "...which Mortgage Loans are pledged to Countrywide Warehouse Lending (Lender) as security for a loan to Quicken Loans, Inc., a Michigan Corporation, ("Quicken Loans"), and are being delivered to you for inspection and purchase.   Lender will release secured interest upon sale of the loan."

Plaintiffs request that Defendants provide evidence that the loan was or was not sold to Countrywide Home Loans, Inc.; that this transaction was consummated; that if sold, the Lender as identified in the Notice, Countrywide Warehouse Lending, released its secured interest upon sale of the loan; and identify the lender to prove who has ownership claims or any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.

DEFS-00064 through DEFS-00066 - this document is a mere copy and not authenticated as a true and exact copy of the original.

Plaintiffs object to this document as evidence in this case unless Defendants provide details of the location of the original wet ink signature note; identify who has possession of the original wet ink signature note; and produce the original or a certified, authenticated copy of the original to prove who has ownership claims or any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.

DEFS-00068 through DEFS-00083 - this document is a mere copy and not authenticated as a true and exact copy of the original.  Additionally, this is one of 4 Deeds of Trust produced into evidence by Defendants.

Plaintiffs object to this document as evidence in this case unless Defendants provide details of the location of the original; identify who has possession of the original; and produce the original or a certified, authenticated copy of the original to prove who has ownership claims or any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.

DEFS-00084 through 00099 - this document is another mere copy and not authenticated as a true and exact copy of the original.  Additionally, this is one of 4 Deeds of Trust produced into evidence.

Plaintiffs object to this document as evidence in this case unless Defendants provide details of the location of the original; identify who has possession of the original; and produce the original or a certified, authenticated copy of the original to prove who has ownership claims or any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.

DEFS-00100 through 00115 - this document is another mere copy and not authenticated as a true and exact copy of the original.  Additionally, this is one of 4 Deeds of Trust produced into evidence.

United States District Court
District of Nevada (Las Vegas)
Case #: 2:10-cv-01966-JCM-GWF
West etal vs. Bank of America etal

Plaintiffs' Response to Defendants Initial Disclosure of Discovery Document

Plaintiffs object to this document as evidence in this case unless Defendants provide details of the location of the original; identify who has possession of the original; and produce the original or a certified, authenticated copy of the original to prove who has ownership claims or any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.

DEFS-00128 through DEFS-00136 - this document is a mere copy and not authenticated as a true and exact copy of the original.

Plaintiffs request that Defendants provide details of the location of the original; identify who has possession of the original; and produce the original or a certified, authenticated copy of the original to prove who has ownership claims or any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.

DEFS-00137 through DEFS-00145 - Plaintiffs object to this document copy as it bears no relevancy to the Complaint and lawsuit against Defendants

DEFS-00148 through DEFS-00156 - Plaintiffs object to this document copy as it bears no relevancy to the Complaint and lawsuit against Defendants.

DEFS-00157 - this document is a mere copy and not authenticated as a true and exact copy of the original.

Plaintiffs request that Defendants provide details of the location of the original; identify who has possession of the original; and produce the original or a certified, authenticated copy of the original to prove who has ownership claims or any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.

DEFS-00158 - this document is a mere copy and not authenticated as a true and exact copy of the original.

Plaintiffs request that Defendants provide details of the location of the original; identify who has possession of the original; and produce the original or a certified, authenticated copy of the original to prove who has ownership claims or any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.

DEFS-00159 through 00174 - this document is another mere copy and not authenticated as a true and exact copy of the original. Additionally, this is one of 4 Deeds of Trust produced into evidence.

Plaintiffs object to this document as evidence in this case unless Defendants provide details of the location of the original; identify who has possession of the original; and produce the original or a certified, authenticated copy of the original to prove who has ownership claims or any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.

## CERTIFICATE OF MAILING

    I, Thomas F. West, hereby certifies that on the 13th day of April, 2011, and pursuant to

Fed R. Civ. P. 5(b), I served and deposited for mailing in the U.S. Mail PLAINTIFFS'

RESPONSE TO  DEFENDANTS' INITIAL DISCLOSURE AND WRITTEN DISCOVERY,

postage prepaid to:

> Christine M. Parvan
> Ariel E. Stern
> Akerman Senterfill LLP
> 400 South Fourth Street, Suite 450
> Las Vegas, NV 89101

Dated:  April 13, 2011

Thomas F. West
Plaintiff
In Proper Person

4

<u>PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS</u>

Thomas F. West and Diana M. West
5620 Scenic Pointe Ave.
Las Vegas, Nevada 89130
Telephone (702 ) 656-3081
Plaintiffs in Proper Person

UNITED STATES DISTRICT COURT
District of Nevada

THOMAS F. WEST and DIANA M. WEST )

PLAINTIFFS ) Case No.: 2:10-cv-01966-JCM-GWF

vs. )

BANK OF AMERICA, N.A. and )

BANK OF AMERICA HOME LOANS and ) PLAINTIFFS' FIRST SET OF
) INTERROGATORIES TO  DEFENDANTS

BAC HOME LOANS SERVICING LP and )

MERS - Mortgage Electronic Registration )

Systems and )
)

Recontrust Company, N.A.

DEFENDANTS

_____

COMES NOW, Plaintiffs, Thomas F. West and Diana M. West, in the above styled action, and

serves these Interrogatories in accordance with Fed. Rules of Civ. Proc. 33 upon Defendants Bank of

America, N.A., Bank of America Home Loans, BAC Home Loans Servicing LP and MERS - Mortgage

Electronic Registration Systems as well as  Recontrust Company, N.A., joined in this Action by

Defendants.

You are hereby notified to answer under oath the interrogatories numbered from 1 to 14,

inclusive, as shown below, within 30 days after service of the interrogatories in accordance with Rule 33

of the Federal Rules of Civil Procedure.  Plaintiffs request that the Defendants answer the following

interrogatories in writing and under oath pursuant to Rule 33 of the Federal Rules of Civil Procedure,

1

and that the answers be served on the Plaintiffs within 30 days after service of these interrogatories.

In answering these interrogatories, furnish all information, however obtained, including hearsay, that is available to you and information known by or in possession of yourself, your agents and your attorneys, or appearing in your records.

If you cannot answer the following interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information. If you cannot furnish exact information, such as dates, periods or amounts, supply estimated information to the extent possible and indicate that the information is estimated.

A question that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production.

If you object to furnishing any information requested by these interrogatories on the grounds of privilege, work product or other grounds, your response should state the existence of the information, document or communication, identify the specific grounds on which your objection is based and identify the information objected to by furnishing its date, participants (e.g., names of speakers or authors or addressees) and a general description of the nature, rather than the substance of the purportedly protected information. If the objected to information contains relevant non-objectionable matter, you should disclose it.

These interrogatories shall be deemed to be continuing until and during the course of trial. Information sought by these interrogatories that you obtain after you serve your answers must be disclosed to the Plaintiffs by supplementary answers. You are obligated to supplement your responses to these interrogatories no later than thirty days after the discovery of the new information and in no event later than fifteen days before the first day of trial.

DEFINITIONS

The following definitions apply to these interrogatories:

1.      Communication.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.      Document.      The term "document" is defined to be synonymous in meaning and equal in scope of the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

3.      Identify.

        a.      When used in reference to a natural person means:  that person's full name, present or last known business address, present or last known business telephone number, present or last known occupation, employer, and position and that person's occupation or position during the time relevant to the particular interrogatory.

        b.      When used in reference to an entity means:  its full and complete name, its type of entity (i.e., corporation, partnership, unincorporated association, trade name, etc.), the location of its principal place of business, its mailing address, and its telephone number.

        c.      When used in reference to a document means:  a description of the type of document, the identity of the person or persons who authored, prepared, signed, and received the document, the date, title, and general description of the subject matter of the document, present location or custodian of the original and each copy of the document, the identity of any persons who can identify the document, and if a privilege is claimed, the specific basis for such claim, in addition to the information set forth above.

        d.      The word "document" is used herein in its broader sense to mean every book, document or other tangible thing, including without limitation the following items, whether printed, typed, recorded, photographed, filmed or reproduced by any process, namely: agreements, communications, letters, memoranda, magnetic tapes, computer readable material, business records, notes, reports, photographs, and/or summaries of investigations, drawings, corporate records, desk calendars, appointment books, and any other information containing papers, writings or physical things.

3

4.      Parties.        The terms "plaintiffs" and "defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.      Person.        The term "person" is defined as any natural person or any business, legal, or governmental entity, or association.

6.      You or Your.   The words "you" or "your" mean the Defendants, its present and former members, officers, agents, employees, and all other persons acting or purporting to act on its behalf, including all present or former members, officers, agents, employees, and all other persons exercising or purporting to exercise discretion, making policy and making decisions.

You are requested to respond to the following Interrogatories:

1.      Identify the Witnesses with a complete disclosure, including background information, of the person identified as "most knowledgeable" to testify to the facts and circumstances surrounding claims as asserted in the Complaint.

2.      Defendant, BAC Home Loans Servicing LP, to produce authenticated copies of all agreements to support claims as "servicer of the note".

3.      Defendants to produce authenticated copies of any and all agreements between Defendants regarding Plaintiffs' indebtedness

4.      Defendants to produce authenticated copies of any and all agreements with any entities regarding Plaintiffs' original loan documents, including the Note and Deed of Trust.

5.      Defendants to identify location, possession and produce unaltered original loan documents, including but not limited to the Note and the Deed of Trust.

6.      Defendants to produce copies of all written correspondence received from Plaintiffs and identify location of same, including identity of the person who has possession of the documents and correspondence.

7.    Defendants to produce copies of all written correspondence sent to Plaintiffs regarding the indebtedness of Plaintiffs including the identity of the sender including name and position with the entity they represent.

8.    Defendants to identify Lender and produce copies of documentation to support this claim.

9.    Defendants to identify the Noteholder and produce copies of documentation to support this claim.

10.    Defendants to identify Investors and produce copies of the documentation to support this claim.

11.    Defendants to disclose the identity of the person or persons now owning the right to the LOUDER indebtedness and the Secured Deed of Trust of Plaintiffs' alleged mortgage.

12.    Defendants to provide a full accounting for the transfers of Plaintiffs' promissory note and the securitization of their promissory note.

13.    Defendants to produce copies of all correspondence, written and oral, from and between the Defendants and any other entities regarding the indebtedness of Plaintiffs.

14.    Defendants to provide details of the location of the original mortgage loan documents; identify who has possession of the original; and produce the original or a certified, authenticated copy of the original to prove who has ownership claims or any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.

Dated   May 12, 2011

Thomas F. West
Plaintiff
In Proper Person

Diana M. West
Plaintiff
In Proper Person

5

## CERTIFICATE OF MAILING

I, Diana M. West, hereby certifies that on the 12th day of May, 2011, and pursuant to Fed

R. Civ. P. 5(b), I served and deposited for mailing in the U.S. Mail PLAINTIFFS' FIRST SET

OF INTERROGATORIES TO DEFENDANTS, postage prepaid to:

> Christine M. Parvan
> Ariel E. Stern
> Akerman Senterfitt LLP
> 400 South Fourth Street, Suite 450
> Las Vegas, NV 89101

Dated:  May 12, 2011

Diana M. West
Plaintiff
In Proper Person

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**PLAINTIFFS' FIRST SET OF ADMISSIONS TO DEFENDANTS**</u>

Thomas F. West and Diana M. West
5620 Scenic Pointe Ave.
Las Vegas, Nevada 89130
Telephone (702 ) 656-3081
Plaintiffs in Proper Person

UNITED STATES DISTRICT COURT
District of Nevada

THOMAS F. WEST and DIANA M. WEST        )
                                                                      )
                    PLAINTIFFS                          )        Case No.: 2:10-cv-01966-JCM-GWF
                                                                      )
          vs.                                                     )
                                                                      )
BANK OF AMERICA, N.A. and                      )
                                                                      )        PLAINTIFFS' FIRST SET OF ADMISSIONS
BANK OF AMERICA HOME LOANS and      )        TO DEFENDANTS
                                                                      )
BAC HOME LOANS SERVICING LP and      )
                                                                      )
MERS - Mortgage Electronic Registration    )
                                                                      )
Systems and                                                 )
                                                                      )
Recontrust Company, N.A.

                    DEFENDANTS

_____

          COMES NOW, Plaintiffs, Thomas F. West and Diana M. West, in the above styled action, and

serves these Admissions in accordance with Fed. Rules of Civ. Proc. 36 upon Defendants Bank of

America, N.A., Bank of America Home Loans, BAC Home Loans Servicing LP and MERS - Mortgage

Electronic Registration Systems as well as  Recontrust Company, N.A., joined in this Action by

Defendants.

          Plaintiffs request Defendants within 30 days after service of this request make the following

Admissions for the purposes of this action only and subject to all pertinent objections to admissibility

which may be interposed at trial.

Defendants shall respond with the truth of any matters within the scope of Rule 26(b)(1) relating to: (a) facts, the application of law to fact, or opinions about either; and (b) the genuineness of any described documents.

A matter is admitted unless, within 30 days after being served, the answering party shall serve on the Plaintiffs their written answer or objection addressed to the matter and signed by the Defendants or their attorney.

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

If a matter is objected to, the grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

These Admissions shall be deemed to be continuing until and during the course of trial. Information sought by these Admissions that you obtain after you serve your answers must be disclosed to the Plaintiffs by supplementary answers. You are obligated to supplement your responses to these Admissions no later than thirty days after the discovery of the new information and in no event later than fifteen days before the first day of trial.

Each of the following statements is true:

1.      Defendants admit that they are not in possession of original blue ink signature documentation securing Plaintiffs' indebtedness.

2.      Defendants admit that they are not in possession of original blue ink signature documentation showing ownership of the original deed of trust and other pertinent loan documents.

3.      Defendants admit that they have used fraudulent means in the transfer of documentation regarding the alleged loans.

4.    Defendants admit that they have fraudulently and with intent to create an untraceable paper trail regarding the alleged mortgage transferred the original documentation to unknown Noteholders.

5.    Defendants admit that they were one of the creators of the securitization process.

6.    Defendants admit that they have used fraudulent signatures on documents regarding the transfer of the alleged mortgages.

7.    Defendants admit that they have erroneously filed documents in the Clark County Recorder's Office regarding the transfer of trustees with the intent to defraud Plaintiff.

8.    Defendants admit to fraud in the inducement regarding the fraudulent transfer from one entity to another regarding this alleged mortgage.

9.    Defendants admit that the mortgage loan was securitized and that they do not now have any claim as holder in due course as they have been paid in full from the debt pool.

10.    Defendants admit that they ignored repeated attempts by Plaintiff to tender payment in full of alleged mortgage thereby admitting they are not the Holders in Due Course of the Original Mortgage Documents.

11.    Defendants admit that they ignored repeated attempts by Plaintiff to tender payment in full of alleged mortgage thereby violating UCC3-603.

12.    Defendants admit that they did not fully respond to Plaintiffs' Qualified Written Request and TILA request as required by law and thus admitted that their silence is attributed to fraud.

13.    Defendants admit that they do not know even know who the Noteholder is nor in which country the Noteholder resides.

14.    Defendants admit that due to the deregulation act of 1984, that this bank as well as others embarked on a vile scheme to defraud and manipulate the mortgage industry as well as the banking industry and devastate Wall Street financial institutions in the process.

15.    Defendants admit that Plaintiffs transfer of Power of Attorney and Trustee is valid according to the law and due to their non response and silence to that notice admits that they have no right under the law to transfer to any subsidiary company or unknown party the alleged collection of Plaintiffs' alleged mortgage loan.

3

16.     Defendants admit that accordingly to law Defendants have no legal right to transfer any documentation regarding Plaintiffs' alleged mortgage loan to unknown parties for Default and Election to Sell.

17.     Defendants admit that although they refer to Investors involved in Plaintiffs alleged mortgage loan they do not know who these investors are nor in which country they reside.

18.     Defendants admit that they do not have proof of any claims on Plaintiffs alleged mortgage loan.

19.     Defendants, Bank of America, N.A., Bank of America Home Loans, and BAC Home Loans Servicing, LP, through their parent corporation and of themselves admit that they acquired Countrywide Home Loans and all of its subsidiaries.

20.     Defendants, Bank of America Home Loans and BAC Home Loans Servicing, LP, admit that they were formerly known as Countrywide Home Loans and its subsidiaries as evidenced by documents recorded in the Clark County Recorder's office.

Dated   May 12, 2011

Thomas F. West
Plaintiff
In Proper Person


Diana M. West
Plaintiff
In Proper Person

4

## CERTIFICATE OF MAILING

I, Diana M. West, hereby certifies that on the 12th day of May, 2011, and pursuant to Fed

R. Civ. P. 5(b), I served and deposited for mailing in the U.S. Mail PLAINTIFFS' FIRST SET

OF ADMISSIONS TO DEFENDANTS, postage prepaid to:

> Christine M. Parvan
> Ariel E. Stern
> Akerman Senterfitt LLP
> 400 South Fourth Street, Suite 450
> Las Vegas, NV 89101

Dated:  May 12, 2011

Diana M. West
Plaintiff
In Proper Person

<u>NOTICE OF VACATING DEPOSITIONS OF PLAINTIFFS</u>

*Rec'd 6/6/11*

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
Telephone:     (702) 634-5000
Facsimile:     (702) 380-8572
Email: ariel.stern@akerman.com
Email: christine.parvan@akerman.com

*Attorneys for Defendant*
*BAC Home Loans Servicing, LP (as named*
*and also improperly named as Bank of*
*America Home Loans),*
*Bank of America, N.A. and MERS*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS F. WEST and DIANA M. WEST, | Case No.: 2:10-cv-01966-JCM-PAL |
| Plaintiffs, | |
| vs. | **NOTICE OF VACATING DEPOSITIONS OF PLAINTIFFS** |
| BANK OF AMERICA HOME LOANS; BANK OF AMERICA N.A.; BAC HOME LOANS SERVICING, LP; and MERS (Mortgage Electronic Registration Systems), | |
| Defendants. | |

PLEASE TAKE NOTICE that Defendants BAC Home Loans Servicing, LP (as named and also improperly named as Bank of America Home Loans) ("BAC"), Bank of America N.A., and MERS ("Defendants"), hereby vacate the depositions of Plaintiff THOMAS F. WEST and DIANA M. WEST previously scheduled for June 7, 2011.

Dated this 3rd day of June, 2011.

AKERMAN SENTERFITT LLP

*[signature]*

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
*Attorneys for Defendant*

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{LV034198;1}                                    1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 3rd day of June, 2011 and pursuant to Fed. R. Civ. P. 5(b), I served and deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **NOTICE OF VACATING DEPOSITIONS OF PLAINTIFFS**, postage prepaid (if necessary) to all parties listed as follows:

THOMAS F. WEST
DIANA M. WEST
5620 Scenic Pointe Avenue
Las Vegas, Nevada  89130

*Pro Se Plaintiffs*

An employee of AKERMAN SENTERFITT LLP

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

DEFENDANTS RESPONSE TO PLAINTIFFS' WRITTEN DISCOVERY REQUESTS

## Tom West

| | |
|---|---|
| **From:** | christine.parvan@akerman.com |
| **Sent:** | Wednesday, June 08, 2011 1:55 PM |
| **To:** | tomanddianawest@cox.net |
| **Cc:** | Stacy.Warner@akerman.com |
| **Subject:** | West v. BAC, et al; Case No.: 2:10-cv-01966-JCM-GWF |

Dear Mr. and Mrs. West:

We are in receipt of your written discovery requests to my clients, including interrogatories and requests for admission, dated May 12, 2011, which my office received on May 13, 2011. Pursuant to the discovery scheduling order in this case, the discovery cut-off date was May 15, 2011 [Dkt. 30]. Pursuant to Rules 33 and 36 of the Nevada Rules of Civil Procedure, a party is entitled thirty (30) days to respond to interrogatories, and requests for admission, respectively.

As we received your written discovery requests just two days prior to the close of discovery, your requests are untimely, and do not give my client sufficient time to respond. This correspondence serves as notification that, under the above-cited rules, my client is not required to respond to any of your written discovery requests.

**Christine Parvan**
Akerman Senterfitt LLP | 400 South Fourth Street | Suite 450 | Las Vegas, NV 89101
Dir: 702.634.5015 | Main: 702.634.5000 | Fax: 702.380.8572
christine.parvan@akerman.com

V Card | Bio | akerman.com



**Akerman Senterfitt • Akerman Senterfitt LLP • Attorneys at Law**
BOCA RATON   DALLAS   DENVER   FORT LAUDERDALE   JACKSONVILLE   LAS VEGAS   LOS ANGELES   MADISON   MIAMI   NAPLES
NEW YORK   ORLANDO   PALM BEACH   TALLAHASSEE   TAMPA   TYSONS CORNER   WASHINGTON, D.C.   WEST PALM BEACH
akerman.com

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

## CERTIFICATE OF MAILING

I, Diana M. West, hereby certifies that a copy of the Motion to Compel Answers to Interrogatories and Admissions filed on the *9th* day of June, 2011, in the above-entitled case was mailed by me on June *9*, 2011 by depositing copies thereof in a sealed envelope, first-class postage prepaid, in the United States mail, to

Christine M. Parvan
Ariel E. Stern, Esq.
Akerman Senterfitt LLP
400 South Fourth Street, Suite 450
Las Vegas, NV 89101

Bank of America, N.A.
Brian Maynihan, President, CEO
100 N. Tyron St.
Charlotte, NC 28263

Bank of America Home Loans
Barbara J. Desoer, President
1757 Tapo Canyon Road
Simi Valley, CA 93063

BAC Home Loans Servicing, LP
400 National Way
Simi Valley, CA 93065-6285

MERS - Mortgage Electronic Registration Systems
RK Arnold, President CEO
1818 Library Street, Suite 300
Reston, VA 20190

ReconTrust Company, N.A.
Laura Dalley, Authorized Signer
2380 Performance Dr.
TX2-984-0407
Richardson, TX 75082

Dated: June 9, 2011

Diana M. West
Plaintiff
In Proper Person

8