1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| THOMAS F. WEST and DIANA M. WEST, | 2:10-CV-1966 JCM (GWF) |
| --- | --- |
| Plaintiffs, | |
| v. | |
| BANK OF AMERCA, N.A., et al., | |
| Defendants. | |

**ORDER**

Presently before the court is defendants Bank of America Loans Servicing, LP, Bank of America Home Loans, Bank of America NA, and Mortgage Electronic Registration Systems' motion to dismiss. (Doc. #4). Plaintiffs Thomas F. West and Diana M. West filed a *pro se* opposition and request for dismissal of motion. (Doc. #11).

Also before the court is defendants' motion to dismiss plaintiffs' amended complaint. (Doc. #14). Plaintiffs filed an opposition and a request for dismissal of defendants' motion (doc. #18 and #19), and defendants filed a reply (doc. #20). Plaintiffs filed an opposition to defendants' reply and a request for dismissal of defendants' motion to dismiss amended complaint. (Doc. #21). Defendants filed a motion to strike the opposition (doc. #21) pursuant to Local Rule 7-2. (Doc. #24). Plaintiffs filed an opposition (doc. #25), and defendants filed a reply (doc. #28).

Also before the court is plaintiffs' motion for summary judgment. (Doc. #17). Defendants filed an opposition (doc. #22), and plaintiffs filed a reply (doc. #26). Plaintiffs filed a preliminary

**James C. Mahan**
**U.S. District Judge**

1  injunction on April 25, 2011 (doc. #32), defendants filed an opposition (doc. #36), and plaintiffs

2  filed a reply (doc. #38).

3  **Relevant Facts/Procedural History**

4        Plaintiffs filed their complaint (doc. #1-1) on October 13, 2010, against defendants for

5  allegedly inducing them to enter into their loan and/or failing to properly explain their rights under

6  the loan. After removing the action to this court (doc. #1), defendants filed their motion to dismiss

7  (doc. #4) on November 16, 2010. Plaintiff filed an amended complaint (doc. #8) on November 22,

8  2010, and an opposition to the motion on December 1, 2010 (doc. #11). Additionally, plaintiff filed

9  a response (doc. #12) to the Klingele minute order (doc. #5), alleging that they were never served

10 with or given notice of the motion to dismiss (doc. #4). Subsequently, defendants filed a new motion

11 to dismiss (doc. #14) and properly served the plaintiffs.

12       Plaintiffs' amended complaint (doc. #8) contends that they borrowed $123,900.00 from

13 Quicken Loans Inc. on April 4, 2003, to purchase the property located at 5620 Scenic Pointe Avenue,

14 Las Vegas, Nevada 89130. The loan was then secured by a deed of trust on the property, wherein

15 Mortgage Electronic Registration Systems acted as the nominee and the nominal beneficiary for

16 Quicken. (Doc. #14). Orange Coast Title Company was named as the trustee, and BAC Home Loans

17 Servicing services the loan. *Id.* Plaintiffs are not current on their loan payments. As of the date of

18 the motion to dismiss (doc. #14), it has not been foreclosed upon.

19       The amended complaint (doc. #8) asserts claims for relief for (1) securitization of the loans,

20 (2) fraud in the inducement, (3) violations of the Truth In Lending Act, (4) failure to settle the loan

21 and/or accept alleged tender of payment for the loan, (5) breach of fiduciary duty, (6) failure to

22 produce the "original, unaltered, (wet ink signature)" promissory note, and (7) counterfeit securities.

23 **Motion To Dismiss (doc. #14)**

24       Defendants contend that the amended complaint (doc. #8) should be dismissed because

25 plaintiffs' claims either improperly lump all defendants together, are barred by the statute of

26 limitations, are meritless, or fail to state a claim upon which relief can be granted.

27       Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint fails

28

**James C. Mahan**
**U.S. District Judge**

1   to state a claim upon which relief can be granted. Dismissal may be based on the lack of a cognizable

2   legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Navarro*

3   *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

4   (9th Cir. 1988). In order for the plaintiffs to survive a 12(b)(6) motion, they must "provide the

5   grounds for [] entitlement to relief [which] requires more than labels and conclusions. *Twombly,* 550

6   U.S. 544, 547. Further, rule 8 prohibits lumping all defendants together in a complaint without

7   distinguishing between them or specifying which defendant is targeted by which allegation. Fed. R.

8   Civ. P. 8; *See e.g. Gen-Probe, Inc. v. Amoco Corp.,* 926 F. Supp. 948, 960 (S.D. Cal. 1996); *Gauvin*

9   *v. Trombatore,* 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping defendants together fails to

10  satisfy rule 8 notice provisions.)

11         As a preliminary matter, it is not clear from the amended complaint (doc. #8) which

12  defendant is to have allegedly done which actions. Plaintiffs merely state that *defendants* committed

13  the alleged wrongful actions, but fail to distinguish between the defendants and their actions.

14  Dismissal is proper on these grounds. However, the court is inclined to address the additional

15  grounds for dismissal which cannot be cured by amending the pleading. *Id.*

16         **A.    Claim One - Securitization Of The Loan**

17         In the plaintiffs' first claim, they assert that the "bank loaned money to [plaintiffs] to buy [the

18  property], but later was paid in full when it sold the loan involved to others." (Doc. #8). Further, they

19  contend that the "original promissory note was illegal[ly] converted (from a note to a draft and

20  security) and sold by [the defendants]... to other buyers of notes an undisclosed number of times, at

21  a discount." *Id.* This claim is based on a theory that securitization of a loan somehow diminishes the

22  underlying power of sale that can be exercised upon a trustor's breach.      This theory has been

23  rejected as "unsupported and incorrect." *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F.Supp.2d

24  1039, 1043 (N.D.Cal. 2009); *Benham v. Aurora Loan Services LLC*, No. C-09-2059 SC, 2009 WL

25  2880232, at *3 (N.D.Cal. Sept. 1, 2009) (same); *see also Ritter v. Countrywide Home Loans, Inc.*,

26  No. 2:10-cv-624, 2010 WL 2342535, at *1-2 (D.Nev. June 4, 2010) (argument that plaintiffs did not

27  know owner of loan due to securitization did not entitle plaintiffs to a temporary restraining order).

28

**James C. Mahan**
**U.S. District Judge**

1    Therefore, plaintiffs' first claim involving the securitization of the loan must fail. *Id.*

2       **B.    Claim Two - Fraud In The Inducement**

3            Plaintiffs appear to be claiming that defendants wrongfully induced them to enter into an

4    agreement for the loan. Plaintiffs do not allege facts stating that any defendant owed them a duty to

5    make disclosures about risks relating to the loan, since such allegations would be impossible against

6    defendants, such as these, as they were not involved in the origination of the loan. Even if the

7    defendants were involved in the origination of the loan in some manner, the claim fails because it

8    does not meet the requisite pleading standard under rule 9(b). Fed. R. Civ. P. 9(b). Under this rule,

9    a plaintiff must "specify the misrepresentations [and] explain in what way they were false." *Arroyo*

10   *v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

11           Here, plaintiffs do not provide the court with any detail as to the "time, place, and specific

12   content of the false representations," and only make a generic allegation that the defendants acted

13   fraudulently. *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th

14   Cir. 1986). Therefore, dismissal is proper. *Id.* Furthermore, any amendment could not save this

15   claim, because, as it relates to actions in 2003, it is barred by the three-year statute of limitations. *See*

16   N.R.S. § 11.190(3)(d).

17      **C.    Claim Three - Violations of the Truth In Lending Act**

18           Under the Truth In Lending Act, creditors are required to disclose to borrowers the terms and

19   conditions of the loans, such as the amount financed, the finance charges, the number of payments

20   scheduled to repay the loan, as well as the borrower's right to rescind the loan. 15 U.S.C. §§ 1635(a)

21   & 1638(a); *Castrillo v. American Home Mortgage Servicing, Inc.*, 670 F.Supp.2d 516, 527 (E.D.La.

22   2009). Here, plaintiffs assert two claims under this act; (1) a rescission claim based on the allegation

23   that defendants "failed to provide an opportunity to cancel" the loan, and (2) a damages claim based

24   on the violations. (Doc. #8).

25           As none of the defendants are the lender, the plaintiffs cannot claim that they acted or failed

26   to act in any manner to violated the Truth In Lending Act. Additionally, since the loan was originated

27   in 2003, any claim under the Truth In Lending Act is barred by the one-year statute of limitations for

28

**James C. Mahan**
**U.S. District Judge**

1   damages and the three-year statute of limitations for rescission claims.  *See* 15 U.S.C. § 1640(e)

2   ("any action under this section may be brought in any United States district court ... within one year

3   from the date of the occurrence of the violation"); *See* 15 U.S.C. § 1635(f) (The right of rescission

4   pursuant to the Truth In Lending Act "shall expire three years after the date of consummation of the

5   transaction or upon the sale of the property, whichever occurs first ..."). Therefore, claim three is

6   dismissed.

7                    **D.      Claim Four- Failure to Accept Tender/Settle Loan**

8           The  fourth claim relates to plaintiff's demands on defendants to provide certain documents.

9   According to the defendants, they informed the plaintiffs of the amount due to bring the loan current,

10  and plaintiffs responded by sending a cover letter with documents purporting to pay off their loan

11  on June 28, 2010. (Doc. #14). In the letter, plaintiffs asserted that defendants were required to

12  produce the "wet ink signature note" and that failure to do so would result in the release of

13  defendants' claim to the amount owed on the loan. (Doc. #14). Further, the plaintiffs contended in

14  a follow-up letter that "legal tender fund in the amount of $111,278.23 [will be] paid to

15  LENDER/AGENTS upon production of the original (wet ink signature) promissory note held by

16  [defendants] as collateral." *Id.*

17          Contrary to plaintiffs' demands for a verification of a debt, the "debt collector [need only]

18  confirm in writing the amount being demanded is what the creditor is claiming is owed." *Clark v.*

19  *Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006) (quoting *Chaudhry v.*

20  *Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)). This requirement was clearly met by the defendants.

21  However, the plaintiffs' purported "pay-off," without any evidence of actual payment, does not

22  constitute a satisfaction of the loan nor support their fourth claim. *See Dinsmore-Thomas v.*

23  *Ameriprise Financial, Inc.*, 2009 WL 2431917, 6 (C.D.Cal.) (C.D.Cal., 2009) (Court held that it

24  "[could] not see how or why [d]efendant should have relied on [p]laintiff's bare assertion" that a

25  purported money order made payable to the IRS and submitted to the servicer, constituted a full

26  payoff of her loan). Therefore, this claim fails.

27

28

**James C. Mahan**
**U.S. District Judge**                                    - 5 -

1    **E.     Claim Five - Breach Of Fiduciary Duty**

2         Plaintiffs contend that defendants "accepted" an appointment as fiduciary in their June 28,

3    2010, letter by asserting that the defendants "agree to be appointed fiduciaries with the mandatory

4    duty to settle the claim upon my tender of payment to the escrow agent..." (Doc. #14). However,

5    plaintiffs imposition of this duty, unilaterally, does not create a duty where none exists.      It is well

6    settled that "a financial institution does not owe a duty of care to a borrower when the lender's

7    involvement in the loan transaction does not exceed the scope of its conventional role as lender of

8    money." *Velasquez v. HSBC Mortg. Serv.*, 2009 WL 2338852, *5 (D. Nev. July 24, 2009).

9    Additionally, "the lender is under no duty to ensure the success of the borrower's investment." *Id.*

10   Finally, "courts have repeatedly held that a lender owes no fiduciary duty to a borrower absent

11   exceptional circumstances, such as when a special relationship exists between the two parties."

12   *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1234 (D. Nev. 2004).

13        Absent any showing of "exceptional circumstances" or a "special relationship," the court is

14   inclined to dismiss plaintiff's fifth claim. *Id.*

15   **F.     Claim Six - Failure to Produce Note**

16        In the amended complaint (doc. #8), the plaintiffs assert that defendants have no claim to the

17   payments on the loan because they have failed to produce the original note. However, this claim fails

18   because there is no such duty imposed on the defendants and such production is not necessary to

19   enforce the terms of the loan. *See Dinsmore-Thomas v. Ameriprise Financial, Inc.*, 2009 WL

20   2431917, 6, 4 (C.D.Cal., 2009); *See Joyner v. Bank of Am. Home Loans*, No. 2:09-cv-2406-RCJ-RJJ,

21   at 8 (D.Nev. July 26, 2009); *Aguilar v. WMC Mortgage Corp.*, 2:09-cv-1416-ECR-PAL, 2010 WL

22   185951, at *2 (D.Nev. Jan. 15, 2010). Thus, dismissal of claim six is proper.

23   **G.     Claim Seven - Counterfeit Securities**

24        Plaintiffs allege in their seventh claim that the loan is a "[c]ounterfeit [s]ecurity in that

25   [d]efendants deceived and defrauded" plaintiffs in violation of 18 U.S.C. § 513. However, this

26   statute is a federal criminal statute and does not provide for a private right of action. *Florence v.*

27   *Buchmeyer,* 500 F.Supp.2d 618, 635 (N.D.Tex. 2007) ("a private party may not enforce criminal

28

**James C. Mahan**
**U.S. District Judge**

1    statutes through a civil action."). Therefore, the seventh claim is dismissed.

2    **Motion To Strike (doc. #24)**

3         In defendants' motion to strike (doc. #24), they ask this court to strike the plaintiffs'

4    supplemental opposition to defendants' reply in support of their motion to dismiss (doc. #21). After

5    the defendants' motion to dismiss (doc. #14) was fully briefed, the plaintiffs filed a supplemental

6    opposition (doc. #21) without leave of the court. Not only was this pleading improperly filed without

7    leave, but it also fails to provide the court with any newly discovered facts or law that would warrant

8    filing a supplement.

9         Defendants assert, and this court agrees, that striking the opposition (doc. #21) is appropriate

10   under Local Rule 7-2. The court will not consider this supplemental opposition, and it will be

11   stricken accordingly.

12   **Motion for Summary Judgment/Preliminary Injunction and Sanctions (doc. #17, #32 and #33)**

13        Plaintiffs claim that summary judgment is appropriate in their favor because "[d]efendants

14   are not in standing with the [c]ourt" and "cannot show ownership of the alleged [m]ortgage [l]oan."

15   (Doc. #17). Further, they contend that a preliminary injunction should be granted "to prevent

16   threatened wrong, further injury, and irreparable harm or injustice until such time as the rights of the

17   parties can be ultimately settled," and that sanctions are appropriate. (Doc. #32).

18        In light of the court above ruling dismissing the complaint (doc. #14), the present motions

19   for summary judgment, preliminary injunction, and sanctions are moot.

20   **Motion To Amend/Correct to Join Defendant (doc. #34)**

21        On April 25, 2011, plaintiffs filed the present motion (doc. #34) asking the court to allow

22   them to "join" Recon Trust Company as a defendant in the case. They assert that this is necessary

23   because Recon "now claims possession of the deed of trust and all documents evidencing obligations

24   secured thereby," as it filed a default and election to sell real property which is the subject of the

25   complaint. (Doc. #34).

26        Any motion for leave to amend was to be filed by February 15, 2011. Further, the plaintiffs

27   failed to attach a copy of their proposed amended complaint pursuant to Local Rule 15-1. Therefore,

28

**James C. Mahan**
**U.S. District Judge**

1   this untimely and improper request to amend the complaint is denied.

2          Accordingly,

3          IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants Bank of

4   America Loans Servicing, LP, Bank of America Home Loans, Bank of America NA, and Mortgage

5   Electronic Registration Systems' motion to dismiss (doc. #4) be, and the same hereby is DENIED

6   as moot.

7          IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' amended

8   complaint (doc. #14) be, and the same hereby is, GRANTED. Plaintiff's amended complaint (doc.

9   #8) is hereby DISMISSED without prejudice.

10          IT IS FURTHER ORDERED that defendants' motion to strike (doc. #24) plaintiffs'

11   supplemental opposition (doc. #21) be, and the same hereby is GRANTED. Plaintiffs' opposition

12   (doc. #21) is hereby STRICKEN.

13          IT IS FURTHER ORDERED that plaintiffs' motions for summary judgment (doc. #17),

14   preliminary injunction (doc. #32) and sanctions (doc. #33), be and the same hereby are, DENIED

15   as moot.

16          IT IS FURTHER ORDERED that plaintiffs' motion to amend (doc. #34) be, and the same

17   hereby is, DENIED.

18          DATED June 22, 2011.

19

20   _____

     **UNITED STATES DISTRICT JUDGE**

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**                                  - 8 -